### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

----------------------------------------------------------- x

In re                                                  :     **Chapter 11**
                                                       :
**INSYS THERAPEUTICS, INC.,** *et al.*,                :     **Case No. 19-11292 (KG)**
                                                       :
                                                       :     **Jointly Administered**
        **Debtors.**[1]                                :
----------------------------------------------------------- x     Re: D.I. 32

### ORDER (A) APPROVING BIDDING PROCEDURES FOR SALE OF DEBTORS' ASSETS, (B) SCHEDULING AUCTION FOR AND HEARING TO APPROVE SALE OF DEBTORS' ASSETS, (C) APPROVING FORM AND MANNER OF NOTICE OF SALE, AUCTION, AND SALE HEARING, (D) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES, AND (E) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**"),[2] dated June 10, 2019, of Insys Therapeutics,

Inc. and its above-captioned debtor affiliates, as debtors and debtors in possession (collectively,

the "**Debtors**"), for entry of an order pursuant to sections 105(a), 363, and 365 of title 11 of the

United States Code (the "**Bankruptcy Code**"), Rules 2002, 6004, 6006, 9007, 9008, and 9014 of

the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2002-1, 6004-

1, and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "**Local Rules**") (a) authorizing and approving

bidding procedures (as modified or otherwise supplemented, the "**Bidding Procedures**"),

substantially in the form attached hereto as **Exhibit 1**, in connection with the sale (each, a "**Sale**

**Transaction**") of the Debtors' assets related to each of (i) Subsys, (ii) SYNDROS® ("**Syndros**")

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659); Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT 355, LLC (0155).  The Debtors' mailing address is 410 S. Benson Lane, Chandler, Arizona 85224.

[2] All capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

and other assets related to Cannabidiol Oral Solution, a synthetic cannabidiol ("**CBD**"), (iii) the

Debtors' epinephrine nasal spray product candidate ("**Epinephrine**"), (iv) the Debtors' naloxone

nasal spray product candidate ("**Naloxone**"), (v) the debtors' buprenorphine sublingual spray

("**Buprenorphine,**" and collectively with assets related to Subsys, Syndros, CBD, Epinephrine,

and Naloxone, the "**Assets**"), each as described in the Bidding Procedures; (b) scheduling an

auction of the Assets (the "**Auction**") and a hearing for the approval of the proposed Sale

Transaction(s) (the "**Sale Hearing**"); (c) authorizing and approving the form and manner of (i)

notice of the sale of the Assets, Auction, and Sale Hearing, substantially in the form attached

hereto as **Exhibit 2** (the "**Sale Notice**"); and (ii) notice to each non-Debtor counterparty (each, a

"**Counterparty**" and collectively the "**Counterparties**") to a relevant executory contract or

unexpired non-residential real property lease of the Debtors (collectively, the "**Contracts** and

**Leases**") regarding the Debtors' potential assumption and assignment of Contracts and Leases

and the Debtors' calculation of the amount necessary to cure any monetary defaults under such

Contracts and Leases (the "**Cure Costs**"), substantially in the form attached hereto as **Exhibit 3**

(the "**Assumption and Assignment Notice**"); (d) authorizing and approving procedures for the

assumption and assignment of Contracts and Leases (the "**Assumption and Assignment**

**Procedures**"); and (e) granting related relief, all as more fully set forth in the Motion; and the

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States*

*District Court for the District of Delaware* dated February 29, 2012; and consideration of the

Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been given as provided in the Motion, and such notice having

been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing (the "**Hearing**") to consider the relief requested in the Motion as to the Bidding Procedures and relief granted by this Order; and upon the Yearley Declaration and the Long Declaration and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and the Debtors having demonstrated good, sufficient, and sound business justification for the relief approved herein; and upon the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY FOUND AND DETERMINED THAT:

A.     The Bidding Procedures are fair, reasonable, and appropriate, and are designed to maximize the value of the proceeds of the sale of the Assets.

B.     The Bidding Procedures comply with the requirements of Local Rule 6004-1(c).

C.     The Assumption and Assignment Procedures are fair, reasonable, and appropriate, and comply with the provisions of section 365 of the Bankruptcy Code and Bankruptcy Rule 6006.

D.     The Debtors have articulated good and sufficient business reasons for the Court to approve (i) the Bidding Procedures, (ii) the Sale Notice, (iii) the Assumption and Assignment Notice, and (iv) the Assumption and Assignment Procedures.

