## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------- x

In re:      :

     :      **Chapter 11**

     :

**Insys Therapeutics, Inc.,** *et al.*      :      **Case No. 19-11292 (KG)**

     :

**Debtors.**[1]      :      **(Jointly Administered)**

     :

---------------------------------------------------------- x

### GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On June 10, 2019 (the "**Petition Date**"), Insys Therapeutics, Inc. ("**Insys Therapeutics**") and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**") each commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only under case number 19-11292 (KG) pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### OVERVIEW OF GLOBAL NOTES

Each of the Debtors has herewith filed separate Schedules of Assets and Liabilities ("**Schedules**") and Statements of Financial Affairs ("**Statements**"). These Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding Debtors' Schedules and Statements (the "**Global Notes**") pertain to, and are incorporated by reference in, each Debtor's Schedules and Statements and set forth the basis upon which the Schedules and Statements are presented. **These Global Notes comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of the Schedules and Statements**. The Global Notes are in addition to any specific notes contained in any Debtor's Schedules or Statements. Information in the Schedules and Statements is presented as of the Petition Date and on an individual Debtor-by-Debtor basis, in each case unless otherwise noted. Disclosure of information in one Schedule, Statement, exhibit, or continuation sheet, even if incorrectly placed,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659); IPSC, LLC (6577); Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); IPT 355, LLC (0155); and Insys Pharma, Inc. (9410). The Debtors' mailing address is 410 S. Benson Lane; Chandler, AZ 85224.

shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

**The Schedules, Statements, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.**

The Schedules and Statements have been prepared pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 by the Debtors' management with the assistance of their advisors and other professionals and have necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals. Although management has made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based upon information that was available to it at the time of preparation, subsequent information or discovery thereof may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist. Moreover, the Schedules and Statements contain unaudited information, which is subject to further review and potential adjustment.

The Schedules and Statements for each Debtor have been signed by Andrew Long, Chief Executive Officer. In reviewing and signing the Schedules and Statements, Mr. Long necessarily relied upon the efforts, statements, and representations of the Debtors' advisors other personnel and professionals. Mr. Long has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

## <u>GLOBAL NOTES AND OVERVIEW OF METHODOLOGY</u>

1. **General Reservation of Rights**. Although the Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances based on information that was available to it at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may have occurred, some of which may be material. Because the Schedules and Statements contain unaudited information, which remains subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete. The Debtors reserve all rights to amend the Schedules and Statements from time to time, in any and all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and Statements shall constitute an admission of any claims or a waiver of any of the Debtors' rights with respect to these chapter 11 cases, including issues involving substantive consolidation, recharacterization, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

2.  **Description of Cases and "As Of" Information Date**.  Unless otherwise stated herein, liabilities are reported as of the Petition Date.

3.  **Basis of Presentation**.  For financial reporting purposes, the Debtors generally prepare consolidated financial statements.  Where practicable, the Schedules and Statements reflect the assets and liabilities of each separate Debtor.  Because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes, rather than by individual legal entity, it is possible that not all assets, liabilities or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements. The Debtors reserve all rights relating to the legal ownership of assets and liabilities among the Debtors, and nothing in the Schedules or Statements shall constitute a waiver or relinquishment of such rights.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States nor are they intended to be fully reconciled to audited financial statements of each Debtor.

4.  **Totals**.  All totals that are included in the Schedules and Statements represent totals of all known amounts included in the Debtors' books and records.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total, and the difference may be material.  In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.  To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in the Schedules are inclusive of each Debtor's guarantor obligations.

5.  **Excluded Assets and Liabilities**.  The Debtors have excluded certain categories of assets, and liabilities from the Schedules and Statements, including goodwill, intangibles, and certain accrued liabilities including, but not limited to, certain accrued employee compensation and benefits, certain customer accruals, tax accruals, accrued accounts payable, accrued contract termination damages, deferred income accruals, litigation accruals, and certain deposits.  The Debtors have also excluded potential claims arising on account of the potential rejection of executory contracts and unexpired leases, to the extent such claims exist.  Certain immaterial assets and liabilities that are not reported or tracked centrally may have been excluded.

6.  **Amendments and Supplements; All Rights Reserved**.  The Debtors reserve all rights, but are not required, to amend and/or supplement the Schedules and Statements from time to time as is necessary and appropriate.

7.  **References**.  Reference to applicable agreements and related documents is necessary for a complete description of the nature, extent, and priority of liens and/or claims.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

8.  **Currency**.  All amounts are reflected in U.S. dollars.

9.  **Intercompany**. The Debtors have reported for each Debtor the aggregate net intercompany balances between such Debtors and each other Debtor as assets on Schedule A/B or as liabilities on Schedule E/F, as appropriate, and as of May 31, 2019. The listing in the Schedules or Statements (including, without limitation, Schedule A/B or Schedule E/F) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or otherwise by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

10. **Book Value**. Unless otherwise indicated, the Debtors' assets are shown on the basis of their net book values as of May 31, 2019, and the Debtors' liabilities are shown on the basis of their net book values as of the Petition Date. Thus, unless otherwise noted, the Schedules and Statements reflect the carrying value of the assets and liabilities as recorded on the Debtors' books. Net book values may vary, sometimes materially, from market values. The Debtors do not intend to amend these Schedules and Statements to reflect market values.

11. **Paid Claims**. The Bankruptcy Court has authorized the Debtors to pay certain outstanding prepetition claims—including, but not limited to, payments to employees, independent contractors, customers, and certain vendors—pursuant to various "first day" orders entered by the Bankruptcy Court (the "**First Day Orders**"). Accordingly, certain outstanding liabilities may have been reduced by post-petition payments made on account of prepetition liabilities. Where the Schedules list creditors and set forth the Debtors' scheduled amount of such claims, such scheduled amounts reflect amounts owed as of the Petition Date adjusted for any post-petition payments made pursuant to the authority granted to the Debtors by the Bankruptcy Court. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any First Day Order, the Debtors reserve all rights to amend or supplement the Schedules and Statements or take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities. The Debtors will provide any creditor listed on these Schedules and Statements with notice of the bar date, regardless of whether the Debtors have subsequently paid such creditor's claim. The Debtors have not listed any claims for Employee Obligations (as defined in the Wages Motion)[2], Critical Vendors (as defined in the Critical Vendor Motion)[3], and Customer Obligations (as defined in the Customer Programs Motion)[4] that have since had their prepetition claims satisfied in full pursuant to the First Day Orders.

---

[2] *See the Motion of the Debtors Pursuant to 11 U.S.C. §§ 105(a), 363 and 507(a) for (I) Authority to (A) Pay Certain Prepetition Wages and Reimbursable Employee Expenses (B) Pay and Honor Employee Medical and Other Benefits, and (C) Continue Employee Benefits Programs and (II) Related Relief* [ECF No. 5] (the "**Wages Motion**").

