**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------x
:
In re                                                             :    Chapter 11
:
INSYS THERAPEUTICS, INC., *et al.,*        :    Case No. 19-11292 (KG)
:
Debtors.[1]                                                   :    Jointly Administered
:
:    Re: D.I. 28, 200
---------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 9019**
**AUTHORIZING AND APPROVING THE STIPULATION AND**
**AGREEMENT BETWEEN THE DEBTORS AND THE UNITED STATES**

Upon the motion (the "**Motion**"),[2] dated June 10, 2019, of Insys Therapeutics, Inc. and its affiliated debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order authorizing and approving the DOJ Stipulation attached to this Order as **Exhibit 1**, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659); Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT 355, LLC (0155). The Debtors' mailing address is 1333 South Spectrum Blvd #100, Chandler, Arizona 85286.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion.

1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having scheduled a hearing to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and the objection filed by the State of Florida having been withdrawn; and the official creditors' committee (the "**Committee**") having raised certain informal objections with the DOJ and the Debtors, after which the DOJ and the Committee reached a settlement of such informal objections as more fully set forth below in this Order; and upon the Long Declaration, filed on the Petition Date, and the record of the Hearing, if any; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion, as modified by this Order, is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion, as modified by the terms of this Order, is granted as provided herein.

2. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, the DOJ Stipulation is approved, as modified below, and the Debtors are authorized to enter into the modified DOJ Stipulation (as modified by the terms below) and perform their obligations thereunder.

3. The United States shall have an undisputed, non-contingent, liquidated allowed unsecured claim in these Chapter 11 Cases in the amount of $243 million (the "**Allowed**

**Claim**"); provided, however, that upon the receipt by the United States of a recovery of $195 million on account of the Allowed Claim (including the Initial Distribution Amount, as defined below), the United States shall release the remainder of its Allowed Claim. As provided in paragraph 2 of the DOJ Stipulation, the Allowed Claim shall be treated as a prepetition general unsecured claim, shall not be entitled to priority, shall not be subject to subordination, and its allowance shall not be subject to reconsideration; provided, however, that nothing precludes or limits the United States from asserting and exercising its setoff rights, if any, and any defenses the Debtors may have thereto are explicitly reserved.

        4.      The Allowed Claim shall be the sole remedy of the United States against the Debtors with respect to its civil and/or administrative monetary claims and causes of action under the False Claims Act, 31 U.S.C. § 3730, the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; any statutory provision creating a cause of action for civil damages or civil penalties for which the Civil Division of the Department of Justice has actual present authority to assert or compromise pursuant to 28 C.F.R. Part O, Subpart I, § 0.45(d), or the common law theories of payment by mistake, unjust enrichment, and fraud (collectively, the "**Civil Statutes**"), related to or arising from the Covered Conduct[3] or the DOJ Prepetition Civil Settlement Agreement attached to this Order as Exhibit 2.

        The United States, on the one hand, and the Debtors, on the other hand, shall have no other claims or causes of actions, including but not limited to any causes of action under chapter 5 of the Bankruptcy Code, against each other under or relating to the DOJ Prepetition Civil Settlement Agreement or related to the Covered Conduct.

---

[3] As used herein, the "Covered Conduct" shall have the meaning ascribed to such term in the DOJ Prepetition Civil Settlement Agreement, attached to this Order as Exhibit 2.

5. The United States shall retain the $5 million Initial Settlement Payment received under the DOJ Prepetition Civil Settlement Agreement as an initial distribution on its Allowed Claim (the "**Initial Distribution Amount**"); provided, however, that the United States will receive no further distributions on its Allowed Claim until all other holders of other allowed, non-subordinated general, unsecured claims receive four percent (4%) on their allowed claims (the "Other Allowed Claims"). Once the Other Allowed Claims have received distributions equaling four percent (4%) of their claims, the United States shall resume receiving distributions on its Allowed Claim (subject to all the other terms provided herein and in the DOJ Stipulation, including the United States' right to assert setoff or recoupment and any defenses that the Debtors may have thereto).

6. Provided a Purchaser is not a Related Entity (as defined in the DOJ Stipulation), any Purchaser and its affiliates and their respective successors, assigns, members, partners, principals and shareholders (or equivalent) shall not be liable, responsible or obligated for the Covered Conduct under the Civil Statutes, and the United States is barred from pursuing any civil and/or administrative monetary claims, actions, or proceedings against the Purchaser for the Covered Conduct, or otherwise objecting to any 363 Sale based on the Covered Conduct, the DOJ Prepetition Civil Settlement Agreement with Insys, or for any other reason as a creditor solely with respect to the Allowed Claim. The United States will cooperate with the Debtors and each Purchaser to include language acceptable to the Parties giving effect to this paragraph in any proposed motion and order approving a 363 Sale.

7. Nothing in this Order shall affect (a) the rights and claims of any federal entity other than rights and claims of OIG-HHS and DHA as described in the DOJ Prepetition Civil Settlement Agreement that relate to liability under the Civil Statutes and the Covered

Conduct, including but not limited to (i) any claims or administrative actions by HHS related to lnsys' Medicare Part D Gap Coverage Agreement or its Corporate Integrity Agreement, (ii) the United States' setoff and recoupment rights, and (iii) the United States' rights under section 114l(d)(6) of the Bankruptcy Code; or (b) any rights, claims or defenses of the United States or the Debtors (i) concerning any civil, criminal or administrative liability arising under Title 26 of the United States Code, (ii) concerning any criminal liability arising under Title 18 of the United States Code, or (iii) concerning any civil, criminal or administrative liability under federal environmental laws.

8.  All other terms and provisions included in the DOJ Stipulation remain effective.

9.  The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**Dated: October 7th, 2019**
**Wilmington, Delaware**

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE