**<u>Exhibit 1</u>**

**DOJ Stipulation**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-----------------------------------------------x
:
**In re**                                      :    **Chapter 11**
:
**INSYS THERAPEUTICS, INC.,** *et al.,*         :    **Case No. 19-11292 (KG)**
:
**Debtors.**[1]                                :    **Joint Administration Requested**
:
-----------------------------------------------x

## STIPULATION AND AGREEMENT

Insys Therapeutics, Inc., as debtor and debtor-in-possession ("Insys"), on behalf of itself and its Estate, and the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General of the Department of Health and Human Services ("OIG-HHS"), and the Defense Health Agency ("DHA") (collectively, the "United States"), are collectively referred to in this Stipulation and Agreement ("Stipulation") as the "Parties" and each as a "Party".  The Parties hereby stipulate and agree as follows:

## RECITALS

A.      WHEREAS, on June 10, 2019 (the "Petition Date"), Insys and certain of its affiliates (collectively, the "Debtors") filed a voluntary petition under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").   By order of the Bankruptcy Court, the Debtors' chapter 11 cases are being jointly administered under the above-caption.

B.      WHEREAS, prior to and as of the Petition Date, Insys is a specialty pharmaceutical company that markets and sells Subsys, a sublingual form of fentanyl, a powerful opioid painkiller. Subsys has been approved by the Food and Drug Administration for the treatment of breakthrough pain in opioid-tolerant cancer patients.  Insys began selling Subsys in 2012, and has been selling the drug since then.

C.      WHEREAS, prior to the Petition Date, Insys and the United States  executed an agreement  settling certain civil actions filed against Insys pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730 ("FCA"). Under the agreement, Insys agreed, among other things, to pay $195 million over a five-year period under a fixed payment schedule (the "Settlement

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659); Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); and IPSC, LLC (6577).  The Debtors' mailing address is 1333 South Spectrum Blvd #100, Chandler, Arizona 85286.

Agreement").[2]  The Settlement Agreement provides that in the event of a default or an avoidance of Insys' obligations under the Settlement Agreement, the United States, at its sole option, may rescind the releases in the Settlement Agreement and bring any civil and/or administrative claims, actions, or proceedings against Insys, and recover treble damages and penalties under the FCA.

D.      WHEREAS, Insys made its first payment to the United States under the Settlement Agreement in the amount of $4,815,000 on June 6, 2019 and to the Medicaid Participating States as defined in the Settlement Agreement in the amount of $185,000 on June 6, 2019 (collectively, the "Initial Settlement Payment").

E.      WHEREAS, the Debtors intend to file motions to sell all or substantially all of their assets in one or more sales pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code (the "363 Sales") to third party purchasers (each, a "Purchaser").

F.      WHEREAS, absent approval of this Stipulation, the United States reserves all rights to pursue a Purchaser for the amounts owed by Insys under the Settlement Agreement, as well as rescind the releases in the Settlement Agreement and file a claim against the Estates in an amount no less than $744 million in treble damages, plus penalties.

G.      WHEREAS, the Debtors dispute the United States' ability to take the actions mentioned in the foregoing paragraph successfully.

H.      WHEREAS, absent entry into this Stipulation, it is possible that a party in interest in the chapter 11 cases could file an action in these bankruptcy cases to avoid and recover the Initial Settlement Payment.

I.      WHEREAS, the Parties have exchanged information, negotiated in good faith and at arms-length, and desire to resolve all matters with respect to the Settlement Agreement upon the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THAT:**

### AGREEMENT

1.      **No Successor or Transferee FCA Liability for Covered Conduct.**  Provided a Purchaser is not a Related Entity,[3] any Purchaser and its affiliates and  their respective successors, assigns, members, partners, principals and shareholders (or equivalent) shall not be liable, responsible or obligated for the Covered Conduct (as defined in the Settlement Agreement), and

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement.

[3] A "Related Entity" means: (i) any insider, as defined by the Bankruptcy Code, of the Debtors (an "Insys Insider"); (ii) an entity in which an Insys Insider, or an Insys Insider immediate family member, has an ownership interest greater than ten percent (10%); or (iii) any defendant in any civil or criminal action or proceeding arising out of or related to the Covered Conduct.

the United States is barred from pursuing any civil and/or administrative claims, actions, or proceedings against the Purchaser for the Covered Conduct, or otherwise objecting to any 363 Sale based on the Covered Conduct, the Settlement Agreement with Insys, or for any other reason as a creditor solely with respect to the Allowed Claim (as defined below). The United States will cooperate with the Debtors and each Purchaser to include language acceptable to the Parties giving effect to this paragraph in any proposed motion and order approving a 363 Sale.

