UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

INSYS THERAPEUTICS, INC. *et al.*,

Debtors.[1]

Chapter 11
Case No. 19-11292 (KG)
(Jointly Administered)

**Related Docket No. 715**

Obj. Deadline: Oct. 15, 2019 at 4:00 p.m.
Hearing Date: Oct. 22, 2019 at 10:00 a.m.

## PRELIMINARY OBJECTION OF THE MDL PLAINTIFFS SOLELY IN RESPECT OF APPROVAL OF CERTAIN SOLICITATION AND VOTING PROCEDURES FOR THE DISCLOSURE STATEMENT FOR JOINT CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY INSYS THERAPEUTICS, INC. AND ITS AFFILIATED DEBTORS

The court-appointed[2] claimants' leadership team[3] in In re National Prescription Opiate Litigation, Case No. 17-md-02804, MDL No. 2804 (N.D. Ohio) (the "**MDL Plaintiffs**"), by and through its undersigned counsel, submits this objection (the "**Objection**") to the approval of the solicitation procedures (the "**Solicitation Procedures**")[4] contained within the *Motion of Debtors for Entry of an Order (I) Approving the Proposed Disclosure Statement and the Form and Manner of the Notice of a Hearing Thereon, (II) Establishing Solicitation and Voting Procedures, (III)*

---

[1] The above-captioned debtors in these cases (the "**Debtors**"), along with the last four digits of each Debtor's federal tax identification number, are: Insys Therapeutics, Inc. (7886), IC Operations, LLC (9659), Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT 355, LLC (0155). The Debtors' mailing address is 1333 South Spectrum Blvd. #100, Chandler, Arizona 85286.

[2] *See Plaintiffs' Renewed Motion to Approve Co-Leads, Co-Liaisons, and Executive Committee, In re: National Prescription Opiate Litigation*, Case No. 17-md-02804, MDL No. 2804, Jan. 4, 2018 (N.D. Ohio) (Dkt. No. 34); *see also* Margin Order Granting Docket. No. 34 (Docket. No. 37).

[3] The leadership team includes the three Co-Lead Counsel, the sixteen-member Plaintiffs' Executive Committee, and three Co-Liaison Counsel.

[4] The MDL Plaintiffs will timely file a separate objection to the remaining components of the Disclosure and Solicitation Procedures Motion that seek approval of the Disclosure Statement itself, and which will incorporate this Objection by reference. The MDL Plaintiffs are filing this separate objection to object to the proposed Voting Claims Deadline (defined herein) as soon as possible given the one-week notice provided by the Debtors of the Voting Claims Deadline.

1

*Scheduling Confirmation Hearing, and (IV) Establishing Notice and Objection Procedures for Confirmation of the Debtors Plan* (the "**Disclosure and Solicitation Procedures Motion**").[5] In support of this Objection, the MDL Plaintiffs respectfully state as follows:

## PRELIMINARY STATEMENT

1.  Pursuant to this Court's order, the bar date for all governmental entities and Indian Tribes is December 9, 2019 (the "**Governmental and Indian Tribe Bar Date**"). *See* Docket No. 294 (the "**Bar Date Order**"); *see also* 11 U.S.C. § 502(b)(9) (stating that claims of governmental units are timely if filed before 180 days after the petition date). This bar date is critical, as it recognizes the importance of the statutory benefit of additional time that the thousands of municipalities and American Indian Tribes harmed by Insys' conduct have to assert their claims. Governmental entities, some of which only received publication notice of these proceedings, were thus entitled to rely on the December 9, 2019 deadline as the deadline to submit their claims in these proceedings.

2.  Now, the Debtors, on *one week's notice*, seek an order proposing that governmental entities and Indian Tribes that the Debtors have not scheduled may not vote on the Debtors' proposed Plan if their claims are not received by the Debtors by October 16, 2019 (the "**Voting Claims Deadline**"). Under the Debtors' proposal, a governmental claimant or Indian Tribe who complies with the Governmental and Indian Tribe Bar Date in reliance on the Bar Date Order, rather than the proposed Voting Claims Deadline, will nevertheless lose one of their most significant rights in a Chapter 11 proceeding – the right to vote on a plan. The only credible

---

[5] Capitalized terms used in this Objection but not otherwise defined shall have the meaning ascribed to them in the Disclosure Statement Motion or the *Joint Chapter 11 Plan of Liquidation of Insys Therapeutics, Inc. and its Affiliated Debtors* [Docket No. 612]

2

explanation for this new retroactive bar date is that it is aimed at disenfranchising governmental entities that have proceeded in reliance on this Court's Bar Date Order.

