UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>INSYS THERAPEUTICS INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11292 (KG)<br><br>(Jointly Administered)<br><br>Re D.I.: 798 |

## ORDER APPOINTING MEDIATOR

**WHEREAS**, on September 17, 2019, Insys Therapeutics, Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**") filed the *Joint Chapter 11 Plan of Liquidation of Insys Therapeutics, Inc. and its Affiliated Debtors* [D.I. 612] (the "**Plan**")[2] and the *Disclosure Statement for Joint Chapter 11 Plan of Liquidation Proposed by Insys Therapeutics, Inc. and its Affiliated Debtors* [D.I. 613] (the "**Disclosure Statement**");

**WHEREAS**, on October 8, 2019 the Debtors filed a motion seeking approval of the Disclosure Statement and the proposed procedures for solicitation of the Plan [D.I. 715], which is currently scheduled to be heard on November 8, 2019;

**WHEREAS**, the Debtors, the Official Committee of Unsecured Creditors (the "**Committee**"), counsel to the MDL Plaintiffs' executive committee (the "**PEC**") and counsel to certain states (the "**States**") are in discussions regarding the terms of the Claims Analysis Protocol and the VRT Claims Administrator under Section 5.9 of the Plan. Based on these discussions, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Insys Therapeutics (7886); IC Operations, LLC (9659); Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT 355, LLC (0155). The Debtors' mailing address is 410 S. Benson Lane, Chandler, Arizona 85224.

[2] Capitalized terms used herein have the meaning given in the Plan.

after a few weeks of negotiation, the Debtors, the Committee, the PEC, and the States agree that the appointment of a mediator pursuant to Rule 9019-5 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") is the most efficient and effective mechanism to attempt to facilitate resolution of their disputes regarding the Claims Analysis Protocol;

**WHEREAS**, the Debtors, the Committee, the PEC and the States have agreed to attend a one day mediation to determine whether an agreed upon resolution of the terms of the Claims Analysis Protocol can be reached, subject to the terms of this Order; and

**WHEREAS**, this Court having jurisdiction to consider the Plan, and the relief requested therein and granted herein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of such matters and the relief requested therein and granted herein being core proceedings pursuant to 28 U.S.C. § 157(b); and the Court having authority to enter a final order with respect to these matters consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested and herein granted is in the best interests of the Debtors, their estates and their creditors; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED** that:

1. The Court authorizes and appoints Eric D. Greene (the "**Mediator**") to serve as mediator and conduct non-binding mediation (the "**Mediation**") regarding the terms of the Claims Analysis Protocol between the Debtors, the Committee, the PEC and the States (collectively, the "**Mediation Parties**").

2. Subject to entry of this Order, the Debtors shall pay the Mediator's fees and expenses without further application to or order of this Court. The Mediation shall be limited to

one day (October 23, 2019). The Mediator's fees and expenses for this one day of mediation, including the expenses of any professionals retained by the Mediator, shall not exceed $25,000 (the "**Fee Cap**"). Payment of fees and expenses for any services of the Mediator after October 23, 2019 or in excess of the Fee Cap shall require further approval of this Court.

3. Each Mediation Party shall bear its own costs and expenses incurred in connection with the Mediation, such as attorney's fees, travel, lodging, and meals; *provided, however*, that the Debtors' estates will bear the expenses of the Debtors and the Committee in accordance with the applicable provisions of the Bankruptcy Code.

4. Without limiting the applicability of Local Rule 9019-5(d) (a) discussions among the Mediation Parties, including discussions with or in the presence of the Mediator before or after the entry of this order, (b) any mediation statements or any other documents or information provided to the Mediator or the Mediation Parties in the course of the Mediation, and (c) correspondence, draft resolutions, offers, and counteroffers produced for, or as a result of, the Mediation ((a) through (c), collectively, the "**Mediation Information**"), shall be strictly confidential and shall not be admissible for any purpose in any judicial or administrative proceeding, and no person or Mediation Party, including counsel for any Mediation Party, or any other party, shall in any way disclose to any non-party or to any court, including, without limitation, in any pleading or other submission to any court, any such discussion, mediation statement, other document or information, correspondence, resolution, offer, or counteroffer that may be made or provided in connection with the Mediation, unless otherwise available and not subject to a separate confidentiality agreement that would prevent its disclosure or as authorized by this Court, *provided, however*, evidence shall not be excluded or otherwise considered improper in any judicial or administrative proceeding on the ground that it was developed as an outgrowth of information

supplied in the Mediation, unless such disclosure is otherwise prohibited in a separate confidentiality agreement governing the use of such derivative information.

5. To the extent that any Mediation Party is in possession of privileged or confidential information provided to such Mediation Party pursuant to the terms and conditions of a confidentiality agreement, or other similar agreement, executed (or agreed to via email) with the Debtors or order of this Court entered in connection with the Chapter 11 Cases, such information may be disclosed to the Mediator, but shall otherwise remain privileged and/or confidential and shall not be disclosed to any other Mediation Party; *provided, however*, that confidential, but not privileged, information may be disclosed to another Mediation Party that is also subject to a confidentiality agreement with the Debtors or subject to such Court order, as applicable. Any Mediation Party may provide documents and/or information to the Mediator that are subject to a privilege or other protection from discovery, including the attorney-client privilege, the work product doctrine, or any other privilege, right, or immunity the parties may be entitled to claim or invoke (the "**Privileged Information**"). The party producing such documents and/or information (the "**Producing Party**") to the Mediator must designate such documents and/or information as Privileged Information. By providing the Privileged Information solely to the Mediator and no other party, no Mediation Party nor its respective professionals intends to, or shall, waive, in whole or in part, the attorney-client privilege, the work-product doctrine, or any other privilege, right or immunity they may be entitled to claim or invoke with respect to any Privileged Information or otherwise. The Mediator shall not provide Privileged Information or disclose the contents thereof to any other party without the consent of the Producing Party. No Mediation Party is obligated to provide any documents and/or information, including Privileged Information, to the Mediator.

6. All Mediation Information shall (a) remain confidential, (b) be subject to protection under Rule 408 of the Federal Rules of Evidence and any equivalent or comparable state law and (c) not constitute a waiver of any existing privileges and immunities.

7. Notwithstanding anything to the contrary in the Local Rules, the Mediator may conduct the Mediation as he sees fit, establish rules of the Mediation, and consider and take appropriate action with respect to any matters the Mediator deems appropriate to conduct the Mediation, subject to the terms of this Order.

8. No written record or transcript of any discussion had in the course of the Mediation is to be kept, absent express written agreement by the Mediation Parties; *provided, however*, that the Mediator and any person assisting the Mediator in the performance of his mediation duties shall be entitled to keep such records and take such notes as the Mediator deems necessary or helpful to carry out such duties, and further provided that such records and notes shall be considered Mediation Information.

9. The results of the Mediation are non-binding unless the applicable Mediation Parties otherwise agree. Any resolution that is reached at the Mediation will be subject to Court approval after notice and opportunity for hearing.

10. For the avoidance of doubt, to the extent any part of this Order shall conflict with Local Rule 9019-5, the terms and provisions of this Order shall govern.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

12. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

13. This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

**Dated: October 23rd, 2019**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**