UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| **INSYS THERAPEUTICS, INC.,** *et al.*, | Case No. 19-11292 (KG) |
| Debtors.[1] | Jointly Administered |

**QUALIFIED JOINDER OF VARIOUS STATES
TO THE OBJECTION OF THE MDL PLAINTIFFS TO APPROVAL
OF DISCLOSURE STATEMENT FOR JOINT CHAPTER 11 PLAN OF LIQUIDATION
PROPOSED BY INSYS THERAPEUTICS, INC. AND ITS AFFILIATED DEBTORS**

To the Honorable Kevin Gross, United States Bankruptcy Judge:

The undersigned State Attorneys General ("**Joining Attorneys General**"),[2] creditors and parties-in-interest in the above-captioned chapter 11 cases of Insys Therapeutics, Inc. and its affiliated debtors (the "**Debtors**"), hereby object to the Debtors' disclosure statement (ECF No. 613) (the "**Disclosure Statement**") to the proposed chapter 11 plan (ECF No. 612) (the "**Plan**"). To minimize repetition, the Joining Attorneys General join the objection (ECF No. 835) (the "**Objection**") to the Disclosure Statement filed by the court-appointment claimants leadership team in In re National Prescription Opiate Litigation, Case No. 17-md-02804, MDL No. 2804 (N.D. Ohio) (the "**MDL Plaintiffs**") to the extent set forth herein. In support of their objection and limited joinder, the Joining Attorneys General represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659); Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT 355, LLC (0155). The Debtors' mailing address is 1333 South Spectrum Blvd #100, Chandler, Arizona 85286.

[2] The Joining Attorneys General are Arizona, Colorado, Florida, Maryland, Minnesota, New Jersey and New York, although Florida has also filed its own objection to the Disclosure Statement (ECF No. 836).

1. The Joining Attorneys General join in the MDL Plaintiffs' Objection to the Disclosure Statement to the extent based on:

(a) The Disclosure Statement's failure to describe adequately, as required by Bankruptcy Code section 1125, material facts and information (for example, the nature and potential of derivative actions and expected distributions or waterfall implications) from which a "hypothetical investor typical of the holders of claims and interests in case . . . [could] make an informed judgment about the plan"; and

(b) the fact that the Disclosure Statement describes an unconfirmable plan where classes have been gerrymandered to try to effect the cram down of a reorganization plan that discriminates unfairly, in contravention of Bankruptcy Code section 1129, by, among other things, reducing the recovery of some classes of creditors from the most likely to be realized estate assets in the hope that those creditors will make up the reduction from the most speculative of the Debtors' assets.

2. The Joining Attorneys General, however, do not agree with the MDL Plaintiffs that all creditors should be placed in one class.

3. The Plan proposes to classify claims of the states (the "**States**") with those of all other governmental creditors other than the United States, including cities, counties, towns, and American Indian Tribes. *See* Plan § 4.7. There is, however, no justifiable basis for doing so. The States' claims differ meaningfully from the claims of their cities, counties, and towns. The unique police, regulatory and *parens patriae* bases for State claims, for example, make their claims qualitatively different from the claims of their political subdivisions.

4. Furthermore, even within the confines of the Plan, the proposed single class for the claims of the States, cities, counties, towns and American Indian Tribes is not appropriate. It is irrelevant to the question of classification that the Plan proposes for the States and these other governmental agencies to share in the same pool of assets pursuant to an allocation plan to which they will agree. Indeed, it is this very proposal that unequivocally compels separate classification. Cities, counties and towns cannot not, by dint of numerosity or claim value, speak conclusively for the States that created them through the binding nature of a class vote on the Plan. The MDL Plaintiffs cannot be permitted to control the States of which they are subdivisions.

5. The proposed classification of the States, cities, counties, towns and American Indian Tribes in one class under the Plan, as described by the Disclosure Statement, violates Bankruptcy Code section 1129(a)(1), because it fails to properly classify claims under Bankruptcy Code section 1122.

6. The Court should consider this classification issue while considering approval of the Disclosure Statement. Although some courts have concluded that classification disputes are confirmation, and not disclosure statement, issues, the failure to properly classify claims is, by definition, fatal to obtaining confirmation of a plan of reorganization. *See In re American Capital Equipment, LLC*, 688 F.3d 145 (3d Cir. 2012) (holding that the bankruptcy court may resolve confirmation issues when considering approval of a disclosure statement where the related plan is unconfirmable). This already cash-strapped estate should not be permitted to solicit votes and engage in a contested confirmation hearing where the deficiencies described here and elsewhere make the Plan unconfirmable.

WHEREFORE, the Joining Attorneys General request that the Court deny approval of the Disclosure Statement.[3]

Dated: November 3, 2019

                                      LETITIA JAMES
                                      Attorney General for the State of New York

                                      By: /s/ *Carol Hunt*
                                      Carol Hunt, admitted *pro hac vice*
                                      Office of the New York State Attorney General
                                      28 Liberty Street, 19th Floor
                                      New York, NY 10005
                                      Tel: (212) 416-8005
                                      Email: Carol.Hunt@ag.ny.gov

---

[3] In addition to the undersigned State Attorneys General, the Minnesota Attorney General has advised that it joins in this objection and limited joinder.

   /s/ *Andrew M. Troop*
PILLSBURY WINTHROP SHAW PITTMAN LLP
Andrew M. Troop, admitted *pro hac vice*
31 West 52nd Street
New York, NY 10019
Tel: (212) 858-1000
Email: andrew.troop@pillsburylaw.com

*Counsel for the Department of Law for the State of New York*

MARK BRNOVICH
Attorney General

/s/ NS No. 021327
Neil Singh
Senior Litigation Counsel
Attorney for the State of Arizona

PHILIP J. WEISER,
COLORADO ATTORNEY GENERAL

 /s/ *Megan Paris Rundlet*
Megan Paris Rundlet
Assistant Solicitor General
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado 80203
Megan.Rundlet@coag.gov

ASHLEY MOODY
Attorney General for the State of Florida

 /s/ *Russell Kent*
Patricia A. Conners (FBN #361275)
Chief Associate Deputy
Trish.Conners@myfloridalegal.com
Russell Kent (FBN #20257)
Special Counsel for Litigation
Russell.Kent@myfloridalegal.com
Gregory S. Slemp (FBN #478865)
Senior Assistant Attorney General
Greg.Slemp@myfloridalegal.com
R. Scott Palmer (FBN #220353)
Chief of Complex Enforcement
Scott.Palmer@myfloridalegal.com
PL-01, The Capitol

BRIAN E. FROSH
Attorney General of Maryland

/s/ *Brian T. Edmunds*
BRIAN T. EDMUNDS
SARA E. TONNESEN
Assistant Attorneys General
Office of the Attorney General
200 St. Paul Place
Baltimore, Maryland 21202
(410) 576-6578 (BTE)
(410) 576-6349 (SET)
bedmunds@oag.state.md.us
stonnesen@oag.state.md.us

*Attorneys for the State of Maryland*

GURBIR S. GREWAL
Attorney General of the State of New Jersey

 /s/ *Lara J. Fogel*
Lara J. Fogel, admitted *pro hac vice*
Office of the New Jersey State Attorney General
124 Halsey Street, 5th Floor
Newark, New Jersey 07101
(973) 648-2865
lara.fogel@law.njoag.gov