## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

----------------------------------------------------x
:
In re                                               :          Chapter 11
                                                    :
INSYS THERAPEUTICS, INC., *et al.,*                 :          Case No. 19-11292 (KG)
                                                    :
Debtors.[1]                                         :          Jointly Administered
                                                    :
                                                    :          Re: Docket No. 715
----------------------------------------------------x

## ORDER (I) APPROVING THE DISCLOSURE STATEMENT AND THE FORM AND MANNER OF THE NOTICE OF A HEARING THEREON, (II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES, (III) SCHEDULING CONFIRMATION HEARING, (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE DEBTORS' PLAN, AND (V) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] dated October 8, 2019 [Docket No. 715], of Insys

Therapeutics, Inc. and its affiliated debtors in the above-captioned chapter 11 cases (the "**Chapter**

**11 Cases**"), as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections

105, 502, 1125, 1126, and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**"),

Rules 2002, 3003, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure

(the "**Bankruptcy Rules**"), and Rules 2002-1, 3017-1, and 9006-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "**Local Rules**"), for entry of an order (i) approving the proposed disclosure

statement [Docket No. 929] (together with all schedules and exhibits thereto, and as may be

modified, amended, or supplemented from time to time, the "**Disclosure Statement**") for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659); Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT 355, LLC (0155). The Debtors' mailing address is 410 S. Benson Lane, Chandler, Arizona 85224.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion.

*Second Amended Joint Chapter 11 Plan of Reorganization of Insys Therapeutics, Inc. and Its Affiliated Debtors*, filed November 29, 2019 [Docket No. 928] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Amended Plan**") and the form and manner of the notice of the hearing to consider the Disclosure Statement; (ii) establishing solicitation and voting procedures; (iii) scheduling the Confirmation Hearing (as defined below); and (iv) establishing notice and objection procedures with respect to confirmation of the Amended Plan, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "**Disclosure Statement Hearing**"); and upon the record of the Disclosure Statement Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS:**

I.      **Jurisdiction and Venue.**

A.      Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) with respect to which the Court has authority to enter a final order consistent with Article III of the United States Constitution.

II.     **Notice of the Disclosure Statement Hearing.**

B.      The procedures proposed in the Motion and followed by the Debtors regarding notice to all parties in interest of the time, date, and place of the Disclosure Statement Hearing and the deadline for filing objections to the Disclosure Statement and service of the Disclosure Statement Hearing Notice, provided due, proper, and adequate notice and comply with Bankruptcy Rules 2002, 3017, and 9006 and Local Rules 2002-1, 3017-1, and 9006-1.  No further notice is required.

III.    **The Disclosure Statement.**

C.      The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.  No further information is necessary.

IV.     **Balloting and Voting Procedures.**

D.      The procedures set forth herein and in the Ballot and the Class Ballot (each as defined below) for the solicitation and tabulation of votes to accept or reject the Amended Plan provide for a fair and equitable process and are consistent with section 1126 of the Bankruptcy Code.

### *Ballot and Class Ballot*

E.      The Ballot, substantially in the form attached hereto as **Exhibit 3** (the "**Ballot**"), and the Class Ballot, substantially in the form attached hereto as **Exhibit 4** (the "**Class Ballot**"), including all voting instructions provided therein, are consistent with Official Form No. B 314, address the particular needs of these Chapter 11 Cases, and provide adequate information and instructions for each individual entitled to vote to accept or reject the Amended Plan.  No further information or instructions are necessary with respect to the Ballot or the Class Ballot.

### *Parties Entitled to Vote*

F.      Pursuant to the Amended Plan, holders of Claims in Class 3 (Convenience Class Claims), Class 4 (Trade and Other Unsecured Claims), Class 5 (Insurance Related Claims), Class 6 (Hospital Claims and NAS Monitoring Claims), Class 7 (DOJ Claims), Class 8(a) (State Claims), Class 8(b) (Municipality/Tribe Claims), and Class 9 (Personal Injury Claims) (collectively, the "**Voting Classes**") are entitled to vote on account of such Claims.

