**<u>Exhibit 1</u>**

**Confirmation Hearing Notice**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

------------------------------------------------------x
                                                :

In re                                         :         Chapter 11
                                                :

**INSYS THERAPEUTICS, INC.,** *et al.,*   :         Case No. 19-11292 (KG)
                                                :

                   **Debtors.**[1]           :         Jointly Administered
                                                :

                                                :         Re: Docket No. ___
------------------------------------------------------x

**NOTICE OF (I) APPROVAL OF THE DISCLOSURE
STATEMENT, (II) ESTABLISHMENT OF SOLICITATION AND
VOTING PROCEDURES, (III) SCHEDULING OF CONFIRMATION
HEARING, AND (IV) ESTABLISHMENT OF NOTICE AND OBJECTION
PROCEDURES FOR CONFIRMATION OF THE JOINT CHAPTER 11 PLAN OF
LIQUIDATION OF INSYS THERAPEUTICS, INC. AND ITS AFFILIATED DEBTORS**

        **PLEASE TAKE NOTICE THAT** on November 29, 2019, Insys Therapeutics, Inc. and its affiliated debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), as debtors and debtors in possession (collectively, the "**Debtors**"), filed the *Second Amended Joint Chapter 11 Plan of Liquidation of Insys Therapeutics, Inc. and Its Affiliated Debtors* [Docket No. 928] (as may be amended, modified, or supplemented, the "**Plan**")[2] and the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Liquidation Proposed by Insys Therapeutics, Inc. and Its Affiliated Debtors* [Docket No. 929] (as may be amended, modified, or supplemented, the "**Disclosure Statement**"). On [●], 2019, the Bankruptcy Court entered an order [Docket No. [●]] (the "**Disclosure Statement Order**"): (i) approving the Disclosure Statement as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (ii) scheduling the Confirmation Hearing and other dates related thereto; (iii) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (iv) approving the manner and forms of certain notices.

        **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Disclosure Statement Order, the Bankruptcy Court approved the following dates and deadlines:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659); Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT 355, LLC (0155). The Debtors' mailing address is 410 S. Benson Lane, Chandler, Arizona 85224.

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement Order.

| Event | Date |
|---|---|
| Voting Record Date | November 25, 2019 |
| Disclosure Statement Hearing | December 4, 2019 at 9:00 a.m. (Eastern Time) |
| Distribution of Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, and Assumption and Assignment Notices | Within three (3) business days following entry of the Disclosure Statement Order, expected to be by December 9, 2019[3] |
| Deadline for Debtors and Other Parties in Interest to Object to Claims for Voting Purposes | December 20, 2019 at 4:00 p.m. (Eastern Time) |
| Deadline to File a Notice of Intent | December 20, 2019 |
| Rule 3018 Motion Filing Deadline | The fourteenth (14th) day after the later of service of notice of (i) the Confirmation Hearing and (ii) a Claim objection or request for estimation |
| Plan Supplement Filing Deadline | December 30, 2019 at 11:59 p.m. (Eastern Time) |
| Voting Deadline and Opt Out Deadline | January 6, 2020 at 5:00 p.m. (Pacific Time) |
| Plan Objection Deadline | January 6, 2020 4:00 p.m. (Eastern Time) |
| Deadline to File Objections to Assumption and Assignment | January 6, 2020 at 4:00 p.m. (Eastern Time) |
| Deadline to File (a) Confirmation Brief, (b) Replies to Plan Objections, (c) Declarations in Support of Confirmation, and (d) Voting Certification | January 13, 2020 at 4:00 p.m. (Eastern Time) |
| Confirmation Hearing | January 16-17, 2020 at 9:00 a.m. (Eastern Time) |

**PLEASE TAKE FURTHER NOTICE** that (i) a hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") will be held before the Honorable Kevin Gross, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), 824 North Market Street, 6th Floor, Courtroom 3, Wilmington, Delaware 19801, on **January 16-17, 2020 at 9:00 a.m. (Eastern Time)**, and (ii) the deadline for filing objections to the confirmation of the Plan is **January 6, 2020 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

---

[3] The Solicitation Agent (as defined herein) is using its best efforts to distribute Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, and Assumption and Assignment Notices by the date proposed herein.