WEIL:\97096332\2\53602.0004

E.      Good and sufficient notice of the relief sought in the Motion has been provided under the circumstances, and no other or further notice is required, except as set forth in the Bidding Procedures and Assumption and Assignment Procedures.  A reasonable opportunity to object and be heard regarding the relief granted herein has been afforded to all parties in interest, including those persons and entities entitled to notice pursuant to Bankruptcy Rule 2002.

F.      The Assumption and Assignment Procedures, Sale Notice, and Assumption and Assignment Notice are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Sale Transaction(s), the Auction, the Sale Hearing, the Bidding Procedures, the proposed Cure Costs, the potential assumption and assignment of Contracts and Leases, and all relevant important dates and deadlines with respect to the foregoing, and no other or further notice of the sale of the Assets or the assumption and assignment of Contracts and Leases in connection therewith shall be required.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is granted as provided herein.

2.      All objections to the relief granted herein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits with prejudice.

3.      The Bidding Procedures are hereby approved in their entirety, are incorporated herein by reference, and shall govern the bids and proceedings related to the sale of the Assets and the Auction.  The failure to include or reference specifically any particular provision of the Bidding Procedures in the Motion or this Order shall not diminish or otherwise impair the effectiveness of such procedures, it being the Court's intent that the Bidding

4

Procedures are approved in their entirety, as if fully set forth in this Order.  The Debtors are authorized to take all actions necessary or appropriate to implement the Bidding Procedures.

**Bidding Procedures**

4.    The deadline for submitting Qualified Bids (the "**Bid Deadline**") is **July 23, 2019 at 4:00 p.m. (prevailing Eastern Time)**; provided that, in consultation with the Committee, the Debtors shall have the right to extend the Bid Deadline for any reason whatsoever, in their reasonable business judgment, for all or certain parties.

5.    Bidders may submit Partial Bids for one or a combination of the Assets. The Debtors, in consultation with the Committee, will determine whether such bids may qualify as Qualified Bids.

6.    If only one Qualified Bid is received for any of the Assets from a Qualified Bidder and the Debtors determine, in their business judgment, and in consultation with the Committee, to consummate a transaction for such Asset(s) with the Qualified Bidder, the Debtors may file with the Bankruptcy Court, serve on the Sale Notice Parties, and cause to be published on the Claims Agent Website a notice (the "**Notice of Hearing and Designation**"), which shall (i) indicate that the Auction for such Asset(s) has been cancelled, (ii) indicate that the applicable Qualified Bidder is the Successful Bidder, and that the Qualified Bid is the Successful Bid, for such Asset(s), (iii) set forth the date and time of the Sale Hearing for the Asset(s), (iv) list all Proposed Assumed Contracts (as defined herein) in the Successful Bid; (v) identify any known proposed affiliate assignee(s) of Proposed Assumed Contracts (if different from the applicable Successful Bidder); and (vi) set forth the deadline and procedures for filing Adequate Assurance Objections (as hereinafter defined) in response to the Notice of Hearing and Designation, which shall generally provide for a similar period of time to those set forth herein.

5

7.      The Auction will take place at the offices of Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 on **August 5, 2019 at 10:00 a.m. (prevailing Eastern Time)**, or at such other date, time and location as the Debtors, after consulting with the Committee and providing notice to the Sale Notice Parties, may determine in their reasonable business judgment.  If held, the proceedings of the Auction will be transcribed and, if the Debtors deem appropriate, video recorded.

8.      Only Qualified Bidders are eligible to participate in the Auction, subject to other limitations as may be reasonably imposed by the Debtors in accordance with these Bidding Procedures and in consultation with the Committee.  Qualified Bidders participating in the Auction must appear in person at the Auction, or through a duly authorized representative.  The Auction will be conducted openly, and all creditors of the Debtors, including the Committee and its professional advisers, will be permitted to attend; provided that the Debtors may, in their reasonable business judgment and in consultation with the Committee, establish a reasonable limit on the number of representatives and/or professional advisors that may appear on behalf of or accompany each Qualified Bidder and other parties in interest (other than the Committee) at the Auction.

9.      Each Qualified Bidder participating in the Auction shall confirm in writing and on the record at the Auction that (i) it has not engaged in any collusion with respect to the submission of any bid or the Auction, and (ii) its Qualified Bid represents a binding, good faith, and bona fide offer to purchase the Assets in its bid if selected as a Successful Bidder.