[3] *See the Motion of Debtors for Entry of an Order (I) Authorizing Payment of Certain Prepetition Claims of Critical Vendors (II) Confirming Administrative Expense Priority of Undisputed and Outstanding Prepetition Orders, and (III) Granting Related Relief* [ECF No. 8] (the "**Critical Vendor Motion**").

[4] *See the Motion of the Debtors Pursuant to 11 U.S.C. §§ 105(a) and 363(b) for Authority to (I) Maintain and Administer Prepetition Customer Programs, Promotions, and Practices, and (II) Pay and Honor Related Prepetition Obligations,* [ECF No. 9] (the "**Customer Programs Motion**").

12. **Recharacterization**.  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, certain items may have been improperly characterized, classified, categorized, or designated.  The Debtors are continuing to review all relevant documents and expressly reserve all rights to amend, recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as they determine to be necessary and appropriate.

13. **Claims of Third-Party Entities**.  Although the Debtors have made reasonable efforts to classify properly each Claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and/or contingent or non-contingent, the Debtors have not been able to fully reconcile all payments made to certain third-party entities on account of the Debtors' obligations to both such entity and its affiliates, and are continuing to review all relevant documents.  Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, for example, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered disputed, whether or not they are individually designated as such.

14. **Liabilities**.  The Debtors have allocated liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available, and further research is conducted, particularly with respect to the Debtors' accounts payable, the allocation of liabilities between the prepetition and post-petition periods may change.  The Debtors reserve the right to, but are not required to, amend the Schedules and Statements as they deem appropriate to reflect this.

   The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

15. **Guarantees and Other Secondary Liability Claims**.  The Debtors have not identified or scheduled any known guarantees or other secondary liability claims. It is possible that certain guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.  The Debtors reserve their rights to amend the Schedules to the extent that guarantees are identified.

16. **Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made significant efforts to attribute intellectual

property to the rightful Debtor owner; however, in some instances intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all rights with respect to the legal status and proper attribution of any and all such intellectual property rights.

17. **Executory Contracts and Unexpired Leases**. The Debtors have not set forth executory contracts or unexpired leases as assets in the Schedules and Statements. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G. In addition, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred.

18. **Claims Description**. Schedules D and E/F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated" or that such Claim is not subject to objection. The Debtors reserve all rights to dispute any Claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated." In addition, the Debtors reserve their rights to object to any listed Claim on the grounds that, among other things, the Claim has already been satisfied.

19. **Causes of Action**. Despite their reasonable efforts, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, affirmative claims, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all rights to any claims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

20. **Undetermined Amounts**. Claim amounts that could not readily be quantified by the Debtors are scheduled as "unknown," "TBD," or "undetermined". The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

21. **Liens**. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property or equipment.

22. **Employee Addresses**. For current and former employees and directors the last known address is listed where applicable.

23. **Global Notes Control**. In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

24. **Confidentiality**. There may be instances in the Schedules and Statements where the Debtors have deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Typically, the Debtors have used this approach because of

an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of, or otherwise preserving the confidentiality of, personally identifiable information.

<u>**General Disclosures Applicable to Schedules**</u>

1. **Classifications**.   Listing a Claim on Schedule D as "secured," or on Schedule E/F as "priority," or "unsecured," or a contract on Schedule G as "executory" or "unexpired," does not in each case constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such Claim or contract.

2. **Schedule A/B - Real and Personal Property**.

   a) <u>**Schedule A/B.3**</u>.   Bank account and investment account balances are as of the Petition Date. Certificates of Deposit are listed inclusive of accrued interest as of the Petition Date.

   b) <u>**Schedule A/B.11.**</u> Schedule A/B identifies the net accounts receivable balance as of the Petition Date. The value of the net accounts receivable balance is lower than the gross accounts receivable balance due to offsets on accounts receivable incurred as part of the Debtors' various customer programs, otherwise known as "gross-to-net" programs.

   c) <u>**Schedule A/B.15.**</u> The Debtors' equity interest in Centrexion Therapeutics Corp. arises from its common stock ownership. For purposes of these Schedules, the Debtors have listed the book value of this investment.

   d) <u>**Schedule A/B.16**</u>.   Investments are listed at their accrued value as of the Petition Date.

   e) <u>**Schedules A/B.39-41**</u>. Interest in office furniture, equipment, and collectibles are scheduled as being owned by a specific Debtor based on the Debtors' books and records.  It would be burdensome and an inefficient use of estate resources, as well as impracticable, to review, verify and assign each interest in office furniture, fixtures, equipment, and collectibles to a specific Debtor.  Accordingly, Schedules A/B.39-41 of any particular Debtor may list interests in office furniture, fixtures, equipment, and collectibles that are owned by other Debtors.

   f) <u>**Schedule A/B.50**</u>.   Interest in machinery, fixtures, and equipment are scheduled as being owned by a specific Debtor based on the Debtors' books and records.  If any such machinery, fixtures, and equipment are leased, the applicable leases will appear on the relevant Debtor's Schedule G of executory contracts and unexpired leases.

   g) <u>**Schedule A/B.72.**</u> Debtors have filed extensions for all Federal and State tax returns for the calendar year 2018.  Taxable income or Net Operating Loss from the current year's activity has not been determined as of Petition Date.  Prepaid tax assets derived from prior tax year overpayments, estimated tax payments, and amounts

7

paid with extension are included in Schedule A/B.72.

h) **Schedule A/B.73.** The Debtors maintain a variety of insurance policies including property, general liability, and workers' compensation policies and other employee related policies. The Debtors' interest in these types of policies is limited to the amount of the premiums that the Debtors have prepaid, if any, as of May 31, 2019, and any prefunded claim tails. To the extent the Debtors have made a determination of the amount of prepaid insurance premiums or prefunded claim tails as of May 31, 2019, such amounts are listed on Exhibit A/B, Part 2, Question 8.

i) **Schedule A/B.74.** Despite exercising their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. Unless otherwise noted on specific responses, items reported on Schedule A/B are reported from the Debtors' book and records as of the Petition Date. The Debtors reserve all of their rights with respect to any claims and causes of action they may have. Neither these Global Notes nor the Schedules shall be deemed a waiver of any such claims or causes of action or to prejudice or impair the assertion thereof in any way.

j) **Schedule A/B.75.** In the ordinary course of business, the Debtors may have accrued, or may in the future accrue, certain rights to counter-claims, cross-claims, setoffs, and/or refunds with Debtors' customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B.75.

k) **Schedule A/B.77.** Debtors Insys Therapeutics, Inc., Insys Development Company, Inc. and Insys Manufacturing Company, LLC record right of use assets for lease accounting purposes in accordance with GAAP under ASC 842. Right of use assets have been excluded from Schedule A/B.77.