2.     **The United States Allowed Claim and Release of Causes of Actions**. The United States shall have an undisputed, non-contingent, liquidated allowed unsecured claim in these cases in the amount of $243 million (the "Allowed Claim") against Insys based on the Covered Conduct included in the Settlement Agreement. This Allowed Claim shall be treated as a prepetition general unsecured claim, shall not be entitled to priority, shall not be subject to subordination, and its allowance shall not be subject to reconsideration; *provided, however*, that nothing precludes or limits the United States from asserting and exercising its setoff rights, if any, and any defenses the Debtors may have thereto are explicitly preserved. The Allowed Claim shall be the sole remedy of the United States against Insys or its Debtor affiliates with respect to the claims and causes of action related to or arising from the Covered Conduct or the Settlement Agreement. The United States, on the one hand, and the Debtors, on the other hand, shall have no other claims or causes of actions, including but not limited to any causes of action under chapter 5 of the Bankruptcy Code, against each other under or relating to the Settlement Agreement or related to the Covered Conduct, and the United States shall retain the Initial Settlement Payment; *provided, however*, that upon the receipt by the United States of a recovery of $195 million on account of the Allowed Claim (including the Initial Settlement Payment), the United States shall release the remainder of its Allowed Claim.

3.     **Reservation of Rights.** Nothing in this Stipulation shall affect (a) the rights and claims of any federal entity other than rights and claims of OIG-HHS and DHA described in the Settlement Agreement that relate to the Covered Conduct, including but not limited to (i) any claims by HHS related to Insys' Medicare Part D Gap Coverage Agreement, (ii) the United States' setoff and recoupment rights, and (iii) the United States' rights under section 1141(d)(6) of the Bankruptcy Code; or (b) any rights, claims or defenses of the United States or the Debtors (i) concerning any civil, criminal or administrative liability arising under Title 26 of the United States Code, (ii) concerning any criminal liability arising under Title 18 of the United States Code, or (iii) concerning any civil, criminal or administrative liability under federal environmental laws.

4.     **Condition to Effectiveness**. This Stipulation is subject to the approval of the Bankruptcy Court and shall be of no force and effect unless and until an order is entered pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "9019 Order") and the 9019 Order is not subject to a stay. If the Bankruptcy Court states that it will not approve this Stipulation, it shall be null and void and shall not be referred to or used for any purpose by any of the Parties or by other creditors and interested parties in this case; *provided, however*, that until the Bankruptcy Court approves the Stipulation or states that it will not approve this Stipulation, the Parties shall take all appropriate actions in furtherance of the Stipulation.

5.     **No Admission of Liability or Relative Priority**. The Parties acknowledge that this Stipulation is a compromise of disputed claims and that neither admits any liability, fact, or

conclusion regarding the nature and relative priority of their asserted claims and defenses against each other.

6.      **Construction of Ambiguities**. The Parties hereto participated equally in the drafting of this Stipulation, and the rule of law which provides that ambiguities shall be construed against the drafting party in interpreting written instruments shall not be applicable to or used in resolving any dispute over the meaning or intent of this Stipulation.

7.      **Amendment of Stipulation.** This Stipulation may not be amended, except in writing signed by each of the Parties. Further, the terms of this Stipulation shall not be altered, modified or amended in any way through a chapter 11 plan or otherwise.

8.      **No Future Inconsistent Documents**. No future sale order or confirmed chapter 11 plan shall be inconsistent with the terms of this Stipulation.

9.      **Record of Chapter 11 Cases**. This Stipulation shall be filed and become part of the record in the Debtors' chapter 11 cases.

10.     **Effect on Successors.** This Stipulation is binding on the parties' successors and assigns, including, but not limited to, a chapter 11 or chapter 7 trustee.

11.     **Authority.** Each of the undersigned representatives of the Parties hereto warrant that they are authorized to execute this Stipulation.

12.     **Complete Agreement**. This Stipulation is the full and complete agreement of the Parties, and each party agrees that it has entered into this Stipulation voluntarily and without duress.

13.     **Governing Law**. This Stipulation shall be governed by, and construed in accordance with, Federal law and the Bankruptcy Code. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

**THE UNITED STATES OF AMERICA**

DATED: 6/10/19          BY: _____
                        Mary A. Schmergel
                        United States Department of Justice
                        Civil Division
                        *Counsel for the Department of Health and Human Services*
                        *the Defense Health Agency*

**INSYS THERAPEUTICS, INC.,**
*as* **DEBTOR AND DEBTOR-IN-POSSESSION**

DATED:  6/10/2019          BY:  _____
                           Andrece Housley
                           *Chief Financial Advisor*


DATED:                     BY:  _____
                           Geoffrey E. Hobart, Esq.
                           Covington & Burling LLP
                           *Counsel for Insys Therapeutics, Inc.*

**INSYS THERAPEUTICS, INC.,**
*as* **DEBTOR AND DEBTOR-IN-POSSESSION**


DATED:                              BY:   _____
                                    Andrece Housley
                                    *Chief Financial Advisor*


DATED:  6 / 10 / 19   BY:   _____
                                    Geoffrey E. Hobart, Esq.
                                    Covington & Burling LLP
                                    *Counsel for Insys Therapeutics, Inc.*