3. Compounding this inference is the fact that the Debtors' seemingly routine Solicitation Procedures ***provide less than conspicuous disclosure of this new deadline***, which runs and expires only one week from the filing of the motion and almost two months earlier than the court-approved Governmental and Indian Tribe Bar Date. There is no need for a record date that expires before the Governmental and Indian Tribe Bar Date, and certainly no need for a record date that expires prior to the hearing on the Disclosure Statement.

4. This is not a case where DIP milestones or exit funding needs to be closed for a successful reorganization. Nor is this a case where there are a handful of governmental entities whose votes will not be determinative. To the extent the Debtors need to exit from Chapter 11, and the MDL Plaintiffs assuredly agree that they do, it is solely to stem the administrative fee burn. This very real urgency compels conversion of the cases; it is not an excuse to deploy a solicitation structure designed to disenfranchise the largest group of creditors from voting on a plan that materially affects their claims and rights.

5. Putting aside the fatal issues with approval of a Disclosure Statement (including the very classification scheme that governmental creditors will be voting into—which are the subject of coming objections from the MDL Plaintiffs), governmental entities and Indian Tribes (along with the States) here comprise a class of their own – class 7, the SMT Group Claims. Even if the classification scheme is appropriate, the votes of that class have serious implications on whether the Plan can be confirmed, and steps should be taken to ensure that the votes of the governmental entities and Indian Tribes are fulsomely calculated, not surreptitiously quashed. While there are

3

over 800 claims scheduled in this category (and thus entitled to vote), there are hundreds, if not thousands more governmental creditors that hold claims which are not scheduled.

6.  Unfortunately, this apparent gamesmanship comes on the heels of an unsuccessful mediation in which the Debtors, the Committee and the plan's proponents failed to garner the support of the MDL Plaintiffs (and the States)[6] for the Plan. Having failed to achieve the consent of their largest class of creditors, the Debtors seek to diminish their impact on plan confirmation though the Solicitation Procedures.

7.  The MDL Plaintiffs will seek to alert any governmental entities and Indian Tribes in the MDL of this abrupt and unforeseen new deadline. However, it is obvious that many governmental entities and Indian Tribes likely will not be able to file their claims two months early with only a week's notice. Disenfranchising the largest group of creditors in this manner, where the proposed Plan already materially impacts their rights vis-a-vis other unsecured creditors, calls into question whether any vote in Class 7 should be considered reliable in plan confirmation proceedings.

8.  The Court should reject this tactical deployment of solicitation procedures on a week's notice and deny approval of the Solicitation Procedures or modify them as provided herein.

## FACTUAL BACKGROUND[7]

9.  The Debtors filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware on June 10, 2019 (the "**Petition Date**").

---

[6] No State is identified as a Settling Creditor in the Disclosure Statement.
[7] A more fulsome factual background will be contained in the MDL Plaintiffs' objection to the approval of the Disclosure Statement contained in the Disclosure and Solicitation Procedures Motion.

10. On September 17, 2019, the Debtors and Committee filed the "**Plan**" and "**Disclosure Statement**." See Docket Nos. 612[8] and 613[9]. The Plan separates the Debtors' unsecured creditors generally into five separate classes, separates its unliquidated unsecured litigation creditors into four separate classes, sets so-called "negotiated" claim estimates for each group and treats each class dramatically differently in terms of the quantum and type of distribution they would receive from the Plan as a result of the "**Plan Settlement**" with the "**Settling Creditors**."

11. The MDL Plaintiffs are not Settling Creditors, nor are the vast majority of the Debtors' scheduled creditors or creditors that will eventually file claims prior to the December 9, 2019 Governmental and Indian Tribe Bar Date.

## OBJECTION

12. Bankruptcy Rule 3017(d) fixes the "record date" as the date on which the order approving a disclosure statement is entered, "or on another date fixed by the court, *for cause*, after notice and a hearing." (emphasis added).

13. The sum total of the "cause" put forward by the Debtors for the Voting Claims Deadline in the Disclosure and Solicitation Motion is the following sentence: "The Debtors believe that the [Voting Claims Deadline] is appropriate as it facilitates the determination of which claimants are entitled to vote on the Proposed Plan or, in the case of Claim and Interest Holders in Non-Voting Classes, to receive the applicable Notices of Non-Voting Status." Disclosure and Solicitation Procedures Motion ¶ 44.