### *Parties Not Entitled to Vote*

G.      Pursuant to the Amended Plan, holders of Claims in Class 1 (Secured Claims) and Class 2 (Other Priority Claims) are unimpaired under the Amended Plan pursuant to 1126(f) of the Bankruptcy Code and, accordingly, deemed to accept the Amended Plan and are not entitled to vote on account of such Claims, while holders of Claims or Interests in Class 10 (510(a)/(b) Subordinated Claims), Class 11 (510(c) Subordinated Claims), Class 12 (Intercompany Claims), and Class 13 (Equity Interests) (collectively with Class 1 and Class 2, the "**Non-Voting Classes**") are unlikely to receive or retain any property under the Amended Plan and, accordingly, pursuant to section 1126(g) of the Bankruptcy Code, holders of such Claims or Interests are

4

deemed to reject the Amended Plan and are not entitled to vote on account of such Claims or Interests.

### Solicitation

H.      The proposed distribution and contents of the Solicitation Package (as defined below) and related procedures set forth herein comply with Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1 and constitute sufficient notice of the Confirmation Hearing, the Voting Record Date, the Voting Deadline, the Plan Objection Deadline, the Opt Out Deadline (each as defined below), and all related matters to claimants in the Voting Classes.

I.      The period set forth herein during which the Debtors may solicit votes to accept or reject the Amended Plan and make elections with respect thereto is a reasonable and sufficient period of time for claimants in the Voting Classes to make an informed decision regarding whether to accept or reject the Amended Plan, make elections with respect thereto, and timely return Ballots and Class Ballots evidencing such decisions.

### Non-Voting Status Notices

J.      The notices substantially in the forms attached hereto as **Exhibit 2-1**, **Exhibit 2-2**, and **Exhibit 2-3** (collectively, the "**Non-Voting Status Notices**") comply with the Bankruptcy Code, applicable Bankruptcy Rules, and applicable Local Rules and provide adequate notice to members of the Non-Voting Classes of their non-voting status, the Confirmation Hearing, the Plan Objection Deadline, the Opt Out Deadline, if applicable, and all related matters.  No further notice is necessary.

## V.      The Confirmation Hearing.

K.      The procedures set forth herein regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Amended Plan (the "**Confirmation Hearing**") and for filing objections or responses to the Amended Plan,

including, without limitation, the actual and constructive notice of the Confirmation Hearing provided by the Debtors to claimants and parties in interest provide due, proper, and adequate notice and comply with Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1.  No further notice is required.

L.    All other notices to be provided pursuant to the procedures set forth herein are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing.  No further notice is required.

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted, as set forth herein.

**I.    <u>Disclosure Statement.</u>**

2.    The Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code, including with respect to the free and clear transfer, injunction, exculpation, and release provisions contained in <u>Article X</u> of the Amended Plan, and is approved.

3.    All objections, responses, statements, or comments, if any, in opposition to approval of the Disclosure Statement and/or any other relief requested in the Motion (including any objections on the record at the Disclosure Statement Hearing), other than those withdrawn with prejudice in their entirety prior to, or on the record at, the Disclosure Statement Hearing, are overruled in their entirety.

4.    The form and manner of the notice of the Disclosure Statement Hearing complied with all applicable Bankruptcy Rules and Local Rules.

5.    The Disclosure Statement (including all applicable exhibits and schedules thereto) provides sufficient notice of the free and clear transfer, injunction, exculpation, and release

6

provisions contained in <u>Article X</u> of the Amended Plan to all claimants, creditors, and other parties in interest in accordance with Bankruptcy Rule 3016(c).

II.    <u>**Solicitation and Voting Procedures.**</u>

*Temporary Allowance/Disallowance of Claims*

6.    A claimant who holds a Claim in a Voting Class is nonetheless **not** entitled to vote to the extent that:

a.    As of the Voting Record Date, the outstanding amount of such claimant's Claim is not greater than zero ($0.00);

b.    As of the Voting Record Date, such claimant's Claim has been disallowed, expunged, disqualified, or suspended;

c.    Such claimant's Claim is not scheduled in the Debtors' Schedules, or is scheduled as contingent, unliquidated, or disputed, and such claimant has not timely filed a proof of claim in accordance with the Bar Date Order; or

d.    Such claimant's Claim is subject to an objection or request for estimation as of the Claims Dispute Deadline (as defined below), subject to the procedures set forth below.

For the avoidance of doubt, because the Governmental and Native American Tribes Bar Date has not yet occurred, claimants holding Claims in Voting Class 8(a) (State Claims) and Class 8(b) (Municipality/Tribe Claims), even if scheduled as contingent, unliquidated, or disputed, will be entitled to vote as set forth herein.