2

You are receiving this notice as you have been identified as a holder of a Claim in a Voting Class,[4] a counterparty to certain executory contracts or unexpired leases of the Debtors, or other party in interest of the Debtors. If you are a member of a Voting Class, you have been or will be provided with a solicitation package (the "**Solicitation Package**") which includes copies, on a CD-ROM or flash drive or in paper copy, of (i) the Plan; (ii) the Disclosure Statement; (iii) the Disclosure Statement Order; (iv) this Notice; (v) an appropriate Ballot; (vi) a pre-addressed stamped return envelope; and (vii) such other materials as the Bankruptcy Court directs. Upon receipt, please review the Ballot(s) and the attached instructions for how to vote on the Plan. Failure to follow the voting instructions may disqualify your vote. If you are a counterparty to an executory contract or unexpired lease of the Debtors that is to be assumed by the Debtors and assigned to the Insys Liquidation Trust under the Plan, you have been or will be provided with an Assumption and Assignment Notice setting forth any Cure Cost associated with your contract or lease. If you wish to obtain a paper copy of the Plan or the Disclosure Statement, you may contact Epiq Corporate Restructuring, LLC, the Debtors' claims and solicitation agent (the "**Solicitation Agent**"), by telephone, Toll Free at (855) 424-7683 or +1 (503) 520-4461; or in writing at Insys Therapeutics, Inc., c/o Epiq Corporate Restructuring, 10300 SW Allen Blvd., Beaverton, OR 97005; or by email at tabulation@epiqglobal.com with a reference to "Insys Therapeutics" in the subject line. Interested parties may also review the Disclosure Statement and the Plan free of charge at https://dm.epiq11.com/Insys. In addition, the Disclosure Statement and the Plan are on file with the Bankruptcy Court and may be reviewed by accessing the Bankruptcy Court's website: www.deb.uscourts.gov. Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website. A PACER password can be obtained at: www.pacer.psc.uscourts.gov. Copies of the Disclosure Statement and the Plan may also be examined by interested parties during normal business hours at the office of the Clerk of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** THAT ANY CREDITOR THAT SUBMITS A BALLOT OR A CLASS BALLOT BY THE VOTING DEADLINE (AS DEFINED BELOW) THAT INDICATES SUCH CREDITOR'S ELECTION TO OPT OUT OF THE THIRD-PARTY RELEASE PROVISIONS SET FORTH IN ARTICLE 10.5(B) OF THE PLAN BY JANUARY 6, 2020 AT 5:00 P.M. (PACIFIC TIME) WILL BE DEEMED TO OPT OUT OF GRANTING SUCH THIRD-PARTY RELEASES.

**PLEASE TAKE FURTHER NOTICE** that, if a holder of a Claim wishes to challenge the allowance or disallowance of a Claim for voting purposes, such person or entity must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "**Rule 3018 Motion**") no later than **4:00 p.m. (Eastern Time) on the fourteenth (14th) day after the later of (i) service of this Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimation of a Claim** and serve the Rule 3018 Motion on the Debtors and any party in interest that has objected to the allowance of such Claim. Rule 3018 Motions that are not timely filed in the manner set forth above shall not be considered.

**PLEASE TAKE FURTHER NOTICE** that, if a party in interest wishes to participate in the Confirmation Hearing to present evidence or contest any party's evidence, then such party in

---

[4] The "**Voting Classes**" are Class 3 (Convenience Class Claims), Class 4 (Trade and Other Unsecured Claims), Class 5 (Insurance Related Claims), Class 6 (Hospital Claims and NAS Monitoring Claims), Class 7 (DOJ Claims), Class 8(a) (State Claims), Class 8(b) (Municipality/Tribe Claims), and Class 9 (Personal Injury Claims).