10.     Subject to this Order and the Bidding Procedures, the Debtors, in consultation with the Committee, shall have the right to (i) determine which bidders qualify as "Qualified Bidders," and which bids qualify as "Qualified Bids"; (ii) determine the "Baseline

6

Bids;" (iii) determine the amount of each Minimum Overbid; (iv) determine which Qualified

Bid(s) are higher or better throughout the process, which Qualified Bid(s) are the Successful

Bid(s), and which Qualified Bid(s) are the Back-Up Bid(s); (v) reject any bid that is (a)

inadequate or insufficient; (b) not in conformity with the requirements of the Bidding

Procedures, Bankruptcy Code, this Order, or any other order of the Court; or (c) contrary to the

best interests of the Debtors and their estates; (vi) adjourn or cancel the Auction after providing

notice of such adjournment or cancellation in accordance with the Bidding Procedures; and (vii)

adjourn a Sale Hearing after providing notice of such adjournment in accordance with the

Bidding Procedures.

> 11.     The Debtors may, in consultation with the Committee and in accordance
with the Bidding Procedures, at any time before July 10, 2019 (the "**Designation Deadline**")
enter into one or more agreements (each, a "**Stalking Horse Agreement**"), subject to higher or
otherwise better offers at the Auction, with one or more stalking horse bidders (each, a "**Stalking
Horse Bidder**") that submits a Qualified Bid acceptable to the Debtors, in consultation with the
Committee, to establish a minimum Qualified Bid at the Auction.  Absent further order of the
Court, the Stalking Horse Agreement shall limit the break-up fees to an amount no greater than
2% of the Debtors' valuation of the Qualified Bid and expense reimbursement in an amount not
to exceed $100,000 (together with the Minimum Overbid Increment, the "**Bid Protections**").  In
the event that the Debtors, in consultation with the Committee, determine that the Bid
Protections must exceed the amounts set forth herein, the Debtors shall request that the Court
hold a hearing on the approval of any such greater Bid Protections on an expedited basis.

> 12.     In the event that the Debtors, in consultation with the Committee, select
one or more parties to serve as a Stalking Horse Bidder, upon such selection, the Debtors shall

provide, to all Sale Notice Parties, five (5) calendar days' notice of and an opportunity to object

to the designation of such Stalking Horse Bidder and disclosure of the Bid Protections set forth

in the Stalking Horse Agreement (with such notice period to be extended by an additional one (1)

calendar day for each day that such selection was made prior to the Designation Deadline, but in

no event by more than five calendar (5) days), and absent objection, the Debtors may submit an

order to the Court under certification of counsel approving the selection of such Stalking Horse

Bidder. To the extent necessary, the Debtors' right to seek the Court's approval of one or more

Stalking Horse Bidders, with notice and a hearing, are preserved by the Bidding Procedures.

Any Stalking Horse Agreement executed by the Debtors and the transactions contemplated

thereby will be deemed a Qualified Bid for all purposes, and any Stalking Horse Bidder party to

a Stalking Horse Agreement executed by the Debtors will be deemed to be Qualified Bidder.

13.     The Debtors shall have the right, in their reasonable business judgment

and in consultation with the Committee, to modify the Bidding Procedures (other than modify

any rights of the Committee), including (i) waiving terms and conditions with respect to all

Prospective Bidders; (ii) extending the deadlines set forth therein; and (iii) announcing at the

Auction modified or additional procedures for conducting the Auction.  Nothing in this Order or

the Bidding Procedures shall obligate the Debtors to consummate or pursue any transaction with

a Qualified Bidder.

### Sale Hearing and Sale Objection Deadline

14.     In accordance with the Bidding Procedures, if one or more Qualified

Bid(s) is received by the Debtors in respect of any of the Assets by the Bid Deadline, the

applicable Sale Hearing shall be held before the Court on **August 22, 2019, at 2:00 p.m.**

**(prevailing Eastern Time)**; provided that, that the Debtors may, in their reasonable business

judgment, after consulting with the Committee and the Successful Bidder(s), adjourn or

reschedule any Sale Hearing, including by (i) an announcement of such adjournment at the applicable Sale Hearing or at the Auction, or (ii) the filing of a notice of adjournment with the Bankruptcy Court prior to the commencement of the applicable Sale Hearing.