3. **Schedule D – Creditors Holding Secured Claims.** The Debtors are not aware of any secured claims against the Debtors.

Real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve their rights to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported on Schedule D.

Moreover, the Debtors have not included on Schedule D claims that may be secured through setoff rights or inchoate statutory lien rights. The Debtors have not investigated which of the claims against the Debtors may include such rights, and their population is currently

unknown.

4. **Schedule E/F– Creditors Holding Unsecured Claims**.

The Debtors have used reasonable efforts to report all general unsecured claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records as of the Petition Date; however, inadvertent errors or omissions may have occurred. The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a Claim arose may be an open issue of fact. In addition, the claims of individual creditors for, among other things, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits, rebates, or allowances due from such creditors to the applicable Debtors.

Certain former directors, officers and/or employees of the Debtors have asserted indemnification claims against the Debtors. In these cases, the Debtors listed such claimants' counsel as the creditors rather than the claimants themselves, and identified such claims as indemnification claims.

The Debtors have not listed any tax, wage, wage-related obligations, or certain trade payables that the Debtors were granted authority to pay and have paid pursuant to First Day Orders on Schedule E/F.

The Debtors believe that all such claims for wages, salaries, expenses, benefits, and other compensation as described in the First Day Orders have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted to the Debtors in the relevant First Day Orders. Unpaid amounts for severed employees have not been analyzed to determine whether such amounts should be viewed as priority claims. In addition, for severed employees, there has been no analysis of whether any unpaid amounts exceed the priority claim limit or whether there should be a bifurcation of amounts owed between priority and nonpriority unsecured amounts. Accordingly, such claims are listed in Part 2 of Schedule E/F. The Debtors reserve their right to dispute or challenge whether creditors listed on Schedule E/F are entitled to priority claims.

Claims owing to various taxing and regulatory authorities to which the Debtors may potentially be liable are included on the Debtors' Schedule E/F. Certain of such claims, however, may be subject to on-going audits and/or the Debtors are otherwise unable to determine with certainty the amount of the remaining claims listed on Schedule E/F. Therefore, the Debtors have listed all such claims as nonpriority, pending final resolution of on-going audits or other outstanding issues.

Notwithstanding the foregoing, where creditors have yet to provide proper invoices for prepetition goods or services, such amounts may not be reflected on Schedule E/F. Moreover, Schedule E/F does not include certain balances including deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals primarily represent general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule E/F also contains information regarding pending litigation involving the Debtors. The dollar amount of potential claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation claims listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

On June 10, 2019, the Debtors filed a motion [ECF No. 28] (the "9019 Motion") seeking approval under Bankruptcy Rule 9019 of a stipulation entered into between Insys Therapeutics, Inc. and the United States that fixes a general unsecured claim of the United States in these Chapter 11 Cases in the amount of $243 million, capped at a recovery of $195 million (inclusive of a $5 million prepetition payment), on account of the Covered Conduct and any claims under the Civil Settlement Agreement, as such terms are defined and more fully described in the 9019 Motion. The 9019 Motion is currently scheduled to be considered by the Bankruptcy Court at a hearing on August 15, 2019.

Generally, the Debtors' accounts payable are scheduled as being owed by a specific Debtor based on the Debtors' books and records. There may be instances when one Debtor engages in a transaction or series of transactions which might generate accounts payable or other entries reported in the Schedules and Statements of another Debtor. It would be burdensome and an inefficient use of estate resources for the Debtors to allocate their accounts payable on a Debtor-by-Debtor basis in certain instances. Additionally, certain accounts payable reported in the Schedules of one of the Debtors may, in fact, be owed by one or more of the other Debtors. Consequently, Schedule E/F of each Debtor may list accounts payable liabilities of other Debtors.

5.   **Schedule G – Executory Contracts and Unexpired Leases.**  While every effort has been made to ensure the accuracy of Schedule G, review is ongoing and inadvertent errors, omissions, or over-inclusion may have occurred. Each lease and contract listed in Schedule G may include one or more ancillary documents, including any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as indemnity agreements, non-executory supplemental agreements, amendments/letter agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. The Debtors may have included such contracts on the Schedule G of only one Debtor and excluded it from other Debtor counterparties.

In certain circumstances, the specific Debtor obligor(s) to certain of the Agreements could not be specifically identified. In such cases, the Debtors have made reasonable efforts to identify the correct Debtor's Schedule G on which to list the agreement. In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is to reflect distinct agreements between the applicable Debtor and such supplier or provider. In such cases, the Debtors made their best efforts to determine the correct Debtor on which to

list such executory contracts or unexpired leases.  Certain of the executory contracts may not have been memorialized in writing and could be subject to dispute.

The agreements listed on Schedule G may have expired or may have been renewed, modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements, which may not be listed on Schedule G.

Any and all of the Debtors' rights, claims, and causes of action with respect to the agreements listed on Schedule G are hereby reserved and preserved, including, but not limited to, the Debtors' rights to (i) dispute the validity, status, or enforceability of any agreements set forth on Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the agreements listed on Schedule G and (iii) amend or supplement Schedule G as necessary. Inclusion or exclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, and the Debtors reserve all rights in that regard, including that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

The Debtors have made reasonable efforts to list each executory contract or unexpired lease at the correct Debtor or Debtor(s).  However, liabilities associated with certain executory contracts or unexpired leases may be reported on the Schedules of a particular Debtor while the corresponding executory contract or unexpired lease is listed on the Schedule G of a different Debtor.

6.   **Schedule H - Codebtors**. In the ordinary course of their business, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their business. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties.  Because such claims are listed elsewhere in the Statements and Schedules, they have not been set forth individually on Schedule H.

The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases and other such agreements.  The Debtors reserve their right, but shall not be required, to amend the Schedules to the extent that guarantees are identified.

## General Disclosures Applicable to Statements

a.   **Statements – Question 1 – Revenue**.  Historically, revenue is reported on the Debtors' consolidated financials; however, revenue is recorded in the Debtors' books and records on an individual Debtor basis.  In response to Question 1, revenue is listed on an individual Debtor basis.

b.   **Statements – Question 3 - 90 Day Payments**.  The Debtors have responded to Question 3 in the Statements in a detailed format, categorized by payee.  All disbursements listed in Question 3 are made through the Debtors' cash management system, more fully described in the Cash

Management Motion.[5]  Dates listed in Question 3 reflect the date upon which the Debtor transferred funds to the relevant payee.  The response to Question 3 includes any disbursement or other transfer made by the Debtors except for those made to insiders (which payments are listed in response to Question 4, where applicable), gifts and charitable contributions (which payments are listed in response to Question 9, where applicable) and bankruptcy professionals (which payments are listed in response to Question 11, where applicable).  Not all payees are creditors of the Debtors.  Certain payees have received payments listed on behalf of other parties or have received payments that are not on account of antecedent debts.  In addition, the response to Question 3 does not include checks that were either voided or not presented before the Petition Date.