---

[8] *Joint Chapter 11 Plan Of Liquidation Of Insys Therapeutics, Inc. And Its Affiliated Debtors* (the "**Plan**").

[9] *Disclosure Statement For Joint Chapter 11 Plan Of Liquidation Proposed By Insys Therapeutics, Inc. And Its Affiliated Debtors* (the "**Disclosure Statement**").

14. This conclusory sentence offers no "cause" to disenfranchise governmental entities and Indian Tribes that relied on the Governmental and Indian Tribe Bar Date. Nor could the Debtors offer any credible cause if they had chosen to elaborate: this is not a case with strict DIP financing milestones that must be met, or a business that must emerge quickly from bankruptcy. The sole basis implied for disenfranchising governmental entities – again, on *one week's notice* – appears to be the convenience of the Debtors. Another supportable inference is that the Debtors and plan proponents are attempting to minimize the opposition of the many hundreds of governmental entities and Indian Tribes that may not support the proposed Plan.

15. Setting a voting deadline prior to a claims bar date is (and should be) generally an issue "*of significant concern*" to the official committee appointed in the case. *See* Practical Considerations for Pre-Bar Date Plan Solicitations, 36-JUL Am. Bankr. Inst. J. 42, at 3 (emphasis added) [Attached as **Exhibit A**]. In this case, the official committee has no governmental entity or Indian Tribe members, and has not chosen to raise the obvious and prejudicial impact of this aspect of the motion on the rights of governmental entities and Indian Tribes. Instead, the MDL Plaintiffs have been left to raise this critical issue at their own expense.

16. Rather than arbitrarily shorten the deadline for governmental entities, this case offers clear cause to *extend* the Voting Claims Deadline for governmental entities to after the Governmental and Indian Tribe Bar Date, and to delay any other deadlines proposed to the extent necessary to achieve that result. This is a liquidation case. If the estate fiduciaries insist on proceeding in Chapter 11 then there is no basis (identified by the Debtors or otherwise) for a rapid schedule that will deny governmental entities their right, granted by Congress, to an extended bar date.

17. Other cases in this district have avoided disenfranchising creditors by approving solicitation procedures that set a record date prior to the bar date, but allowing any claimant who files a claim after the record date but before the claim bar date to vote its claim prior to the voting deadline. *See, e.g., In re Violin Memory Inc.*, Case No. 16-12782 (Bankr. D. Del., Mar. 6, 2017) [ECF No. 305 Exhibit 1 at 5] [Attached as **Exhibit B**]. That approach is far more appropriate and would better preserve the rights of the governmental entity creditors.

18. If the Court nonetheless allows the Debtors to move forward on the compressed confirmation schedule they have proposed then, at the very minimum, this Court should require the Debtors to follow the *In re Violin Memory* approach and allow any creditor that timely files a claim after the Voting Claims Deadline but before the proposed November 22, 2019 Voting Deadline to vote its claim prior to that Voting Deadline.

## **CONCLUSION**

19. WHEREFORE, the MDL Plaintiffs request that the Court deny approval of the Solicitation Procedures, and grant such other relief as this Court deems just and proper.

Dated: October 10, 2019  
Wilmington, Delaware

**SULLIVAN · HAZELTINE · ALLINSON LLC**

*/s/ William D. Sullivan*  
William D. Sullivan (No. 2820)  
William A. Hazeltine (No. 3294)  
901 North Market Street, Suite 1300  
Wilmington, DE 19801  
Tel: (302) 428-8191  
Fax (302) 438-8191  
Email: bsullivan@sha-llc.com  
       whazeltine@sha-llc.com

-and-

**BROWN RUDNICK LLP**
David J. Molton (admitted *pro hac vice*)
Kenneth J. Aulet (admitted *pro hac vice*)
Gerard T. Cicero (admitted *pro hac vice*)
Seven Times Square, 47th Floor
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: dmolton@brownrudnick.com
Email: kaulet@brownrudnick.com
Email: gcicero@brownrudnick.com

- and-

**BROWN RUDNICK LLP**
Steven D. Pohl (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
Email: spohl@brownrudnick.com

-and-

**GILBERT LLP**
Scott D. Gilbert (admitted *pro hac vice*)
Craig J. Litherland (admitted *pro hac vice*)
1100 New York Ave, NW, Suite 700
Washington, D.C. 20005
Telephone: (202) 772-2277
Email: gilberts@gilbertlegal.com

*Special Insolvency Counsel to the MDF Plaintiffs*