7.    Solely for purposes of voting to accept or reject the Amended Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtors in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Amended Plan is temporarily allowed in an amount equal to the amount of such claim as set forth in the Schedules or proof of claim, as applicable; *provided, however*, that:

7

a.  If a Claim is deemed Allowed under the Amended Plan, such Claim is allowed for voting purposes in the deemed Allowed amount set forth in the Amended Plan;

b.  If a proof of claim was timely filed in an amount that is wholly liquidated, non-contingent, and undisputed such Claim is temporarily allowed for voting purposes only in the amount set forth on the proof of claim, unless such Claim is disputed as set forth in subparagraph (l) below;

c.  If a Claim for which a proof of claim has been timely filed is wholly contingent, unliquidated, or disputed (based on the face of such proof of claim or as determined upon the review of the Debtors or the Voting Agent), such claim is accorded one (1) vote and valued at One Dollar ($1.00) for voting purposes only, and not for purposes of allowance or distribution, unless such Claim is disputed as set forth in subparagraph (l) below;

d.  If a Claim is listed on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such Claim is temporarily allowed in the amount that is non-contingent, liquidated, and undisputed, unless such Claim is disputed as set forth in subparagraph (l) below;

e.  Any Claim in Class 8(a), whether or not listed in the Schedules and whether or not listed on a proof of Claim, is accorded one (1) vote and valued at One Dollar ($1.00) for voting purposes only, and not for purposes of allowance or distribution, unless such Claim is disputed as set forth in subparagraph (l) below;

f.  Any Claim in Class 8(b): (i) listed in the Schedules and for which a proof of claim was not filed as of the Voting Record Date, (ii) that is reflected in a lawsuit filed against the Debtors after the Debtors filed the Schedules and before the Voting Record Date, of which lawsuit the Debtors had notice, (iii) held by a party that filed the joinder at Docket No. 834 (the "**Municipal Plaintiffs**"), and/or (iv) with respect to which a Ballot is requested by the Claim holder, regardless of whether such Claim as described in parts (i), (ii), (iii), and/or (iv) of this subparagraph (f) is wholly or partially contingent or non-contingent, liquidated or unliquidated, disputed or undisputed or reflected in a proof of claim filed by the Governmental and Native American Tribes Bar Date, is accorded one (1) vote and valued at One Dollar ($1.00) for voting purposes only, and not for purposes of allowance or distribution, unless such Claim is disputed as set forth in subparagraph (l) below;

g.  If a Claim has been estimated or otherwise allowed for voting purposes by order of this Court, such Claim is temporarily allowed in the amount so estimated or allowed by this Court for voting purposes only;

h.  Any Class Claim (such Class Claims including any proof of claim filed by a purported class representative or its counsel on behalf of more than one claimant), for which a proof of Class Claim has been timely filed, regardless of whether such Class Claim is wholly or partially contingent or non-contingent, liquidated or unliquidated, or disputed or undisputed, is accorded one (1) vote valued at One

8

Dollar ($1.00) (for voting purposes only and not for allowance or distribution) for each Plaintiff Claimant on the Plaintiff Claimant Schedule (each as defined below) attached to the Class Ballot provided to the holder of such Class Claim, unless such Class Claim or a Claim of any represented Plaintiff Claimant is disputed as set forth in subparagraph (l) below;

    i.    Class Ballots may only be submitted and will only be counted on behalf of named holders of Claims consensually represented by the holder of such Class Claim;

    ii.    Any Class Ballot must include a schedule setting forth all holders of Claims asserted through the Class Claim whose votes are included on the Class Ballot (such holders, the "**Plaintiff Claimants**" and such schedule the "**Plaintiff Claimant Schedule**") rather than through an individual Ballot;

    iii.    Any individual Plaintiff Claimant who has filed or purchased a duplicative individual proof of Claim within the same Class as the Class Claim asserting the interests of the Plaintiff Claimant will be provided with a Solicitation Package including a Ballot for voting such individual Plaintiff Claimant's Claim, and any such Ballot completed and submitted by such individual Plaintiff Claimant shall supersede any vote indicated with respect of such Claim on the applicable Class Ballot, regardless of whether the Debtors or any other party in interest have objected to such Claim or Class Claim as duplicative, unless such individual Plaintiff Claimant withdraws or revokes such individual proof of Claim or Ballot; and