3

interest must file with the Bankruptcy Court a Notice of Intent by no later than **December 20, 2019**. Unless otherwise ordered by the Bankruptcy Court, only those Proposed Participants who timely file Notices of Intent may present evidence or examine evidence presented by other parties in person at the Confirmation Hearing.  Such Participating Parties must comply with all other dates and deadlines, including the Plan Objection Deadline, the Opt Out Deadline, and the Voting Deadline, if applicable. However, any party in interest with requisite standing may file an objection to confirmation of the Plan and prosecute that objection at the Confirmation Hearing regardless of whether such party timely files a Notice of Intent, but such party may not present evidence or contest any party's evidence at the Confirmation Hearing (other than legal argument related to that evidence) unless such party timely files a Notice of Intent.

**PLEASE TAKE FURTHER NOTICE** that the deadline to vote on the Plan is **January 6, 2020 at 5:00 p.m. (Pacific Time)** (the **"Voting Deadline"**).  If you receive a Ballot and are entitled to vote on the Plan, the Solicitation Agent must receive your Ballot by the Voting Deadline, otherwise your vote may not be counted.

### NOTICE REGARDING CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS IN THE PLAN

**ARTICLE X OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.  FOR YOUR CONVENIENCE, SUCH PROVISIONS ARE SET FORTH ON EXHIBIT 1 HERETO. BELOW IS A SUMMARY OF THE THIRD-PARTY RELEASE PROVISIONS.  FOR THE AVOIDANCE OF DOUBT, TO THE EXTENT ANY PROVISION OF THIS NOTICE CONFLICTS WITH THE TERMS OF THE PLAN, THE TERMS OF THE PLAN WILL CONTROL.**

**SUMMARY OF RELEASE PROVISIONS:**

**PURSUANT TO THE PLAN, CERTAIN PARTIES ARE RELEASING THE RELEASED PARTIES, WHICH INCLUDE CERTAIN THIRD PARTIES, FROM CERTAIN CLAIMS AND CAUSES OF ACTION.**

**AS SET FORTH IN THE PLAN, SUCH PARTIES RELEASING THE RELEASED PARTIES INCLUDE ALL PERSONS, INCLUDING ALL GOVERNMENTAL, TAX, AND REGULATORY AUTHORITIES, LENDERS, TRADE CREDITORS, DEALERS, CUSTOMERS, EMPLOYEES, LITIGATION CLAIMANTS, AND OTHER CREDITORS, HOLDING CLAIMS, LIENS, INTERESTS, CHARGES, ENCUMBRANCES, AND OTHER INTERESTS OF ANY KIND OR NATURE WHATSOEVER, INCLUDING RIGHTS OR CLAIMS BASED ON ANY SUCCESSOR OR TRANSFEREE LIABILITY, AGAINST OR IN A DEBTOR OR THE TRUST ASSETS (WHETHER LEGAL OR EQUITABLE, SECURED OR UNSECURED, MATURED OR UNMATURED, CONTINGENT OR NONCONTINGENT, KNOWN OR UNKNOWN), ARISING UNDER OR OUT OF, IN CONNECTION WITH, OR IN ANY WAY RELATING TO THE DEBTORS, THE TRUST ASSETS, THE OPERATION OF THE TRUST ASSETS PRIOR TO THE EFFECTIVE DATE, OR THE TRUST FORMATION TRANSACTIONS.**

> **ACCORDINGLY, IF YOU ARE ENTITLED TO RECEIVE A BALLOT TO VOTE ON THE PLAN, AND THE PLAN IS APPROVED, YOU WILL BE DEEMED TO GRANT THE THIRD-PARTY RELEASES PROVIDED FOR IN THE PLAN UNLESS YOU OPT OUT OF THE THIRD-PARTY RELEASES ON YOUR BALLOT.  THIS APPLIES EVEN IF YOU (A) DO NOT VOTE IN FAVOR OF THE PLAN AND (B) OBJECT TO THE PLAN.**

**PLEASE TAKE FURTHER NOTICE** that any objection to confirmation of the Plan must be filed with the Bankruptcy Court **by no later than the Objection Deadline**.