15.     Objections to the proposed Sale Transaction(s), including any objection to the sale of the Assets free and clear of liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code and entry of a Sale Order (each, a "**Sale Objection**") shall (i) be in writing; (ii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (iii) state, with specificity, the legal and factual bases thereof; (iv) include any appropriate documentation in support thereof; and (v) be filed with the Bankruptcy Court and served on the Objection Recipients by no later than **August 14, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Sale Objection Deadline**"); provided that, the Debtors may extend the Sale Objection Deadline, as the Debtors deem appropriate in the exercise of their reasonable business judgment and in consultation with the Committee.  If a timely Sale Objection cannot otherwise be resolved by the parties, such objection shall be heard at the Sale Hearing.

16.     Any party who fails to file with the Court and serve on the Objection Recipients a Sale Objection by the Sale Objection Deadline may be forever barred from asserting, at the Sale Hearing or thereafter, any objection to the relief requested in the Motion, or to the consummation and performance of the Sale Transaction(s) contemplated by the or asset purchase agreement with a Successful Bidder, including the transfer of the Assets to the Successful Bidder, free and clear of all liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code.

## **Noticing Procedures**

17.     The Sale Notice is approved, and no other or further notice of the sale of the Assets, the Auction, the Sale Hearing, or the Sale Objection Deadline shall be required if the

Debtors serve and publish such notice in the manner provided in the Bidding Procedures and this Order.  The Sale Notice contains the type of information required under Bankruptcy Rule 2002 and Local Rule 6004-1, and complies in all respects with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

18.    Within five (5) business days after entry of this Order, the Debtors shall file with the Court, serve on the Sale Notice Parties, and cause to be published on the Claims Agent Website the Sale Notice, which shall set forth (i) a description of the Assets for sale; (ii) the date, time, and place of the (a) Auction and (b) Sale Hearing; and (iii) the deadlines and procedures for objecting to the proposed Sale Transaction(s).

19.    Within five (5) business days after entry of this Order, the Debtors shall cause the contents of the Sale Notice to be published once in the national edition of the *New York Times* and once in the *The Arizona Republic*.

20.    The Debtors shall use commercially reasonable efforts to, within two (2) business days after the conclusion of the Auction, file with the Court, serve on the Sale Notice Parties, and cause to be published on the Claims Agent Website, a notice containing the results of the Auction (the "**Notice of Auction Results**"), which shall (i) identify the Successful Bidder(s) and Back-Up Bidder(s); (ii) include the Notice of Designation; (iii) include the Adequate Assurance Information for the Successful Bidder(s); (iv) identify any known proposed affiliate assignee(s) of Proposed Assumed Contracts (if different from the applicable Successful Bidder(s)); and (v) set forth the deadline and procedures for filing Adequate Assurance Objections  in response to the Notice of Auction Results.

## Assumption and Assignment Procedures

21.    The Assumption and Assignment Notice is reasonable, fair, and appropriate, and contains the type of information required under Bankruptcy Rule 2002 and

complies in all respects with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and no other or further notice of the Debtors' proposed Cure Costs or the proposed assumption and assignment of Contracts and Leases (such Contracts and Leases, the "**Proposed Assumed Contracts**") shall be required if the Debtors file and serve such notice (and, subsequently, the Notice of Auction Results and the Notice of Designation) in accordance with the Assumption and Assignment Procedures and this Order.

22.    The Debtors shall use commercially reasonable efforts, within five (5) business days after entry of this Order, to file with the Court, serve on the Sale Notice Parties, including each applicable Counterparty to a Contract or Lease, and cause to be published on the Claims Agent Website, the Assumption and Assignment Notice, which shall (i) identify all Proposed Assumed Contracts; (ii) list the Debtors' good faith calculation of the Cure Costs with respect to each Proposed Assumed Contract (and if no cure cost is estimated to be applicable with respect to any particular Contract or Lease, the amount of such Cure Cost designated for such Proposed Assumed Contract shall be "$0.00"); (iii) expressly state that assumption or assignment of a Contract or Lease is not guaranteed and is subject to Court approval; (iv) prominently display the deadline to file a Cure Objection; and (v) prominently display the date, time, and location of the Sale Hearing.

23.    The Debtors may, in consultation with the Committee, until two (2) calendar days prior to the Auction, add Contracts and Leases to the Assumption and Assignment Notice and the Proposed Assumed Contracts, by filing and serving upon the Counterparties to such Contracts and Leases a supplemental Assumption and Assignment Notice (each, a "**Supplemental Assumption and Assignment Notice**"), which will be deemed to update any previously filed Assumption and Assignment Notices.