In April 2019, thirty of the Debtors' employees were paid a Key Employee Retention Bonus ("KERP Bonus").  The KERP Bonus payments totaled $4.876 million, of which $2.113 million was paid to three insiders: (1) Andrew Long, Chief Executive Officer ($1.1 million), (2) Andrece Housley, Chief Financial Officer ($400,000), and (3) Mark Nance, Chief Legal Officer and General Counsel ($613,000). KERP Bonus payments to insiders are included in the response to Question 4. The KERP Bonus payments to non-insiders are excluded from Question 3.

c.  **Statements – Question 4 – Payments to or for the Benefit of Insiders**.  For purposes of the Schedules and Statements, the Debtors define insiders as individuals who, based upon the totality of circumstances, have a controlling interest in, or exercise sufficient control over, the respective Debtor so as to unqualifiedly dictate corporate policy and the disposition of assets. Individuals listed in the Statements as insiders have been included for informational purposes only.  The Debtors do not take any position with respect to (i) such person's influence over the control of the Debtors; (ii) the management responsibilities or functions of such individual; (iii) the decision-making or corporate authority or such individual; or (iv) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities law, or with respect to any theories of liability or any other purpose.  As such, the Debtors reserve all rights to dispute whether someone identified in response to Question 4 is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.  For more information regarding each Debtor's officers and directors, see Questions 28 and 29.

The payroll-related amounts shown in response to this question for any salary, bonus or additional compensation, and/or severance payments are gross amounts that do not include reductions for amounts including employee tax or benefit withholdings.

d.  **Statements – Question 7: Legal Actions or Assignments**.  The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of any such suits and proceedings shall not constitute an admission by the Debtors

---

[5] *See Motion of Debtors Pursuant to 11 U.S.C. §§ 105, 345, 363, 364, 503, and 507 for (I) Authority to (A) Continue Using Existing Cash Management System, Bank Accounts, and Business Forms, (B) Honor Obligations Relating Thereto, and (C) Implement Ordinary Course Changes to Cash Management System, (II) Administrative Expense Priority for Postpetition Intercompany Claims, (III) Waiver or Extension of Time to Comply with Requirements of 11 U.S.C § 345(b), and (IV) Related Relief* [D.I. 4] (the "**Cash Management Motion**").

of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors.  The Debtors also reserve their rights to assert that a Debtor is not an appropriate party to such actions or proceedings.

The Debtors have devoted substantial resources to identify and provide as much information for as many proceedings as possible in response to Statements Question 7 using records that were reasonably accessible and reviewable. While the Debtors believe they were diligent in their efforts, information the Debtors were unable to locate for proceedings that were listed was left blank.

e. **Statements – Question 9: Charitable Contributions**.  The donations and/or charitable contributions listed in response to Question 9 represent payments made to third parties during the applicable timeframe that were recorded as such within the Debtors' books and records.

f. **Statements – Question 11 – Payments Related to Bankruptcy**.  The Debtors have used reasonable efforts to identify payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately before the Petition Date. Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications for those firms and related orders.  Not all payments made and listed are on account of debt counseling or restructuring services.

g. **Statements – Question 13 – Transfers Not Already Listed.**  While the Debtors have made reasonable efforts to respond comprehensively to Question 13, certain *de minimis* asset sales and transfers may be omitted unintentionally.  In addition, the Debtors buy and sell certain assets in the ordinary course of business.  Such dispositions made in the ordinary course of business have not been reflected in responses to Question 13.  The Debtors further do not take any position with respect to whether transfers identified in response to Question 13 are made in the ordinary course of business.  Certain transfers listed in this response are included solely out of an abundance of caution.

h. **Statements – Question 14 – Previous Addresses.**  With the exception of Insys Manufacturing, LLC, the Debtors list 1333 S. Spectrum Blvd., Chandler, AZ, 85286 (the "Spectrum Location") as a previous address on Statements Question 14. The Spectrum Location was the corporate headquarters address as of Petition Date.  Debtors vacated the Spectrum Location after the Petition Date. As such, the Spectrum Location address has been listed as a previous address on Statements Question 14, with "Present" reflecting that the address was active as of the Petition Date.

i. **Statements – Question 16 – Personally Identifiable Information ("PII").**  In the ordinary course of business, the Debtors collect certain PII, consisting of trial patients' full names, signatures, home addresses, telephone numbers, insurance denial letters, letters of medical necessity, verification of label indication, and other unsolicited PII. The Debtors maintain a privacy policy covering PII.

| **Fill in this information to identify the case:** |
| --- |

Debtor    IPSC, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number    19-11297 (KG)
(if known)

☐ Check if this is an
amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

04/19

| Part 1: | Summary of Assets |
| --- | --- |

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a.  **Real property:**
       Copy line 88 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| NOT APPLICABLE |
| --- |

   1b.  **Total personal property:**
       Copy line 91A from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| $67,624,667.50 |
| --- |

   1c.  **Total of all property:**
       Copy line 92 from *Schedule A/B* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| $67,624,667.50 |
| --- |

| Part 2: | Summary of Liabilities |
| --- | --- |

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* . . . . . . . . .

| NOT APPLICABLE |
| --- |

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206EF)

   3a.  **Total claim amounts of priority unsecured claims:**
       Copy the total claims from Part 1 from line 6a of Schedule E/F . . . . . . . . . . . . . . . . . . . . . . . . . . .

| NOT APPLICABLE |
| --- |

   3b.  **Total amount of claims of nonpriority amount of unsecured claims:**
       Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F . . . . . . . . . . . . . .

| + | $68,971,121.26 |
| --- | --- |

4. **Total liabilities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
   Lines 2 + 3a + 3b

| $68,971,121.26 |
| --- |

**Fill in this information to identify the case:**

Debtor      IPSC, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number     19-11297 (KG)
(if known)

☐ Check if this is an
amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property                    04/19

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | CASH AND CASH EQUIVALENTS |
|---|---|