    iv.    Plaintiff Claimants that have consented to have their Claim represented through a Class Claim and that have not filed or purchased a duplicative individual Claim (or have filed and withdrawn such a Claim) will not receive any Ballot to vote such Claim. Rather, the holder of the Class Claim asserting the interests of such Plaintiff Claimant shall receive one (1) Ballot for each Class Claim and the holder of such Class Claim will be entitled to vote on behalf of all Plaintiff Claimants subject to subparagraph (h)(iii) above;

i.    Any claimant who has filed or purchased duplicate Claims within the same Class will be provided with only one (1) Solicitation Package and one (1) Ballot for voting a single Claim in such Class (based on the reasonable efforts of the Debtors), regardless of whether the Debtors have objected to such duplicate Claim;

j.    Each entity that holds or has filed more than one (1) non-duplicative Claim within a particular Class shall be treated as if such entity has only one (1) Claim in such Class in the amount aggregate dollar amount of such Claims;

k.    If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim

shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules;

l. If the Debtors or any other party in interest have filed an objection to or a request for estimation of a Claim at least fourteen (14) days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation and subject to the outcome of any Rule 3018 Motion (as defined below) filed in accordance with paragraph 8 of this Order. If the Debtors or any other party in interest file and serve an objection to a portion of a Claim or a request to estimate a Claim at an amount greater than zero dollars, the undisputed portion of such Claim or the proposed estimated value of the Claim, as appropriate, shall be temporarily allowed for voting purposes only and not for the purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the request for estimation or objection and subject to the outcome of any Rule 3018 Motion filed in accordance with paragraph 8 of this Order; *provided*, *however*, that no Claim subject to subparagraph (c), (e), (f) or (h) above shall be temporarily allowed by operation of this sentence in an amount greater than such Claim would be allowed under subparagraph (c), (e), (f) or (h), as applicable; and

m. Votes will be tabulated on a consolidated basis in accordance with the Amended Plan under which the Debtors are substantively consolidated.

8. If any claimant seeks to challenge the allowance of its Claim for voting purposes, then such claimant must file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for voting purposes in a different amount (a "**Rule 3018 Motion**") for purposes of voting to accept or reject the Amended Plan on or before the fourteenth (14th) day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation of such Claim, if any. Upon the filing of a Rule 3018 Motion, such claimant shall be provided with a Ballot, which in turn shall be counted in accordance with the above-designated guidelines, unless temporarily allowed in a different amount by an order of the Court entered prior to or concurrent with entry of an order confirming the Amended Plan.

9.     Each claimant that votes to accept or reject the Amended Plan is deemed to have voted the full amount of its Claim therefor.

### Voting Record Date

10.    The Voting Record Date shall be set as **November 25, 2019**.  Only holders of Claims as of the Voting Record Date shall be entitled to vote to accept or reject to the Amended Plan.

### Claims Dispute Deadline

11.    The Claims Dispute Deadline shall be set as **December 20, 2019 at 4:00 pm (Eastern Time)**.  The Claim Dispute Deadline is the deadline for Debtors and other parties in interest to object to Claims for voting purposes.

### Solicitation Package

12.    The Solicitation Package is approved.

13.    In accordance with Bankruptcy Rule 3017(d), the Debtors shall mail or cause to be mailed the Solicitation Packages no later than the date that is three (3) business days after the entry of this Order (the "**Solicitation Date**") to the U.S. Trustee and any known holders of Claims against the Debtors in the Voting Classes.

14.    In accordance with Bankruptcy Rule 3017(d), the Solicitation Package contains the following enclosures: (i) this Order (without exhibits); (ii) the Amended Plan; (iii) the Disclosure Statement; (iv) the Confirmation Hearing Notice; (v) a Ballot for such holder (customized as appropriate); and (vi) a postage-prepaid, pre-addressed return envelope.

15.    The Debtors are authorized, but not directed, to distribute this Order, the Disclosure Statement, and the Amended Plan in electronic format, including by CD-Rom or flash drive, in the Debtors' discretion; *provided*, *however*, that the Ballot or Class Ballot, as applicable, the Confirmation Hearing Notice, and any other materials in the Solicitation Package shall be

11

provided in paper format; *provided*, *further*, that the Municipal Plaintiffs shall only receive electronic transmission of the Solicitation Package, unless any such holder contacts the Solicitation Agent for a paper copy.  Any party that receives materials in electronic format may contact Epiq Corporate Restructuring, LLC, the Debtors' claims and solicitation agent (the "**Solicitation Agent**"), for such materials in paper format without charge.