**PLEASE TAKE FURTHER NOTICE THAT** registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses.  All other parties in interest must file their objections and responses in writing with the United States Bankruptcy Court Clerk's Office, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, to the attention of the chambers of the Honorable Kevin Gross, United States Bankruptcy Judge.

**PLEASE TAKE FURTHER NOTICE THAT** any objections or responses must be served on the following parties (collectively, the "**Notice Parties**"):

| *Counsel to the Debtors* <br> Weil, Gotshal & Manges LLP <br> 767 Fifth Avenue <br> New York, New York  10153 <br> Attn:   Gary T. Holtzer <br>            Ronit J. Berkovich <br>            Candace M. Arthur <br>            Brenda L. Funk <br>            Olga F. Peshko | *Office of the U.S. Trustee* <br> Office of the U.S. Trustee for the District of Delaware <br> 844 King Street, Suite 2207 <br> Wilmington, Delaware  19899 <br> Attn:    Jane Leamy, Esq. |
|---|---|
| | *Counsel to the Creditors' Committee* <br> Akin Gump Strauss Hauer & Feld LLP <br> One Bryant Park <br> New York, New York 10036 <br> Attn:    Arik Preis <br>             Mitchell Hurley <br>             Edan Lisovicz |
| *Co-Counsel to the Debtors* <br> Richards, Layton & Finger, P.A. <br> 920 N. King Street <br> Wilmington, Delaware 19801 <br> Attn:  John H. Knight <br>          Paul N. Heath <br>          Zachary Shapiro <br>          Christopher M. De Lillo | *Co-Counsel to the Creditors' Committee* <br> Bayard, P.A. <br> 600 N. King Street, Suite 400 <br> Wilmington, Delaware 19801 <br> Attn:    Justin R. Alberto <br>             Erin R. Fay <br>             Daniel N. Brogan |

**PLEASE TAKE FURTHER NOTICE THAT IF AN OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Hearing may be adjourned from time to time without further notice to parties in interest other than by an announcement

in the Bankruptcy Court of such adjournment on the date scheduled for the Confirmation Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court. The Debtors may modify the Plan, if necessary, prior to, during, or as a result of the Confirmation Hearing without further notice.

Dated: _____, 2019
      Wilmington, Delaware

RICHARDS, LAYTON & FINGER, P.A.
John H. Knight (No. 3848)
Paul N. Heath (No. 3704)
Zachary Shapiro (No. 5103)
Christopher M. De Lillo (No. 6355)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

WEIL, GOTSHAL & MANGES LLP
Gary T. Holtzer (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Brenda L. Funk (admitted *pro hac vice*)
Olga F. Peshko (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for the Debtors
and Debtors in Possession*

**EXHIBIT 1**

**Section 10.5(a)**         **Releases by Debtors**.

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including, without limitation, the service of the Released Parties[1] before and during the Chapter 11 Cases to facilitate the liquidation of the Debtors and the implementation of the Trust Formation Transactions, and except as otherwise explicitly provided in the Plan or in the Confirmation Order, the Released Parties shall be deemed conclusively, absolutely, unconditionally, irrevocably and forever released, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, by the Debtors and the Estates from any and all Claims, counterclaims, disputes, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, Liens, remedies, losses, contributions, indemnities, costs, liabilities, attorneys' fees and expenses whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors or their Estates (including any Causes of Action arising under chapter 5 of the Bankruptcy Code), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty,**