24.     The Debtors shall include with the Notice of Auction Results a notice of designation (the "**Notice of Designation**"), listing the Proposed Assumed Contracts designated for assumption and assignment by any Successful Bidder(s) with respect to the Proposed Assumed Contracts listed as purchased assets in the applicable Successful Bid(s).

25.     If only one Qualified Bid is received for any of the Assets from a Qualified Bidder and the Debtors determine, in their business judgment, and in consultation with the Committee, to consummate a transaction for such Asset(s) with the Qualified Bidder, and the Debtors file with the Bankruptcy Court a Notice of Hearing and Designation,  the Debtors shall include with the Notice of Hearing and Designation a list of the Proposed Assumed Contracts designated for assumption and assignment by any Successful Bidder identified in the Notice of Hearing and Designation, with respect to the Proposed Assumed Contracts listed as purchased assets in the applicable Successful Bid.

26.     Any Counterparty that wishes to object to the Debtors' calculation of the Cure Costs with respect to the proposed assumption and assignment of the Counterparty's Contract or Lease, must file with the Court and serve on the Objection Recipients a written objection (a "**Cure Objection**") that (i) identifies the applicable Contract or Lease; (ii) states, with specificity, the legal and factual bases thereof, including the cure amount the Counterparty believes is required to cure defaults under the relevant Contract or Lease; and (iii) includes any appropriate documentation in support thereof, by no later than  **July 23, 2019 at 4:00 p.m. (prevailing Eastern Time);** provided that any Cure Objection with respect to a Proposed Assumed Contract identified on a Supplemental Assumption and Assignment Notice must be filed with the Court and served on the Objection Recipients by no later than fourteen days after the filing and service of such Supplemental Assumption and Assignment Notice.

WEIL:\97096332\2\53602.0004

27.     If a timely Cure Objection is not resolved by the parties prior to the commencement of the Sale Hearing, the amount to be paid or reserved with respect to such objection shall be determined by the Court at the Sale Hearing; provided that, a Cure Objection may, at the Debtors' option, after consulting with the Committee and the applicable Successful Bidder(s), be adjourned (an "**Adjourned Cure Objection**") to a subsequent hearing; provided that the parties first shall use commercially reasonable, good faith efforts to resolve such objection without further Court intervention.  An Adjourned Cure Objection may be resolved after the closing date of the Sale Transaction(s) in the Debtors' discretion and in consultation with the Committee.

28.     If a Counterparty fails to file with the Court and serve on the Objection Recipients a timely Cure Objection, the Counterparty shall be forever barred from asserting any objection with regard to the cost to cure any defaults under the applicable Contract or Lease and any proof of claim asserting a claim for such amount shall be expunged without further order of the Court.  The Cure Costs set forth in the Assumption and Assignment Notice shall be controlling and will be the only amount necessary to cure outstanding defaults under the applicable Contract or Lease under Bankruptcy Code section 365(b), notwithstanding anything to the contrary in the Contract or Lease, or any other document, and the Counterparty shall be forever barred from asserting any additional cure or other amounts with respect to such Contract or Lease through the date of assumption and assignment, whether in a proof of claim or otherwise, against the Debtors, the Successful Bidder(s), or their property.

29.     In accordance with the Bidding Procedures, to qualify as a Qualified Bidder, each Prospective Bidder shall provide with its bid information supporting the Prospective Bidder's (or any other proposed assignee's) ability to comply with the requirement

WEIL:\97096332\2\53602.0004

to provide adequate assurance of future performance under Bankruptcy Code section 365(f)(2)(B), including the Prospective Bidder's financial wherewithal and willingness to perform under the applicable Proposed Assumed Contracts it seeks to purchase and any other Contracts or Leases that may later be designated by the Prospective Bidder (if named a Successful Bidder) for assumption and assignment in connection with the Sale Transaction(s) (such information, "**Adequate Assurance Information**").

30.    To the extent Adequate Assurance Information includes non-public information, it shall be provided to affected Counterparties on a strictly confidential basis. The Assumption and Assignment Notice shall include instructions for requesting and obtaining such non-public Adequate Assurance Information on a strictly confidential basis. Counterparties shall not use any Adequate Assurance Information for any purpose other than to (i) evaluate whether adequate assurance requirements under Bankruptcy Code section 365(f)(2), have been satisfied; and (ii) support any Adequate Assurance Objection filed by the Counterparty.