**1.   DOES THE DEBTOR HAVE ANY CASH OR CASH EQUIVALENTS?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

**2.   CASH ON HAND**

   NONE

**3.   CHECKING, SAVINGS, MONEY MARKET, OR FINANCIAL BROKERAGE ACCOUNTS**
   *(IDENTIFY ALL)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | JP MORGAN | CHECKING | 8296 | $47,702.26 |
| 3.2. | JP MORGAN | CHECKING | 8312 | $0.00 |
| 3.3. | WESTERN ALLIANCE | CHECKING | 3630 | $13,112.88 |
| 3.4. | WESTERN ALLIANCE | CHECKING | 7638 | $0.00 |

**4.   OTHER CASH EQUIVALENTS**

   NONE

**5    Total of Part 1.**
   ADD LINES 2 THROUGH 4 (INCLUDING AMOUNTS ON ANY ADDITIONAL SHEETS). COPY THE
   TOTAL TO LINE 80.

| $60,815.14 |
|---|

| Part 2: | DEPOSITS AND PREPAYMENTS |
|---|---|

**6.   DOES THE DEBTOR HAVE ANY DEPOSITS OR PREPAYMENTS?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**7.   DEPOSITS, INCLUDING SECURITY DEPOSITS AND UTILITY DEPOSITS**

   DESCRIPTION, INCLUDING NAME OF HOLDER OF DEPOSIT

| Debtor | IPSC, LLC | | Case number (if known) | 19-11297 (KG) |
|---|---|---|---|---|
| | (Name) | | | |

|  | | Current value of debtor's interest |
|---|---|---|

**8. PREPAYMENTS, INCLUDING PREPAYMENTS ON EXECUTORY CONTRACTS, LEASES, INSURANCE, TAXES, AND RENT**

DESCRIPTION, INCLUDING NAME OF HOLDER OF PREPAYMENT

**9 Total of Part 2.**
ADD LINES 7 THROUGH 8. COPY THE TOTAL TO LINE 81.

| | NOT APPLICABLE |
|---|---|

## Part 3: ACCOUNTS RECEIVABLE

**10. DOES THE DEBTOR HAVE ANY ACCOUNTS RECEIVABLE?**
- [ ] No. Go to Part 4.
- [x] Yes. Fill in the information below.

| | | Current value of debtor's interest |
|---|---|---|

**11. ACCOUNTS RECEIVABLE**

| | face amount | doubtful or uncollectable accounts | | Current value of debtor's interest |
|---|---|---|---|---|
| RECEIVABLE FROM IC OPERATIONS, INC. | $1,050,711.36 | $0.00 | = → | $1,050,711.36 |
| RECEIVABLE FROM INSYS DEVELOPMENT COMPANY, INC. | $309,637.38 | $0.00 | = → | $309,637.38 |
| RECEIVABLE FROM INSYS MANUFACTURING, LLC | $172,659.22 | $0.00 | = → | $172,659.22 |
| RECEIVABLE FROM INSYS PHARMA, INC. | $53,365,682.51 | $0.00 | = → | $53,365,682.51 |
| RECEIVABLE FROM INSYS THERAPEUTICS, INC. | $12,630,852.89 | $0.00 | = → | $12,630,852.89 |

**12 Total of Part 3.**
CURRENT VALUE ON LINES 11A + 11B = LINE 12. COPY THE TOTAL TO LINE 82.

| | $67,529,543.36 |
|---|---|

## Part 4: INVESTMENTS

**13. DOES THE DEBTOR OWN ANY INVESTMENTS?**
- [x] No. Go to Part 5.
- [ ] Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. MUTUAL FUNDS OR PUBLICLY TRADED STOCKS NOT INCLUDED IN PART 1**

NAME OF FUND OR STOCK:

**15. NON-PUBLICLY TRADED STOCK AND INTERESTS IN INCORPORATED AND UNINCORPORATED BUSINESSES, INCLUDING ANY INTEREST IN AN LLC, PARTNERSHIP, OR JOINT VENTURE**

**16. GOVERNMENT BONDS, CORPORATE BONDS, AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS NOT INCLUDED IN PART 1**

DESCRIBE:

**17 Total of Part 4.**
ADD LINES 14 THROUGH 16. COPY THE TOTAL TO LINE 83.

| | NOT APPLICABLE |
|---|---|

| **Part 5:** | **INVENTORY, EXCLUDING AGRICULTURE ASSETS** |

**18.  DOES THE DEBTOR OWN ANY INVENTORY (EXCLUDING AGRICULTURE ASSETS)?**
☒ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19.  RAW MATERIALS** | | | | |
| **20.  WORK IN PROGRESS** | | | | |
| **21.  FINISHED GOODS, INCLUDING GOODS HELD FOR RESALE** | | | | |
| **22.  OTHER INVENTORY OR SUPPLIES** | | | | |

**23  Total of Part 5.**
ADD LINES 19 THROUGH 22. COPY THE TOTAL TO LINE 84.

NOT APPLICABLE

**24.  Is any of the property listed in Part 5 perishable?**
☒ No
☐ Yes

**25.  Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes    Book value _____    Valuation method _____    Current value _____

**26.  Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☒ No
☐ Yes

| **Part 6:** | **FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)** |

**27.  DOES THE DEBTOR OWN OR LEASE ANY FARMING AND FISHING-RELATED ASSETS (OTHER THAN TITLED MOTOR VEHICLES AND LAND)?**
☒ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28.  CROPS—EITHER PLANTED OR HARVESTED** | | | |
| **29.  FARM ANIMALS EXAMPLES: LIVESTOCK, POULTRY, FARM-RAISED FISH** | | | |
| **30.  FARM MACHINERY AND EQUIPMENT  (OTHER THAN TITLED MOTOR VEHICLES)** | | | |
| **31.  FARM AND FISHING SUPPLIES, CHEMICALS, AND FEED** | | | |
| **32.  OTHER FARMING AND FISHING-RELATED PROPERTY NOT ALREADY LISTED IN PART 6** | | | |

**33  Total of Part 6.**
ADD LINES 28 THROUGH 32. COPY THE TOTAL TO LINE 85.

NOT APPLICABLE

**34.  Is the debtor a member of an agricultural cooperative?**
☒ No
☐ Yes.  Is any of the debtor's property stored at the cooperative?
    ☐ No
    ☐ Yes

**35.  Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☒ No
☐ Yes

**36.  Is a depreciation schedule available for any of the property listed in Part 6?**
☒ No
☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
    ☒ No
    ☐ Yes