16.    In addition to accepting paper Ballots from claimants in the Voting Classes (other than holders of Class Claims with respect to such claims), the Debtors are authorized to accept Ballots electronically through online balloting portals located on the Debtors' restructuring website.  Accordingly, all claimants in the Voting Classes (other than holders of Class Claims with respect to such Claims) are permitted to cast an electronic Ballot and electronically sign and submit their Ballot instantly by utilizing the applicable online balloting portal (which permits holders to submit electronic signatures).  Instructions for the electronic online transmission of Ballots are set forth on the form of Ballot attached hereto as **Exhibit 3**.

17.    With respect to addressees from which Solicitation Packages are returned as undeliverable by the United States Postal Service, the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of Amended Plan to those entities listed at such addresses, unless the Debtors are provided with accurate addresses for such entities before the Voting Deadline, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Amended Plan to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017.

18.    The Debtors shall not be required to send Solicitation Packages to claimants that have Claims that have already been paid in full; *provided*, *however*, that if, and to the extent

12

that, any such claimant would be entitled to receive a Solicitation Package for any other reason, then the Debtors shall send such claimant a Solicitation Package in accordance with the procedures set forth herein.

### *Ballot and Class Ballot*

19.     The Ballot and the Class Ballot are approved.

20.     The deadline for claimants in the Voting Classes to deliver a completed Ballot or Class Ballot, as applicable, to the Solicitation Agent so as to be counted as a vote to accept or reject the Amended Plan, and/or, if applicable, an election to opt out of certain third party release provisions, is **January 6, 2020 at 5:00 p.m. (Pacific Time)** (the "**Voting Deadline**").

21.     Claimants in the Voting Classes shall receive a customized Ballot substantially in the form attached hereto as **Exhibit 3**, or a Class Ballot substantially in the form attached hereto as **Exhibit 4**, as applicable, which Ballot must be properly executed (electronically or manually, or with respect to a Class Ballot, manually only), completed, and delivered to the Solicitation Agent by first-class mail, overnight courier, hand delivery, or the applicable online balloting portal, so that it is **actually received** by the Solicitation Agent no later than the Voting Deadline.

### *Non-Voting Status Notices and Opt Out Election Form*

22.     The Non-Voting Status Notices and the form attached to such notices, as applicable and described below, as **Exhibit A** (the "**Opt Out Election Form**"), allowing members of applicable Non-Voting Classes to opt out of certain third party release provisions, are approved.

23.     To holders of Claims in Class 1 and Class 2, the Debtors shall send the Non-Voting Status Notice in substantially the form attached hereto as **Exhibit 2-1** in lieu of a Solicitation Package.  To holders of Claims or Interests in Class 10, Class 12, and Class 13, the Debtors shall send the Non-Voting Status Notice in substantially the form attached hereto as

13

**Exhibit 2-2** in lieu of a Solicitation Package.  To holders of Claims in Class 11, the Debtors shall send the Non-Voting Status Notice in substantially the form attached hereto as **Exhibit 2-3** in lieu of a Solicitation Package.  Consistent with the Amended Plan, holders of Claims or Interests in Class 10, Class 11, Class 12, and Class 13 shall receive the Opt Out Election Form; holders of Claims in Class 1 and Class 2 shall not.

24.    The Debtors shall mail each holder of a Claim or Interest in the Non-Voting Classes a paper copy of the applicable Non-Voting Status Notice by the Solicitation Date; *provided*, *however*, that holders of Equity Interests in Class 13 that have requested to receive notices with respect to such Interests from their bank, broker, or other nominee, or such firm's agent, in electronic form only shall only receive electronic transmission of the Non-Voting Status Notice, unless any such holder contacts the Solicitation Agent for a paper copy.

25.    The deadline for interested parties to opt out of certain third party release provisions in the Amended Plan by delivering a completed Opt Out Election Form to the Solicitation Agent is **January 6, 2020 at 5:00 p.m. (Pacific Time)** (the "**Opt Out Deadline**").