---

[1] **Released Parties** means, collectively, (i) the Debtors, (ii) the Creditors' Committee and its members, solely in their capacity as such, and (iii) with respect to each of the foregoing Persons in clauses (i) and (ii), such Persons' (a) predecessors, successors, permitted assigns, subsidiaries, and controlled affiliates, (b) officers and directors, principals, members, employees, financial advisors, attorneys, accountants, investment bankers, consultants, experts (for the avoidance of doubt, including but not limited to Nathan Associates, Inc. and its officers, directors, and employees), and other professionals; provided, however, that no such Person described in the foregoing clause (b) shall be a Released Party unless such Person was employed or engaged in such capacity on or after the Petition Date, or, in the case of any professional, was retained pursuant to sections 327 or 1102 of the Bankruptcy Code in these Chapter 11 Cases, and (c) respective heirs, executors, estates, and nominees, in each case solely in their capacity as such; provided, however, that no Person listed on the Non-Released Party Exhibit, to be filed as part of the Plan Supplement (no later than the Plan Supplement Filing Deadline) and as may be amended at the Confirmation Hearing pursuant to the process described in this "Released Parties" definition, shall be a Released Party. The Non-Released Party Exhibit shall include only those parties that the Debtors and the Creditors' Committee, in the exercise of their fiduciary duties, and the SMT Group Representatives mutually agree should be placed on such list. If at the time of filing of the Non-Released Party Exhibit, the Debtors, the Creditors' Committee, and the SMT Group Representatives do not agree as to who should be placed on the Non-Released Party Exhibit, the Plan Supplement shall contain two documents: first, the Non-Released Party Exhibit, and second, the Additional Party List, which will list any additional parties that the Creditors' Committee and/or the SMT Group Representatives believe should be on the Non-Released Party Exhibit. At the Confirmation Hearing, the Debtors shall be required to present argument as to why the parties on the "Additional Party List" should be exculpated and/or released, and the Creditors' Committee and/or the SMT Group Representatives (and any other party that would like) shall be required to present argument as to why such Party should be on the Non-Released Party Exhibit. The Bankruptcy Court shall make the decision, at the Confirmation Hearing, with regard to which, if any, of the parties on the Additional Party List shall be added to the Non-Released Party Exhibit. Notwithstanding anything to the contrary contained herein, if no Cause of Action of the kind released or exculpated under Sections 10.5 or 10.6 hereof, respectively, has been instituted against a Person on the Non-Released Party Exhibit within one (1) year after the Effective Date, such Person's name shall be deemed automatically removed from such Non-Released Party Exhibit and such Person shall be entitled to the releases and exculpations set forth in the Plan as if such Person otherwise satisfies the definition of "Released Parties" or "Exculpated Parties."

requirement or otherwise, that the Debtors or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, their Estates, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party (including the exercise of any common law or contractual rights of setoff or recoupment by any Released Party at any time on or prior to the Effective Date), the Trust Formation Transactions, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Disclosure Statement, the Plan, and related agreements, instruments, and other documents, and the negotiation, formulation, preparation or implementation thereof, the solicitation of votes with respect to the Plan, or any other act or omission; provided, however, that the Debtors do not release, and the Insys Liquidation Trust shall retain, Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party that is a criminal act or constitutes fraud, gross negligence, or willful misconduct; provided, further, that the Debtors do not release, and the Insys Liquidation Trust shall retain, Causes of Action against current or former employees of the Debtors related to any key employee retention plan (or any other retention or incentive plan) agreements entered into between the Debtors and certain of their employees prior to the Petition Date, or any Claims or Causes of Action arising out of chapter 5 of the Bankruptcy Code related to the key employee retention plan (or any other retention or incentive plan) agreements. The Debtors, the Trusts, and any other newly-formed entities that shall be continuing the Debtors' businesses after the Effective Date shall be bound, to the same extent the Debtors are bound, by the releases set forth in this Section. For the avoidance of doubt, Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party prior to the Effective Date that is later found to be a criminal act or to constitute fraud, gross negligence, or willful misconduct, including findings after the Effective Date, are not released pursuant to this Section 10.5(a) of the Plan.

**Section 10.5(b)** Releases by Holders of Claims and Interests.

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including, without limitation, the service of the Released Parties before and during the Chapter 11 Cases to facilitate the liquidation of the Debtors and the implementation of the Trust Formation Transactions, and except as otherwise explicitly provided in the Plan or in the Confirmation Order, the Released Parties shall be deemed conclusively, absolutely, unconditionally, irrevocably and forever released, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, except as otherwise explicitly provided herein, by (i) the holders of all Claims who vote to accept the Plan, (ii) the holders of all Claims that are Unimpaired under the Plan, (iii) the holders of all Claims whose vote to accept or reject the Plan is solicited but who (a) do not vote either to accept or to reject the Plan and (b) do not opt out of granting the releases set forth herein, (iv) the holders of all Claims or Interests who vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth herein, and (v) all other holders of Claims and Interests to the maximum extent permitted by law, in each case from any and all Claims, counterclaims, disputes, obligations, suits, judgments, damages, demands, debts,