31.    Any Counterparty that wishes to object to the Debtors' calculation of the Cure Costs with respect to the proposed assumption and assignment of the Counterparty's Contract or Lease, must file with the Court and serve on the Objection Recipients a written objection (a "**Cure Objection**") that (i) identifies the applicable Contract or Lease; (ii) states, with specificity, the legal and factual bases thereof, including the cure amount the Counterparty believes is required to cure defaults under the relevant Contract or Lease; and (iii) includes any appropriate documentation in support thereof, by no later than **July 23, 2019 at 4:00 p.m. (prevailing Eastern Time)**; <u>provided</u> that any Cure Objection with respect to a Potentially Assumed Contract identified on a Supplemental Assumption and Assignment Notice must be

WEIL:\97096332\2\53602.0004

filed with the Court and served on the Objection Recipients by no later than fourteen days after the filing and service of such Supplemental Assumption and Assignment Notice.

32.    If a timely Adequate Assurance Objection is not resolved by the parties prior to the Sale Hearing, such objection and all issues of adequate assurance of future performance shall be determined by the Court at the Sale Hearing or at a later hearing on a date to be scheduled by the Debtors in consultation with the Committee.

33.    If a Counterparty fails to file with the Court and serve on the Objection Recipients a timely Adequate Assurance Objection, the Counterparty shall be forever barred from asserting any such objection with regard to the relevant Contract or Lease.  The Successful Bidder(s) shall be deemed to have provided adequate assurance of future performance with respect to the applicable Contract or Lease in accordance with Bankruptcy Code section 365(f)(2)(B), notwithstanding anything to the contrary in the Contract or Lease or any other document.

34.    The Debtors' assumption and assignment of a Proposed Assumed Contract to the Successful Bidder(s) is subject to Court approval and consummation of the Sale Transaction(s) with the Successful Bidder(s).  Accordingly, absent the closing of the Sale Transaction(s), the Proposed Assumed Contracts shall not be deemed either assumed or assumed and assigned and shall, in all respects, be subject to further administration under the Bankruptcy Code.

35.    The inclusion of a Contract, Lease, or Cure Costs with respect thereto on an Assumption and Assignment Notice, a Supplemental Assumption and Assignment Notice, the Notice of Auction Results, or a Notice of Hearing and Designation, as applicable, shall not constitute or be deemed a determination or admission by the Debtors, the Successful Bidder(s),

or any other party in interest that such Contract or Lease is an executory contract or an unexpired

lease within the meaning of the Bankruptcy Code. The Debtors reserve all of their rights, claims,

and causes of action with respect to each Contract and Lease listed on an Assumption and

Assignment Notice, a Supplemental Assumption and Assignment Notice, a Notice of Hearing

and Designation, or the Notice of Designation, as applicable. The Debtors' inclusion of any

Contract or Lease on any such notice shall not be a guarantee that such Contract or Lease

ultimately will be assumed or assumed and assigned.

### General Provisions

36.    All persons and entities (whether or not selected as a Qualified Bidder)

that submit a bid for the Assets during the sale process, including at the Auction, shall be deemed

to have knowingly and voluntarily (i) submitted to the exclusive jurisdiction of this Court with

respect to all matters related to the terms and conditions of the transfer of the Assets, the

Auction, and the Sale Transaction(s); (ii) consented to the entry of a final order by the Court in

connection with the Motion or this Order (including any disputes relating to the bidding process,

the Auction, and/or any Sale Transaction(s)) to the extent that it is later determined that the

Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution; and (iii) waived any right

to jury trial in connection with any disputes relating to the any of the foregoing matters.

37.    For purposes of Section 363(b)(1) of the Bankruptcy Code, if the Debtors

seek to transfer any personally identifiable information about individuals through or in

connection with the Sale Transaction(s), the Debtors will promptly alert the United States

Trustee appointed in these Chapter 11 Cases, who will determine whether appointment of a

consumer privacy ombudsman is required.

38.     Notwithstanding the applicability of any of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or any other provisions of the Bankruptcy Rules or the Local Rules stating the contrary, the terms and provisions of this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of the effectiveness and enforceability of this Order is hereby waived.

39.     Prior to mailing and publishing the Sale Notice and the Assumption and Assignment Notice, as applicable, the Debtors may fill in any missing dates and other information, conform the provisions thereof to the provisions of this Order, and make such other, non-material changes as the Debtors deem necessary or appropriate.

40.     The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

WEIL:\97096332\2\53602.0004

41.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

Dated: July 2nd, 2019
Wilmington, Delaware