## Part 7:   OFFICE FURNITURE, FIXTURES, AND EQUIPMENT; AND COLLECTIBLES

38. **DOES THE DEBTOR OWN OR LEASE ANY OFFICE FURNITURE, FIXTURES, EQUIPMENT, OR COLLECTIBLES?**
    ☒ No. Go to Part 8.
    ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **OFFICE FURNITURE** | | | |
| 40. **OFFICE FIXTURES** | | | |
| 41. **OFFICE EQUIPMENT, INCLUDING ALL COMPUTER EQUIPMENT AND COMMUNICATION SYSTEMS EQUIPMENT AND SOFTWARE** | | | |
| 42. **COLLECTIBLES EXAMPLES: ANTIQUES AND FIGURINES; PAINTINGS, PRINTS, OR OTHER ARTWORK; BOOKS, PICTURES, OR OTHER ART OBJECTS; CHINA AND CRYSTAL; STAMP, COIN, OR BASEBALL CARD COLLECTIONS; OTHER COLLECTIONS, MEMORABILIA, OR COLLECTIBLES** | | | |

43 **Total of Part 7.**
   ADD LINES 39 THROUGH 42. COPY THE TOTAL TO LINE 86.                                        NOT APPLICABLE

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
    ☒ No
    ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
    ☒ No
    ☐ Yes

## Part 8:   MACHINERY, EQUIPMENT, AND VEHICLES

46. **DOES THE DEBTOR OWN OR LEASE ANY MACHINERY, EQUIPMENT, OR VEHICLES?**
    ☒ No. Go to Part 9.
    ☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. **AUTOMOBILES, VANS, TRUCKS, MOTORCYCLES, TRAILERS, AND TITLED FARM VEHICLES** | | | |
| 48. **WATERCRAFT, TRAILERS, MOTORS, AND RELATED ACCESSORIES EXAMPLES: BOATS, TRAILERS, MOTORS, FLOATING HOMES, PERSONAL WATERCRAFT, AND FISHING VESSELS** | | | |
| 49. **AIRCRAFT AND ACCESSORIES** | | | |
| 50. **OTHER MACHINERY, FIXTURES, AND EQUIPMENT (EXCLUDING FARM MACHINERY AND EQUIPMENT)** | | | |

51 **Total of Part 8.**
   ADD LINES 47 THROUGH 50. COPY THE TOTAL TO LINE 87.                                        NOT APPLICABLE

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
    ☒ No
    ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 9: | REAL PROPERTY |
|---|---|

54. **DOES THE DEBTOR OWN OR LEASE ANY REAL PROPERTY?**
☒ No. Go to Part 10.
☐ Yes. Fill in the information below.

55. **ANY BUILDING, OTHER IMPROVED REAL ESTATE, OR LAND WHICH THE DEBTOR OWNS OR IN WHICH THE DEBTOR HAS AN INTEREST**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| | | | | |

56 **Total of Part 9.**
ADD THE CURRENT VALUE ON LINES 55.1 THROUGH 55.6 AND ENTRIES FROM ANY ADDITIONAL SHEETS. COPY THE TOTAL TO LINE 88.

NOT APPLICABLE

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
☒ No
☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☒ No
☐ Yes

| Part 10: | INTANGIBLES AND INTELLECTUAL PROPERTY |
|---|---|

59. **DOES THE DEBTOR HAVE ANY INTERESTS IN INTANGIBLES OR INTELLECTUAL PROPERTY?**
☒ No. Go to Part 11.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **PATENTS, COPYRIGHTS, TRADEMARKS, AND TRADE SECRETS** | | | |
| 61. **INTERNET DOMAIN NAMES AND WEBSITES** | | | |
| 62. **LICENSES, FRANCHISES, AND ROYALTIES** | | | |
| 63. **CUSTOMER LISTS, MAILING LISTS, OR OTHER COMPILATIONS** | | | |
| 64. **OTHER INTANGIBLES, OR INTELLECTUAL PROPERTY** | | | |
| 65. **GOODWILL** | | | |

66 **Total of Part 10.**
ADD LINES 60 THROUGH 65. COPY THE TOTAL TO LINE 89.

NOT APPLICABLE

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
☐ No
☒ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☒ No
☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 11:    ALL OTHER ASSETS

**70.  DOES THE DEBTOR OWN ANY OTHER ASSETS THAT HAVE NOT YET BEEN REPORTED ON THIS FORM?**
INCLUDE ALL INTERESTS IN EXECUTORY CONTRACTS AND UNEXPIRED LEASES NOT PREVIOUSLY REPORTED ON THIS FORM.

☐  No. Go to Part 12.
☑  Yes. Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|

**71.  NOTES RECEIVABLE**

DESCRIPTION (INCLUDE NAME OF OBLIGOR)
**NONE**

**72.  TAX REFUNDS AND UNUSED NET OPERATING LOSSES (NOLS)**

DESCRIPTION (FOR EXAMPLE, FEDERAL, STATE, LOCAL)

| Description | Tax year | Value |
|---|---|---|
| AL OVERPAYMENT (CREDITED TO 2018 ESTIMATED TAX) | Tax year  2017 | $1,651.00 |
| AL STATE TAX EXTENSION PREPAYMENT | Tax year  2018 | $100.00 |
| AR OVERPAYMENT (CREDITED TO 2018 ESTIMATED TAX) | Tax year  2017 | $2,072.00 |
| CO OVERPAYMENT (CREDITED TO 2018 ESTIMATED TAX) | Tax year  2017 | $1,900.00 |
| DE OVERPAYMENT (CREDITED TO 2018 TENTATIVE TAX) | Tax year  2017 | $348.00 |
| FL OVERPAYMENT (CREDITED TO 2018 ESTIMATED TAX) | Tax year  2017 | $16,947.00 |
| GA OVERPAYMENT (CREDITED TO 2018 ESTIMATED TAX) | Tax year  2017 | $90.00 |
| IN OVERPAYMENT (CREDITED TO 2018 ESTIMATED TAX) | Tax year  2017 | $2,986.00 |
| LA OVERPAYMENT (CREDITED TO 2018 ESTIMATED TAX) | Tax year  2017 | $100.00 |
| MD OVERPAYMENT (CREDITED TO 2018 ESTIMATED TAX) | Tax year  2017 | $1,228.00 |
| NC OVERPAYMENT (CREDITED TO 2018 ESTIMATED TAX) | Tax year  2017 | $633.00 |
| NC STATE TAX EXTENSION PREPAYMENT | Tax year  2018 | $300.00 |
| NC STATE TAX EXTENSION PREPAYMENT | Tax year  2018 | $200.00 |
| NJ OVERPAYMENT (CREDITED TO 2018 RETURN) | Tax year  2017 | $3,281.00 |
| NJ STATE TAX EXTENSION PREPAYMENT | Tax year  2018 | $719.00 |
| OK OVERPAYMENT | Tax year  2017 | $1,112.00 |
| SC STATE TAX EXTENSION PREPAYMENT | Tax year  2018 | $25.00 |
| TN OVERPAYMENT (CREDITED TO 2018 RETURN) | Tax year  2017 | $617.00 |