26.    In addition to accepting paper Opt Out Election Forms from members of the Non-Voting Classes, the Debtors are authorized to accept Opt Out Election Forms electronically through the Debtors' restructuring website.  Instructions for the electronic online transmission of Opt Out Election Forms are set forth on each Opt Out Election Form as attached to the applicable Non-Voting Status Notices.

### *Notices to Executory Contract and Unexpired Lease Counterparties*

27.    The Debtors are not required to distribute copies of the Amended Plan or the Disclosure Statement to any party to an executory contract or unexpired lease who holds a Claim that is not allowed, filed, or scheduled.

14

28.    The Debtors shall send each counterparty to an executory contract or unexpired lease to be assumed and assigned to the Insys Liquidation Trust pursuant to the Amended Plan an Assumption and Assignment Notice, substantially in the form attached hereto as **Exhibit 5**, by the Solicitation Date.

### *Tabulation Procedures*

29.    The following tabulation procedures are approved:

a.    Whenever a claimant casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect the voter's intent, and thus, to supersede any prior Ballot.

b.    Whenever a claimant casts a Ballot that is properly completed, executed, and timely returned to the Solicitation Agent, but does not indicate either an acceptance or rejection of the Amended Plan, the Ballot shall not be counted.

c.    Except in the instance of a Class Ballot, whenever a claimant casts a Ballot that is properly completed, executed, and timely returned to the Solicitation Agent, but indicates both an acceptance and a rejection of the Amended Plan, the Ballot shall not be counted.

d.    The following Ballots or Class Ballots shall not be counted:

    i.    Any Ballot or Class Ballot received after the Voting Deadline, unless the Debtors shall have granted an extension of the Voting Deadline in writing with respect to such Ballot;

    ii.    Any Ballot or Class Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

    iii.    Any Ballot or Class Ballot cast by a person or entity that does not hold a Claim in a Voting Class;

    iv.    Any Ballot or Class Ballot cast by a person who is not entitled to vote, even if such individual holds a Claim in a Voting Class;

    v.    Any Ballot or Class Ballot that does not contain a manual or electronic signature; *provided*, *however*, that any Ballot cast via the online balloting portals, will be deemed to contain an electronic signature; or

    vi.    Any Ballot or Class Ballot transmitted to the Solicitation Agent by means not specifically approved herein.

RLF1 22537862V.1

e. If a party that is entitled to vote has more than one Claim within the same Class against a Debtor based upon different transactions, the Debtors propose that said party shall be entitled to one (1) vote for numerosity purposes in the aggregate dollar amount of all of said Claims, *provided*, *however*, that, for the avoidance of doubt, to the extent a holder of a Class Claim is entitled to vote on behalf of participants in the Class Claim, such holder shall be entitled to a number of votes equal to the number of participants represented by such holder. Moreover, given that the Amended Plan provides for substantive consolidation of the Debtors, the Ballots of Creditors that have filed duplicate claims in any given Class, or that have asserted guarantee or other multi-debtors Claims for the same underlying liability that are classified in the same class, shall be counted only once.

30. The Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Ballot or Class Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the voting report.

31. Any Class that contains Claims entitled to vote but for which no valid votes are returned shall be deemed to have accepted the Amended Plan.

32. With respect to transfers of Claims filed pursuant to Bankruptcy Rule 3001, the holder of a Claim as of the Voting Record Date shall be the transferor of such Claim and entitled to cast the Ballot or Class Ballot with respect to that Claim unless the documentation evidencing such transfer was docketed by the Court on or before **twenty-one (21) days** prior to the Voting Record Date and no timely objection with respect to such transfer was filed by the transferor.

33. To assist in the solicitation process, the Solicitation Agent may, but is not obligated to, contact parties that submit incomplete or otherwise deficient Ballots or Class Ballots to cure such deficiencies.

## III.    The Confirmation Hearing.

34. The Confirmation Hearing shall be held on **January 16-17, 2020 at 9:00 a.m. (Eastern Time)**; *provided*, *however*, that the Confirmation Hearing may be adjourned from time to time without further notice to parties in interest other than by an announcement in the

16

Bankruptcy Court of such adjournment on the date scheduled for the Confirmation Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Court.