**rights, Causes of Action, Liens, remedies, losses, contributions, indemnities, costs, liabilities, attorneys' fees and expenses whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors or their Estates (including any Causes of Action arising under chapter 5 of the Bankruptcy Code), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement or otherwise, that such holders or their estates, affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons or parties claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (as such entities existed prior to or after the Petition Date), their Estates, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interactions between any Debtor and any Released Party (including the exercise of any common law or contractual rights of setoff or recoupment by any Released Party at any time on or prior to the Effective Date), the Trust Formation Transactions, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Disclosure Statement, the Plan and related agreements, instruments, and other documents, and the negotiation, formulation, preparation or implementation thereof, the solicitation of votes with respect to the Plan, or any other act or omission, other than Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party that constitutes fraud, gross negligence or willful misconduct. For the avoidance of doubt, Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party prior to the Effective Date that is later found to be a criminal act or to constitute fraud, gross negligence, or willful misconduct, including findings after the Effective Date, are not released pursuant to this Section 10.5(b) of the Plan.**

**Notwithstanding anything herein to the contrary, the Debtors shall not be released from liability for any Claim that is or may be covered by any Insurance Policies or Products Liability Insurance Policies; provided, however, that any recovery for any such Claim, including by way of settlement or judgment, shall be limited to the available Insurance Proceeds and Products Liability Insurance Proceeds, and that no person or party shall execute, garnish, or otherwise attempt to collect any such recovery from any assets other than the available Insurance Proceeds and Products Liability Insurance Proceeds, except to the extent necessary to trigger any Insurance Company's or Products Liability Insurance Company's obligations to pay such Insurance Proceeds or Products Liability Insurance Proceeds. The Debtors shall be released automatically from a Claim described in this paragraph only upon the earlier of (i) the abandonment of such Claim, (ii) such a release being given as part of a settlement or other resolution of such Claim, or (iii) exhaustion of the available Insurance Proceeds or Products Liability Insurance Proceeds, as applicable.**

**Section 10.6   Exculpation**.

To the maximum extent permitted by applicable law, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and liability for any Claim in connection with, or arising out of, the administration of the Chapter 11 Cases; the negotiation and pursuit of the Disclosure Statement (including any information provided, or statements made, in the Disclosure Statement or omitted therefrom), the Trust Formation Transactions, the Plan, and the solicitation of votes for, and confirmation of, the Plan; the funding of the Plan; the occurrence of the Effective Date; the administration of the Plan and the property to be distributed under the Plan; the wind-down of the Debtors; the issuance of securities under or in connection with the Plan; and the transactions in furtherance of any of the foregoing; other than Claims or Causes of Action arising out of, or related to, any act or omission of an Exculpated Party that is a criminal act or constitutes fraud, gross negligence, or willful misconduct. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability. For the avoidance of doubt, this Section 10.6 shall not exculpate or release any Exculpated Party with respect to any act or omission of such Exculpated Party prior to the Effective Date that is later found to be a criminal act or to constitute fraud, gross negligence, or willful misconduct, including findings after the Effective Date.

**Section 10.7   Injunction**.

Pursuant to section 1141(d)(3) of the Bankruptcy Code, confirmation of the Plan will not discharge the Debtors; provided, however, that upon confirmation of this Plan and the occurrence of the Effective Date, the holders of Claims and Interests may not seek payment or recourse against or otherwise be entitled to any distribution from the Estate or the Trusts except as expressly provided in the Plan.

To the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person, whether directly, derivatively, or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, losses, or liabilities released pursuant to this Plan, including, without limitation, the Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities released or exculpated in this Plan and the Claims, Interests, Liens, charges, and encumbrances.