**73.  INTERESTS IN INSURANCE POLICIES OR ANNUITIES**

**NONE**

**74.  CAUSES OF ACTION AGAINST THIRD PARTIES (WHETHER OR NOT A LAWSUIT HAS BEEN FILED)**

**NONE**

**75.  OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OR CAUSES OF ACTION OF EVERY NATURE, INCLUDING COUNTERCLAIMS OF THE DEBTOR AND RIGHTS TO SET OFF CLAIMS**

**NONE**

**76.  TRUSTS, EQUITABLE OR FUTURE INTERESTS IN PROPERTY**

**NONE**

**77.  OTHER PROPERTY OF ANY KIND NOT ALREADY LISTED  EXAMPLES: SEASON TICKETS, COUNTRY CLUB MEMBERSHIP** *EXAMPLES:* SEASON TICKETS, COUNTRY CLUB MEMBERSHIP

**NONE**

**78  Total of Part 11.**
ADD LINES 71 THROUGH 77. COPY THE TOTAL TO LINE 90.

$34,309.00

**79.  Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☑  No
☐  Yes

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $60,815.14 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $67,529,543.36 | |
| 83. **Investments.** *Copy line 17, Part 4.* | | |
| 84. **Inventory.** *Copy line 23, Part 5.* | | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | | |
| 88. **Real property.** *Copy line 56, Part 9.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ➜ | | N/A |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $34,309.00 | |
| 91. **Total.** Add lines 80 through 90 for each column . . . . . . . . 91a. | $67,624,667.50 | + 91b  N/A |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | $67,624,667.50 |

Debtor    IPSC, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number    19-11297 (KG)
(if known)

☐ Check if this is an
amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

04/19

**Be as complete and accurate as possible.**

1.  1.  **Do any creditors have claims secured by debtor's property?**
    ☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
    ☐ Yes. Fill in all of the information below.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>IPSC, LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of Delaware</td></tr>
<tr><td>Case number<br>(if known)</td><td>19-11297 (KG)</td></tr>
</table>

☐ Check if this is an
amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims
04/19

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:  List All Creditors with PRIORITY Unsecured Claims

**1.  Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
☑ No. Go to Part 2.
☐ Yes. Go to line 2.

### Part 2:  List All Creditors with NONPRIORITY Unsecured Claims

**3.  List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|
| 3.1 | **Nonpriority creditor's name and mailing address**<br><br>FEDEX<br>P.O. BOX 7221<br>PASADENA, CA  91109-7321<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number: EDEX** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>VENDOR<br><br>**Is the claim subject to offset?**<br>☑ No<br>☐ Yes | $34.31 |
| 3.2 | **Nonpriority creditor's name and mailing address**<br><br>IC OPERATIONS, LLC<br>410 S BENSON LN<br>CHANDLER, AZ  85224<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number: 0007** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>INTERCOMPANY PAYABLE TO IC OPERATIONS, LLC<br><br>**Is the claim subject to offset?**<br>☐ No<br>☑ Yes | $118,402.78 |
| 3.3 | **Nonpriority creditor's name and mailing address**<br><br>INSYS DEVELOPMENT COMPANY, INC.<br>410 S BENSON LN<br>CHANDLER, AZ  85224<br><br>**Date or dates debt was incurred**<br><br>VARIOUS<br><br>**Last 4 digits of account number: 0003** | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br><br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:**<br>INTERCOMPANY PAYABLE TO INSYS DEVELOPMENT CO., INC.<br><br>**Is the claim subject to offset?**<br>☐ No<br>☑ Yes | $3,675,164.49 |

| **Part 2:** | Additional Page |
| --- | --- |

|  |  | Amount of claim |
| --- | --- | --- |

**3.4** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $213,998.99
--- | --- | ---
| INSYS MANUFACTURING, LLC<br>410 S BENSON LN<br>CHANDLER, AZ 85224 | *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| **Date or dates debt was incurred**<br>VARIOUS | **Basis for the claim:**<br>INTERCOMPANY PAYABLE TO INSYS<br>MANUFACTURING, LLC |
| **Last 4 digits of account number: 0005** | **Is the claim subject to offset?**<br>☐ No<br>☒ Yes |

**3.5** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $51,188,747.91
--- | --- | ---
| INSYS PHARMA, INC.<br>410 S BENSON LN<br>CHANDLER, AZ 85224 | *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| **Date or dates debt was incurred**<br>VARIOUS | **Basis for the claim:**<br>INTERCOMPANY PAYABLE TO INSYS<br>PHARMA , INC. |
| **Last 4 digits of account number: 0002** | **Is the claim subject to offset?**<br>☐ No<br>☒ Yes |

**3.6** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $13,768,075.14
--- | --- | ---
| INSYS THERAPEUTICS, INC.<br>410 S BENSON LN<br>CHANDLER, AZ 85224 | *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| **Date or dates debt was incurred**<br>VARIOUS | **Basis for the claim:**<br>INTERCOMPANY PAYABLE TO INSYS<br>THERAPEUTICS, INC. |
| **Last 4 digits of account number: 0001** | **Is the claim subject to offset?**<br>☐ No<br>☒ Yes |

**3.7** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $500.00
--- | --- | ---
| RECEPT COMPANIES<br>1620 W. NORTHWEST HWY STE 100<br>GRAPEVINE, TX 76051 | *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| **Date or dates debt was incurred**<br>6/30/19 | **Basis for the claim:**<br>VENDOR |
| **Last 4 digits of account number: C002** | **Is the claim subject to offset?**<br>☒ No<br>☐ Yes |

**3.8** | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $2,684.50
--- | --- | ---
| RELAYHEALTH<br>PO BOX 742532<br>ATLANTA, GA 30374-2532 | *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed |
| **Date or dates debt was incurred**<br>5/8/19 | **Basis for the claim:**<br>VENDOR |
| **Last 4 digits of account number: L003** | **Is the claim subject to offset?**<br>☒ No<br>☐ Yes |

| Debtor | IPSC, LLC | Case number (if known) | 19-11292 (KG) |
|---|---|---|---|
| | (Name) | | |

| **Part 2:** | Additional Page |
|---|---|

|  |  | Amount of claim |
|---|---|---|

| 3.9 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | $3,513.14 |

**Nonpriority creditor's name and mailing address**

UNITED BIOSOURCE CORPORATION
UBC
LOCKBOX 75253
PO BOX 75253
BALTIMORE, MD 21275

**Date or dates debt was incurred**

VARIOUS

**Last 4 digits of account number: UBS**

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
VENDOR

**Is the claim subject to offset?**
☒ No
☐ Yes

Amount of claim: $3,513.14

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |
|---|---|

**5.** **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| 5a. | Total claims from Part 1 | 5a. | **NOT APPLICABLE** |
| 5b. | Total claims from Part 2 | 5b. **+** | **$68,971,121.26** |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | **$68,971,121.26** |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>IPSC, LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>District of Delaware</td></tr>
<tr><td>Case number<br>(if known)</td><td>19-11297 (KG)</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases                    04/19