35.     Any party in interest that intends to present evidence or contest any party's evidence in person at the Confirmation Hearing (a "**Proposed Participant**") must file with the Bankruptcy Court a notice indicating that intent by no later than December 20, 2019 (a "**Notice of Intent**").  Unless otherwise ordered by the Bankruptcy Court, only a Proposed Participant who timely files a Notice of Intent may present evidence or examine evidence presented by other parties in person at the Confirmation Hearing (each such party in interest a "**Participating Party**").  The Participating Parties shall include: (i) the Debtors, (ii) the Creditors' Committee, (iii) the SMT Group Participants (as defined in the Disclosure Statement), (iv) the U.S. Trustee, and (v) the Securities and Exchange Commission, in each case, without the need to file a Notice of Intent. This Order does not confer standing on a Participating Party merely by the Participating Party's filing of a Notice of Intent.  Participating Parties must comply with all other dates and deadlines, including the Plan Objection Deadline, the Opt Out Deadline and the Voting Deadline, if applicable, set forth in this Order.  For the avoidance of doubt, any party in interest with requisite standing may file an objection to confirmation of the Plan and prosecute such objection at the Confirmation Hearing regardless of whether such party timely files a Notice of Intent but such party may not present evidence or contest any party's evidence at the Confirmation Hearing (other than legal argument related to that evidence) unless such party timely files a Notice of Intent.

### Objection Procedures

36.     The deadline to object or respond to confirmation of the Amended Plan shall be **January 6, 2020 at 4:00 p.m. (Eastern Time)** (the "**Plan Objection Deadline**").

37. Objections and responses, if any, to confirmation of the Amended Plan, must: (a) be in writing, (b) conform to the Bankruptcy Rules and the Local Rules, (c) set forth the name of the objecting party, the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtors' estates or property, (d) set forth the basis for the objection and the specific grounds therefor, and (e) be filed, together with proof of service.

38. Registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses.  All other parties in interest must file their objections and responses in writing with the United States Bankruptcy Court Clerk's Office, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, to the attention of the chambers of the Honorable Kevin Gross, United States Bankruptcy Judge.

39. Any objections or responses must also be served upon the Notice Parties. Pursuant to Bankruptcy Rule 3020(b), if no objection is timely filed, the Bankruptcy Court may determine that the Amended Plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues.

40. Objections to confirmation of the Amended Plan that are not timely filed in the manner set forth above may not be considered and may be deemed overruled.

41. The Debtors are authorized to file replies or an omnibus reply to any objections to confirmation of the Amended Plan until January 13, 2020 at 4:00 p.m. (Eastern Time).

### *Confirmation Hearing Notice*

42. The notice of the Confirmation Hearing in substantially the form attached hereto as **Exhibit 1** (the "**Confirmation Hearing Notice**") is approved.

43. The Debtors shall mail a paper copy of the Confirmation Hearing Notice by the Solicitation Date to each holder of a Claims in the Voting Classes (along with the Solicitation

Packages), each counterparty to executory contracts or unexpired leases to be assumed and assigned to the Insys Liquidation Trust pursuant to the Amended Plan, and all parties in interest on the Debtors' creditor matrix.[3]

44.    The Debtors shall use commercially reasonable efforts to publish the Confirmation Hearing Publication Notice, which shall contain substantially similar information as the Confirmation Hearing Notice with any necessary modifications for ease of publication, once in the national editions of each of *The New York Times* and *USA Today*, within ten (10) business days after entry of this Order, or as soon as practicable thereafter.

45.    Publication of the Confirmation Hearing Notice as set forth in this Order is reasonably calculated to provide notice to unknown creditors of the Confirmation Hearing and the Plan Objection Deadline and is hereby approved and no other or further notice shall be required.

IV.    **General.**

46.    The submission of a Ballot in connection with the Plan and/or the filing and prosecution of one or more proofs of claim in these bankruptcy cases shall not constitute or be deemed a waiver of the sovereign immunity of any Native American Tribe (as defined in the Bar Date Order).

47.    The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Amended Plan, the Ballot, the Class Ballot, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Amended Plan, and any other materials in the Solicitation Package prior to mailing.

---

[3] Holders of Claims or Interests in the Non-Voting Classes shall receive notice of the Confirmation Hearing in the Non-Voting Status Notices, which shall also be mailed by the Solicitation Date.

48.    The Debtors are authorized to take all steps necessary to carry out this Order.

49.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementations, interpretation, and/or enforcement of this Order.

**Dated: December 4th, 2019**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**