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. | List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|----|----|----|----|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest** | DECLARATION OF REPRESENTATIVE | ADP LLC<br>ATTN HEATHER HEALY<br>400 WEST COVINA BLVD<br>SAN DIMAS, CA  91773 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest** | CHANGE REQUEST FORM PMO-8896 DTD 3/3/2017 | MCKESSON SPECIALTY ARIZONA INC<br>ATTN MEAGAN SAMPOGNA, DIR<br>4343 N SCOTTSDALE RD, STE 150<br>SCOTTSDALE, AZ  85251 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.3 | **State what the contract or lease is for and the nature of the debtor's interest** | PATIENT ACCESS SERVICES DTD 3/31/2017 | MCKESSON SPECIALTY ARIZONA INC<br>ATTN MEAGAN SAMPOGNA, DIR<br>4343 N SCOTTSDALE RD, STE 150<br>SCOTTSDALE, AZ  85251 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.4 | **State what the contract or lease is for and the nature of the debtor's interest** | STATEMENT OF WORK NO.1 (INCLUDING ANY AMENDMENTS AND ADDENDUMS THERETO) | MCKESSON SPECIALTY ARIZONA INC<br>ATTN MEAGAN SAMPOGNA, DIR<br>4343 N SCOTTSDALE RD, STE 150<br>SCOTTSDALE, AZ  85251 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.5 | **State what the contract or lease is for and the nature of the debtor's interest** | STATEMENT OF WORK NO.2 (INCLUDING ANY AMENDMENTS AND ADDENDUMS THERETO) | MCKESSON SPECIALTY ARIZONA INC ATTN MEAGAN SAMPOGNA, DIR 4343 N SCOTTSDALE RD, STE 150 SCOTTSDALE, AZ 85251 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.6 | **State what the contract or lease is for and the nature of the debtor's interest** | MASTER SERVICES AGREEMENT (INCLUDING ANY AMENDMENTS AND ADDENDUMS THERETO) | MCKESSON SPECIALTY ARIZONA INC ATTN WILLIAM NOLA, VP & GENERAL MGR 4343 N SCOTTSDALE RD, STE 150 SCOTTSDALE, AZ 85251 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.7 | **State what the contract or lease is for and the nature of the debtor's interest** | REQUEST FOR COMPANY DATA DTD 3/29/2018 | MCKESSON SPECIALTY ARIZONA INC ATTN WILLIAM NOLA, VP & GENERAL MGR 5701 N PRIMA RD SCOTTSDALE, AZ 85250 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.8 | **State what the contract or lease is for and the nature of the debtor's interest** | MASTER SERVICES AGREEMENT (INCLUDING ANY AMENDMENTS AND ADDENDUMS THERETO) | MCKESSON SPECIALTY ARIZONA INC C/O MCKESSON CORP ATTN LEGAL DEPARTMENT ONE POST ST SAN FRANCISCO, CA 94104 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.9 | **State what the contract or lease is for and the nature of the debtor's interest** | FILE INTERFACE AGREEMENT DTD 3/17/2017 | MCKESSON SPECIALTY ARIZONA INC D/B/A MCKESSON SPECIALTY HEALTH 4343 N SCOTTSDALE RD, STE 150 SCOTTSDALE, AZ 85251 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.10 | **State what the contract or lease is for and the nature of the debtor's interest** | REPORTING BUSINESS REQUIREMENTS DOCUMENT | MCKESSON SPECIALTY ARIZONA INC D/B/A MCKESSON SPECIALTY HEALTH 4343 N SCOTTSDALE RD, STE 150 SCOTTSDALE, AZ 85251 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.11 | **State what the contract or lease is for and the nature of the debtor's interest** | MASTER SERVICES AGREEMENT (INCLUDING ANY AMENDMENTS AND ADDENDUMS THERETO) | UNITED BIOSOURCE LLC ATTN CONTRACTS MANAGEMENT 920 HARVEST DR, STE 200 BLUE BELL, PA 19422 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.12 | **State what the contract or lease is for and the nature of the debtor's interest** | SERVICES AGREEMENT (INCLUDING ANY AMENDMENTS AND ADDENDUMS THERETO) | UNITED BIOSOURCE LLC ATTN CONTRACTS MANAGEMENT 920 HARVEST DR, STE 200 BLUE BELL, PA 19422 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.13 | **State what the contract or lease is for and the nature of the debtor's interest** | STATEMENT OF WORK # 12ING1800051 (INCLUDING ANY AMENDMENTS AND ADDENDUMS THERETO) | UNITED BIOSOURCE LLC ATTN NANCY COLBURN 12900 FOSTER ST, STE 300 OVERLAND PARK, KS 66216 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.14 | **State what the contract or lease is for and the nature of the debtor's interest** | SERVICES AGREEMENT (INCLUDING ANY AMENDMENTS AND ADDENDUMS THERETO) | UNITED BIOSOURCE LLC C/O EXPRESS SCRIPTS INC ATTN LEGAL COUNSEL, UBC PHARMA ONE EXPRESS WAY, MAIL STOP HQ2E02 ST LOUIS, MO 63121 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.15 | **State what the contract or lease is for and the nature of the debtor's interest** | WELKIN PRODUCT AND SERVICES AGREEMENT | WELKIN HEALTH INC ATTN LEGAL DEPT 3265 17TH ST, UNIT 304 SAN FRANCISCO, CA 94110 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |

**Fill in this information to identify the case:**

Debtor    IPSC, LLC

United States Bankruptcy Court for the:   District of Delaware

Case number   19-11297 (KG)
(if known)

☐ Check if this is an
amended filing

## Official Form 206H

## Schedule H: Codebtors        4/19

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

| | |
|---|---|
| 1. | **Does the debtor have any codebtors?** |
| | ☑ No.  Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form. |
| | ☐ Yes. |

Fill in this information to identify the case:

Debtor    IPSC, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number    19-11297 (KG)
 (if known)

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    04/19

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Delcaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration

 I declare under penalty of perjury that the foregoing is true and correct.

Executed on  7/29/2019          ✖ /s/ Andrew G. Long
            MM / DD / YYYY         Signature of individual signing on behalf of debtor

                                 Andrew G. Long
                                 Printed name

                                 CEO
                                 Position or relationship to debtor