**<u>Exhibit 2-1</u>**

**Non-Voting Status Notice – Unimpaired Non-Voting**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-------------------------------------------------------x
:
**In re** : **Chapter 11**
:
**INSYS THERAPEUTICS, INC.,** *et al.,* : **Case No. 19-11292 (KG)**
:
**Debtors.**[1] : **Jointly Administered**
:
: **Re: Docket No.: ___**
-------------------------------------------------------x

## NOTICE OF (I) APPROVAL OF THE DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF SOLICITATION PROCEDURES, (III) SCHEDULING OF CONFIRMATION HEARING, (IV) ESTABLISHMENT OF NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE JOINT CHAPTER 11 PLAN OF LIQUIDATION OF INSYS THERAPEUTICS, INC. AND ITS AFFILIATED DEBTORS, AND (V) NON-VOTING STATUS TO UNIMPAIRED CLASSES

      **PLEASE TAKE NOTICE THAT** on November 29, 2019, Insys Therapeutics, Inc. and its affiliated debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), as debtors and debtors in possession (collectively, the "**Debtors**"), filed the *Second Amended Joint Chapter 11 Plan of Liquidation of Insys Therapeutics, Inc. and Its Affiliated Debtors* [Docket No. 928] (as may be amended, modified, or supplemented, the "**Plan**")[2] and the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Liquidation Proposed by Insys Therapeutics, Inc. and Its Affiliated Debtors* [Docket No. 929] (as may be amended, modified, or supplemented, the "**Disclosure Statement**"). On [●], 2019, the Bankruptcy Court entered an order [Docket No. [●]] (the "**Disclosure Statement Order**"): (i) approving the Disclosure Statement as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (ii) scheduling the Confirmation Hearing and other dates related thereto; (iii) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (iv) approving the manner and forms of certain notices.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Disclosure Statement Order, the Bankruptcy Court approved the following dates and deadlines:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659); Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT 355, LLC (0155).  The Debtors' mailing address is 410 S. Benson Lane, Chandler, Arizona 85224.

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement Order.

| Event | Date |
|---|---|
| Voting Record Date | November 25, 2019 |
| Disclosure Statement Hearing | December 4, 2019 at 9:00 a.m. (Eastern Time) |
| Distribution of Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, and Assumption and Assignment Notices | Within three (3) business days following entry of the Disclosure Statement Order, expected to be December 9, 2019[3] |
| Deadline for Debtors and Other Parties in Interest to Object to Claims for Voting Purposes | December 20, 2019 at 4:00 p.m. (Eastern Time) |
| Deadline to File a Notice of Intent | December 20, 2019 |
| Rule 3018 Motion Filing Deadline | The fourteenth (14th) day after the later of service of notice of (i) the Confirmation Hearing and (ii) a Claim objection or request for estimation |
| Plan Supplement Filing Deadline | December 30, 2019 at 11:59 p.m. (Eastern Time) |
| Voting Deadline and Opt Out Deadline | January 6, 2020 at 5:00 p.m. (Pacific Time) |
| Plan Objection Deadline | January 6, 2020 at 4:00 p.m. (Eastern Time) |
| Deadline to File Objections to Assumption and Assignment | January 6, 2020 at 4:00 p.m. (Eastern Time) |
| Deadline to File (a) Confirmation Brief, (b) Replies to Plan Objections, (c) Declarations in Support of Confirmation, and (d) Voting Certification | January 13, 2020 at 4:00 p.m. (Eastern Time) |
| Confirmation Hearing | January 16-17, 2020 at 9:00 a.m. (Eastern Time) |

**PLEASE TAKE FURTHER NOTICE** that (i) a hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") will be held before the Honorable Kevin Gross, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), 824 North Market Street, 6th Floor, Courtroom 3, Wilmington, Delaware 19801, on **January 16-17, 2020 at 9:00 a.m. (Eastern Time)**, and (ii) the deadline for filing objections to the confirmation of the Plan is **January 6, 2020 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

---

[3] The Solicitation Agent (as defined herein) is using its best efforts to distribute Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, and Assumption and Assignment Notices by the date proposed herein.

2

**PLEASE TAKE FURTHER NOTICE** that, if a party in interest wishes to participate in the Confirmation Hearing to present evidence or contest any party's evidence, then such party in interest must file with the Bankruptcy Court a Notice of Intent by no later than **December 20, 2019**. Unless otherwise ordered by the Bankruptcy Court, only those Proposed Participants who timely file Notices of Intent may present evidence or examine evidence presented by other parties in person at the Confirmation Hearing. Such Participating Parties must comply with all other dates and deadlines, including the Plan Objection Deadline, the Opt Out Deadline, and the Voting Deadline, if applicable. However, any party in interest with requisite standing may file an objection to confirmation of the Plan and prosecute that objection at the Confirmation Hearing regardless of whether such party timely files a Notice of Intent, but such party may not present evidence or contest any party's evidence at the Confirmation Hearing (other than legal argument related to that evidence) unless such party timely files a Notice of Intent.

**PLEASE TAKE FURTHER NOTICE** that in accordance with the Disclosure Statement Order, only certain parties in interest are receiving copies of the Disclosure Statement and the Plan. Any party in interest may review the Disclosure Statement and the Plan free of charge at https://dm.epiq11.com/Insys, the website maintained by Epiq Corporate Restructuring, LLC, the Debtors' claims and solicitation agent (the "**Solicitation Agent**") for these Chapter 11 Cases. In addition, the Disclosure Statement and the Plan are on file with the Bankruptcy Court and may be reviewed by accessing the Bankruptcy Court's website: www.deb.uscourts.gov. Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website. A PACER password can be obtained at: www.pacer.psc.uscourts.gov. Copies of the Disclosure Statement and the Plan may also be examined by interested parties during normal business hours at the office of the Clerk of the Bankruptcy Court.

You are receiving this notice as you have been identified as a holder of a Claim in Class 1 (Secured Claims) or Class 2 (Other Priority Claims).

**UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST THE DEBTORS ARE NOT IMPAIRED, AND THEREFORE, PURSUANT TO SECTION 1126(F) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (I) CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

**IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S), OR IF YOU WANT TO REQUEST A PAPER COPY OF THE DISCLOSURE STATEMENT ORDER, THE PLAN, OR THE DISCLOSURE STATEMENT, YOU SHOULD CONTACT THE SOLICITATION AGENT BY TELEPHONE AT 1-855-424-7683 (DOMESTIC) OR 1-503-520-4461 (INTERNATIONAL). PLEASE BE ADVISED THAT THE SOLICITATION AGENT CANNOT PROVIDE LEGAL ADVICE.**

---

**<u>ARTICLE X</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS. BELOW IS A SUMMARY OF THE THIRD-PARTY RELEASE PROVISIONS. FOR THE AVOIDANCE OF DOUBT, TO THE EXTENT ANY PROVISION OF THIS NOTICE CONFLICTS WITH THE TERMS OF THE PLAN, THE TERMS OF THE PLAN WILL CONTROL.**

---

3

**SUMMARY OF RELEASE PROVISIONS:**

**PURSUANT TO THE PLAN, CERTAIN PARTIES ARE RELEASING THE RELEASED PARTIES, WHICH INCLUDE THE DEBTORS AND CERTAIN THIRD PARTIES, FROM CERTAIN CLAIMS AND CAUSES OF ACTION.**

**AS SET FORTH IN THE PLAN, SUCH PARTIES RELEASING THE RELEASED PARTIES INCLUDE ALL PERSONS, INCLUDING ALL GOVERNMENTAL, TAX, AND REGULATORY AUTHORITIES, LENDERS, TRADE CREDITORS, DEALERS, CUSTOMERS, EMPLOYEES, LITIGATION CLAIMANTS, AND OTHER CREDITORS, HOLDING CLAIMS, LIENS, INTERESTS, CHARGES, ENCUMBRANCES, AND OTHER INTERESTS OF ANY KIND OR NATURE WHATSOEVER, INCLUDING RIGHTS OR CLAIMS BASED ON ANY SUCCESSOR OR TRANSFEREE LIABILITY, AGAINST OR IN A DEBTOR OR THE TRUST ASSETS (WHETHER LEGAL OR EQUITABLE, SECURED OR UNSECURED, MATURED OR UNMATURED, CONTINGENT OR NONCONTINGENT, KNOWN OR UNKNOWN), ARISING UNDER OR OUT OF, IN CONNECTION WITH, OR IN ANY WAY RELATING TO THE DEBTORS, THE TRUST ASSETS, THE OPERATION OF THE TRUST ASSETS PRIOR TO THE EFFECTIVE DATE, OR THE TRUST FORMATION TRANSACTIONS.**

**ACCORDINGLY, IF THE PLAN IS APPROVED, YOU WILL BE DEEMED TO GRANT THE THIRD-PARTY RELEASES PROVIDED FOR IN THE PLAN, REGARDLESS OF YOUR IMPAIRMENT STATUS UNDER THE PLAN.**

**PLEASE TAKE FURTHER NOTICE THAT** if you believe that you should be entitled to vote on the Plan, then you must serve on the Notice Parties (defined and identified below) and file with the Bankruptcy Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan (a "**Rule 3018 Motion**").  All Rule 3018 Motions must be filed no later than **4:00 p.m. (Eastern Time) on the fourteenth (14th) day after the later of (i) service of this Non-Voting Status Notice and (ii) service of notice of an objection or request for estimation of a Claim** and served on the Debtors and any party in interest that has objected to the allowance of such Claim. Rule 3018 Motions that are not timely filed in the manner set forth above shall not be considered.

PLEASE TAKE FURTHER NOTICE that any objection to confirmation of the Plan must be filed with the Bankruptcy Court **by no later than the Objection Deadline**.

**PLEASE TAKE FURTHER NOTICE THAT** registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses.  All other parties in interest must file their objections and responses in writing with the United States Bankruptcy Court Clerk's Office, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, to the attention of the chambers of the Honorable Kevin Gross, United States Bankruptcy Judge.

**PLEASE TAKE FURTHER NOTICE THAT** any objections or responses must be served on the following parties (collectively, the "**Notice Parties**"):

4

| | |
|---|---|
| ***Counsel to the Debtors***<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York  10153<br>Attn:   Gary T. Holtzer<br>          Ronit J. Berkovich<br>          Candace M. Arthur<br>          Brenda L. Funk<br>          Olga F. Peshko | ***Office of the U.S. Trustee***<br>Office of the U.S. Trustee for the District of Delaware<br>844 King Street, Suite 2207<br>Wilmington, Delaware  19899<br>Attn:   Jane Leamy, Esq. |
| | ***Counsel to the Creditors' Committee***<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, New York 10036<br>Attn:   Arik Preis<br>          Mitchell Hurley<br>          Edan Lisovicz |
| ***Co-Counsel to the Debtors***<br>Richards, Layton & Finger, P.A.<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Attn:   John H. Knight<br>          Paul N. Heath<br>          Zachary Shapiro<br>          Christopher M. De Lillo | ***Co-Counsel to the Creditors' Committee***<br>Bayard, P.A.<br>600 N. King Street, Suite 400<br>Wilmington, Delaware 19801<br>Attn:   Justin R. Alberto<br>          Erin R. Fay<br>          Daniel N. Brogan |

**PLEASE TAKE FURTHER NOTICE THAT IF AN OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Hearing may be adjourned from time to time without further notice to parties in interest other than by an announcement in the Bankruptcy Court of such adjournment on the date scheduled for the Confirmation Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.  The Debtors may modify the Plan, if necessary, prior to, during, or as a result of the Confirmation Hearing without further notice.

RLF1 22537862V.1

Dated: _____, 2019
        Wilmington, Delaware

                                          _____

RICHARDS, LAYTON & FINGER, P.A.
John H. Knight (No. 3848)
Paul N. Heath (No. 3704)
Zachary Shapiro (No. 5103)
Christopher M. De Lillo (No. 6355)
One Rodney Square
920 N. King Street
Wilmington, Delaware  19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

-and-

WEIL, GOTSHAL & MANGES LLP
Gary T. Holtzer (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Brenda L. Funk (admitted *pro hac vice*)
Olga F. Peshko (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for the Debtors*
*and Debtors in Possession*

6

## **Exhibit 2-2**

**Non-Voting Status Notice – General Impaired Non-Voting**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

-------------------------------------------------------x
                                    :
In re                               :    **Chapter 11**
                                    :
**INSYS THERAPEUTICS, INC.,** *et al.,*   :    **Case No. 19-11292 (KG)**
                                    :
        **Debtors.**[1]              :    **Jointly Administered**
                                    :
                                    :    **Re: Docket No.: ___**
-------------------------------------------------------x

**NOTICE OF (I) APPROVAL OF THE DISCLOSURE
STATEMENT, (II) ESTABLISHMENT OF SOLICITATION
PROCEDURES, (III) SCHEDULING OF CONFIRMATION HEARING,
(IV) ESTABLISHMENT OF NOTICE AND OBJECTION PROCEDURES FOR
CONFIRMATION OF THE JOINT CHAPTER 11 PLAN OF LIQUIDATION OF
INSYS THERAPEUTICS, INC. AND ITS AFFILIATED DEBTORS, (V) NON-
VOTING STATUS TO HOLDERS OF CLAIMS AND INTERESTS IN CERTAIN
IMPAIRED CLASSES, AND (VI) ELECTION TO OPT OUT OF RELEASE OF CLAIMS**

      **PLEASE TAKE NOTICE THAT** on November 29, 2019, Insys Therapeutics, Inc.
and its affiliated debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), as debtors
and debtors in possession (collectively, the "**Debtors**"), filed the *Second Amended Joint Chapter 11
Plan of Liquidation of Insys Therapeutics, Inc. and Its Affiliated Debtors* [Docket No. 928] (as may
be amended, modified, or supplemented, the "**Plan**")[2] and the *Disclosure Statement for Second
Amended Joint Chapter 11 Plan of Liquidation Proposed by Insys Therapeutics, Inc. and Its Affiliated
Debtors* [Docket No. 929] (as may be amended, modified, or supplemented, the "**Disclosure
Statement**"). On [●], 2019, the Bankruptcy Court entered an order [Docket No. [●]] (the "**Disclosure
Statement Order**"): (i) approving the Disclosure Statement as containing "adequate information"
pursuant to section 1125 of the Bankruptcy Code; (ii) scheduling the Confirmation Hearing and other
dates related thereto; (iii) approving procedures for soliciting, receiving, and tabulating votes on the
Plan and for filing objections to the Plan and opting out of certain release provisions therein; and (iv)
approving the manner and forms of certain notices.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Disclosure Statement
Order, the Bankruptcy Court approved the following dates and deadlines:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, as applicable, are:  Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659); Insys Development
Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT
355, LLC (0155).  The Debtors' mailing address is 410 S. Benson Lane, Chandler, Arizona 85224.

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure
Statement Order.

| Event | Date |
|---|---|
| Voting Record Date | November 25, 2019 |
| Disclosure Statement Hearing | December 4, 2019 at 9:00 a.m. (Eastern Time) |
| Distribution of Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, and Assumption and Assignment Notices | Within three (3) business days following entry of the Disclosure Statement Order, expected to be December 9, 2019[3] |
| Deadline for Debtors and Other Parties in Interest to Object to Claims for Voting Purposes | December 20, 2019 at 4:00 p.m. (Eastern Time) |
| Deadline to File a Notice of Intent | December 20, 2019 |
| Rule 3018 Motion Filing Deadline | The fourteenth (14th) day after the later of service of notice of (i) the Confirmation Hearing and (ii) a Claim objection or request for estimation |
| Plan Supplement Filing Deadline | December 30, 2019 at 11:59 p.m. (Eastern Time) |
| Voting Deadline and Opt Out Deadline | January 6, 2020 at 5:00 p.m. (Pacific Time) |
| Plan Objection Deadline | January 6, 2020 at 4:00 p.m. (Eastern Time) |
| Deadline to File Objections to Assumption and Assignment | January 6, 2020 at 4:00 p.m. (Eastern Time) |
| Deadline to File (a) Confirmation Brief, (b) Replies to Plan Objections, (c) Declarations in Support of Confirmation, and (d) Voting Certification | January 13, 2020 at 4:00 p.m. (Eastern Time) |
| Confirmation Hearing | January 16-17, 2020 at 9:00 a.m. (Eastern Time) |

**PLEASE TAKE FURTHER NOTICE** that (i) a hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") will be held before the Honorable Kevin Gross, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), 824 North Market Street, 6th Floor, Courtroom 3, Wilmington, Delaware 19801, on **January 16-17, 2020 at 9:00 a.m. (Eastern Time)**, and (ii) the deadline for filing

[3] The Solicitation Agent (as defined herein) is using its best efforts to distribute Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, and Assumption and Assignment Notices by the date proposed herein.

2

objections to the confirmation of the Plan is **January 6, 2020 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

      **PLEASE TAKE FURTHER NOTICE** that, if a party in interest wishes to participate in the Confirmation Hearing to present evidence or contest any party's evidence, then such party in interest must file with the Bankruptcy Court a Notice of Intent by no later than **December 20, 2019**. Unless otherwise ordered by the Bankruptcy Court, only those Proposed Participants who timely file Notices of Intent may present evidence or examine evidence presented by other parties in person at the Confirmation Hearing. Such Participating Parties must comply with all other dates and deadlines, including the Plan Objection Deadline, the Opt Out Deadline, and the Voting Deadline, if applicable. However, any party in interest with requisite standing may file an objection to confirmation of the Plan and prosecute that objection at the Confirmation Hearing regardless of whether such party timely files a Notice of Intent, but such party may not present evidence or contest any party's evidence at the Confirmation Hearing (other than legal argument related to that evidence) unless such party timely files a Notice of Intent.

      **PLEASE TAKE FURTHER NOTICE** that in accordance with the Disclosure Statement Order, only certain parties in interest are receiving copies of the Disclosure Statement and the Plan. Any party in interest may review the Disclosure Statement and the Plan free of charge at https://dm.epiq11.com/Insys, the website maintained by Epiq Corporate Restructuring, LLC, the Debtors' claims and solicitation agent (the "**Solicitation Agent**") for these Chapter 11 Cases. In addition, the Disclosure Statement and the Plan are on file with the Bankruptcy Court and may be reviewed by accessing the Bankruptcy Court's website: www.deb.uscourts.gov. Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website. A PACER password can be obtained at: www.pacer.psc.uscourts.gov. Copies of the Disclosure Statement and the Plan may also be examined by interested parties during normal business hours at the office of the Clerk of the Bankruptcy Court.

      You are receiving this notice as you have been identified as a holder of a Claim or Interest in Class 10 (510(a)/(b) Subordinated Claims), Class 12 (Intercompany Claims), or Class 13 (Equity Interests).

      **UNDER THE TERMS OF THE PLAN, YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF SUCH CLAIM(S) AGAINST, OR INTEREST(S) IN, THE DEBTORS. THEREFORE, PURSUANT TO SECTION 1126(G) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (I) DEEMED TO HAVE REJECTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

      **IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR INTEREST(S), OR IF YOU WANT TO REQUEST A PAPER COPY OF THE DISCLOSURE STATEMENT ORDER, THE PLAN, OR THE DISCLOSURE STATEMENT, YOU SHOULD CONTACT THE SOLICITATION AGENT BY TELEPHONE AT 1-855-424-7683 (DOMESTIC) OR 1-503-520-4461 (INTERNATIONAL). PLEASE BE ADVISED THAT THE SOLICITATION AGENT CANNOT PROVIDE LEGAL ADVICE.**

      **PLEASE TAKE FURTHER NOTICE THAT while you are not entitled to vote to accept or reject the Plan, the opt out election attached hereto as <u>Exhibit A</u> (the "Opt Out Election Form") provides you with the separate option to not grant the release of the Released Parties**

3

**contained in <u>Section 10.5(b)</u> of the Plan.  For your convenience, such release provision is set forth on the Opt Out Election Form.**

**PLEASE TAKE FURTHER NOTICE THAT** the Opt Out Election Form must be completed and returned to the Solicitation Agent in accordance with the instructions set forth thereon by **January 6, 2020 at 5:00 p.m. (Pacific Time)** (the "**Opt Out Deadline**") for your opt out to be valid.  If you fail to properly complete and submit the Opt Out Election Form prior to the Opt Out Deadline, you will be deemed to have consented to the release provisions in <u>Section 10.5(b)</u> of the Plan.

**<u>ARTICLE X</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS.    BELOW IS A SUMMARY OF THE THIRD-PARTY RELEASE PROVISIONS. FOR THE AVOIDANCE OF DOUBT, TO THE EXTENT ANY PROVISION OF THIS NOTICE CONFLICTS WITH THE TERMS OF THE PLAN, THE TERMS OF THE PLAN WILL CONTROL.**

**<u>SUMMARY OF RELEASE PROVISIONS:</u>**

**PURSUANT TO THE PLAN, CERTAIN PARTIES ARE RELEASING THE RELEASED PARTIES, WHICH INCLUDE THE DEBTORS AND CERTAIN THIRD PARTIES, FROM CERTAIN CLAIMS AND CAUSES OF ACTION.**

**AS SET FORTH IN THE PLAN, SUCH PARTIES RELEASING THE RELEASED PARTIES INCLUDE ALL PERSONS, INCLUDING ALL GOVERNMENTAL, TAX, AND REGULATORY AUTHORITIES, LENDERS, TRADE CREDITORS, DEALERS, CUSTOMERS, EMPLOYEES, LITIGATION CLAIMANTS, AND OTHER CREDITORS, HOLDING CLAIMS, LIENS, INTERESTS, CHARGES, ENCUMBRANCES, AND OTHER INTERESTS OF ANY KIND OR NATURE WHATSOEVER, INCLUDING RIGHTS OR CLAIMS BASED ON ANY SUCCESSOR OR TRANSFEREE LIABILITY, AGAINST OR IN A DEBTOR OR THE TRUST ASSETS (WHETHER LEGAL OR EQUITABLE, SECURED OR UNSECURED, MATURED OR UNMATURED, CONTINGENT OR NONCONTINGENT, KNOWN OR UNKNOWN), ARISING UNDER OR OUT OF, IN CONNECTION WITH, OR IN ANY WAY RELATING TO THE DEBTORS, THE TRUST ASSETS, THE OPERATION OF THE TRUST ASSETS PRIOR TO THE EFFECTIVE DATE, OR THE TRUST FORMATION TRANSACTIONS.**

**ACCORDINGLY, IF THE PLAN IS APPROVED, YOU WILL BE DEEMED TO GRANT THE THIRD-PARTY RELEASES PROVIDED FOR IN THE PLAN, (I) REGARDLESS OF WHETHER YOU ARE IMPAIRED UNDER THE PLAN AND (II) EVEN IF YOU OBJECT TO THE PLAN, UNLESS YOU OPT OUT OF THE THIRD-PARTY RELEASES BY COMPLETING AND SUBMITTING THE OPT OUT ELECTION FORM.**

**PLEASE TAKE FURTHER NOTICE THAT** if you believe that you should be entitled to vote on the Plan, then you must serve on the Notice Parties (defined and identified below) and file with the Bankruptcy Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan (a "**Rule 3018 Motion**").  All Rule 3018 Motions must be filed no later than

4

**4:00 p.m. (Eastern Time) on the fourteenth (14th) day after the later of (i) service of this Non-Voting Status Notice and (ii) service of notice of an objection or request for estimation of a Claim** and served on the Debtors and any party in interest that has objected to the allowance of such Claim. Rule 3018 Motions that are not timely filed in the manner set forth above shall not be considered.

PLEASE TAKE FURTHER NOTICE THAT any objection to confirmation of the Plan must be filed with the Bankruptcy Court **by no later than the Objection Deadline**.

PLEASE TAKE FURTHER NOTICE THAT registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses. All other parties in interest must file their objections and responses in writing with the United States Bankruptcy Court Clerk's Office, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, to the attention of the chambers of the Honorable Kevin Gross, United States Bankruptcy Judge.

PLEASE TAKE FURTHER NOTICE THAT any objections or responses must be served on the following parties (collectively, the "**Notice Parties**"):

| | |
|---|---|
| *Counsel to the Debtors*<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Attn:  Gary T. Holtzer<br>         Ronit J. Berkovich<br>         Candace M. Arthur<br>         Brenda L. Funk<br>         Olga F. Peshko | *Office of the U.S. Trustee*<br>Office of the U.S. Trustee for the District of Delaware<br>844 King Street, Suite 2207<br>Wilmington, Delaware 19899<br>Attn:   Jane Leamy, Esq. |
| | *Counsel to the Creditors' Committee*<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, New York 10036<br>Attn:   Arik Preis<br>         Mitchell Hurley<br>         Edan Lisovicz |
| *Co-Counsel to the Debtors*<br>Richards, Layton & Finger, P.A.<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Attn:  John H. Knight<br>      Paul N. Heath<br>      Zachary Shapiro<br>      Christopher M. De Lillo | *Co-Counsel to the Creditors' Committee*<br>Bayard, P.A.<br>600 N. King Street, Suite 400<br>Wilmington, Delaware 19801<br>Attn:   Justin R. Alberto<br>         Erin R. Fay<br>         Daniel N. Brogan |

PLEASE TAKE FURTHER NOTICE THAT IF AN OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.

PLEASE TAKE FURTHER NOTICE that the Confirmation Hearing may be adjourned from time to time without further notice to parties in interest other than by an announcement in the Bankruptcy Court of such adjournment on the date scheduled for the Confirmation Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the

Bankruptcy Court.  The Debtors may modify the Plan, if necessary, prior to, during, or as a result of the Confirmation Hearing without further notice.

Dated:  _____, 2019
        Wilmington, Delaware

                                                _____
                                                RICHARDS, LAYTON & FINGER, P.A.
John H. Knight (No. 3848)
Paul N. Heath (No. 3704)
Zachary Shapiro (No. 5103)
Christopher M. De Lillo (No. 6355)
One Rodney Square
920 N. King Street
Wilmington, Delaware  19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

-and-

WEIL, GOTSHAL & MANGES LLP
Gary T. Holtzer (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Brenda L. Funk (admitted *pro hac vice*)
Olga F. Peshko (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for the Debtors*
*and Debtors in Possession*

**<u>Exhibit A</u>**

**Opt Out Election Form**

<div align="center">

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

</div>

```
-------------------------------------------------------x
                                  :
In re                             :      Chapter 11
                                  :
INSYS THERAPEUTICS, INC., et al., :      Case No. 19-11292 (KG)
                                  :
        Debtors.¹                 :      Jointly Administered
                                  :
-------------------------------------------------------x
```

<div align="center">

## OPT OUT ELECTION FORM

</div>

Section 10.5(b) of the *Second Amended Joint Chapter 11 Plan of Liquidation of Insys Therapeutics, Inc. and its Affiliated Debtors* filed November 29, 2019 [Docket No. 928] (together with all schedules and exhibits thereto, and as may be modified, amended or supplemented from time to time, the "**Plan**"),[2] contains the following provision:

**Section 10.5(b) Releases by Holders of Claims and Interests.**

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including, without limitation, the service of the Released Parties[3] before and during the**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659); Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT 355, LLC (0155).  The Debtors' mailing address is 410 S. Benson Lane, Chandler, Arizona 85224.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[3] **Released Parties** means, collectively, (i) the Debtors, (ii) the Creditors' Committee and its members, solely in their capacity as such, and (iii) with respect to each of the foregoing Persons in clauses (i) and (ii), such Persons' (a) predecessors, successors, permitted assigns, subsidiaries, and controlled affiliates, (b) officers and directors, principals, members, employees, financial advisors, attorneys, accountants, investment bankers, consultants, experts (for the avoidance of doubt, including but not limited to Nathan Associates, Inc. and its officers, directors, and employees), and other professionals; provided, however, that no such Person described in the foregoing clause (b) shall be a Released Party unless such Person was employed or engaged in such capacity on or after the Petition Date, or, in the case of any professional, was retained pursuant to sections 327 or 1102 of the Bankruptcy Code in these Chapter 11 Cases, and (c) respective heirs, executors, estates, and nominees, in each case solely in their capacity as such; provided, however, that no Person listed on the Non-Released Party Exhibit, to be filed as part of the Plan Supplement (no later than the Plan Supplement Filing Deadline) and as may be amended at the Confirmation Hearing pursuant to the process described in this "Released Parties" definition, shall be a Released Party. The Non-Released Party Exhibit shall include only those parties that the Debtors and the Creditors' Committee, in the exercise of their fiduciary duties, and the SMT Group Representatives mutually agree should be placed on such list. If at the time of filing of the Non-Released Party Exhibit, the Debtors, the Creditors' Committee, and the SMT Group Representatives do not agree as to who should be placed on the Non-Released Party Exhibit, the Plan Supplement shall contain two documents: first, the Non-Released Party Exhibit, and second, the Additional Party List, which will list any additional parties that the Creditors' Committee and/or the SMT Group Representatives believe should be on the Non-Released Party Exhibit. At the Confirmation Hearing, the Debtors shall be required to present argument as to why the parties on the "Additional Party List" should be exculpated and/or released, and the Creditors' Committee and/or the SMT Group Representatives (and any other party that would like) shall be required to present argument as to why such Party should be on the Non-Released Party Exhibit. The Bankruptcy Court shall make the decision, at the Confirmation

**Chapter 11 Cases to facilitate the liquidation of the Debtors and the implementation of the Trust Formation Transactions, and except as otherwise explicitly provided in the Plan or in the Confirmation Order, the Released Parties shall be deemed conclusively, absolutely, unconditionally, irrevocably and forever released, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, except as otherwise explicitly provided herein, by (i) the holders of all Claims who vote to accept the Plan, (ii) the holders of all Claims that are Unimpaired under the Plan, (iii) the holders of all Claims whose vote to accept or reject the Plan is solicited but who (a) do not vote either to accept or to reject the Plan and (b) do not opt out of granting the releases set forth herein, (iv) the holders of all Claims or Interests who vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth herein, and (v) all other holders of Claims and Interests to the maximum extent permitted by law, in each case from any and all Claims, counterclaims, disputes, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, Liens, remedies, losses, contributions, indemnities, costs, liabilities, attorneys' fees and expenses whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors or their Estates (including any Causes of Action arising under chapter 5 of the Bankruptcy Code), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement or otherwise, that such holders or their estates, affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons or parties claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (as such entities existed prior to or after the Petition Date), their Estates, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interactions between any Debtor and any Released Party (including the exercise of any common law or contractual rights of setoff or recoupment by any Released Party at any time on or prior to the Effective Date), the Trust Formation Transactions, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Disclosure Statement, the Plan and related agreements, instruments, and other documents, and the negotiation, formulation, preparation or implementation thereof, the solicitation of votes with respect to the Plan, or any other act or omission, other than Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party that constitutes fraud, gross negligence or willful misconduct. For the avoidance of doubt, Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party prior to the Effective Date that is later found to be a criminal act or to constitute fraud, gross negligence, or willful misconduct, including findings after the Effective Date, are not released pursuant to this Section 10.5(b) of the Plan.**

**Notwithstanding anything herein to the contrary, the Debtors shall not be released from liability for any Claim that is or may be covered by any Insurance Policies or Products Liability Insurance**

---

Hearing, with regard to which, if any, of the parties on the Additional Party List shall be added to the Non-Released Party Exhibit. Notwithstanding anything to the contrary contained herein, if no Cause of Action of the kind released or exculpated under Sections 10.5 or 10.6 hereof, respectively, has been instituted against a Person on the Non-Released Party Exhibit within one (1) year after the Effective Date, such Person's name shall be deemed automatically removed from such Non-Released Party Exhibit and such Person shall be entitled to the releases and exculpations set forth in the Plan as if such Person otherwise satisfies the definition of "Released Parties" or "Exculpated Parties."

Policies; **provided, however**, that any recovery for any such Claim, including by way of settlement or judgment, shall be limited to the available Insurance Proceeds and Products Liability Insurance Proceeds, and that no person or party shall execute, garnish, or otherwise attempt to collect any such recovery from any assets other than the available Insurance Proceeds and Products Liability Insurance Proceeds, except to the extent necessary to trigger any Insurance Company's or Products Liability Insurance Company's obligations to pay such Insurance Proceeds or Products Liability Insurance Proceeds. The Debtors shall be released automatically from a Claim described in this paragraph only upon the earlier of (i) the abandonment of such Claim, (ii) such a release being given as part of a settlement or other resolution of such Claim, or (iii) exhaustion of the available Insurance Proceeds or Products Liability Insurance Proceeds, as applicable.

**Binding Effect and Releases**

If the Plan is confirmed by the Bankruptcy Court, the Plan, including <u>Section 10.5(b)</u> thereof, will be binding on you, regardless of whether you are Impaired under the Plan and whether you have objected to the Plan.  Additionally, if the Plan is confirmed by the Bankruptcy Court, the releases set forth above will be binding on you and your estates, affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons or parties claiming under or through you to have been legally entitled to assert in their own right (whether individually or collectively) or on your behalf, unless you complete and return this Opt Out Election Form to the Solicitation Agent by **<u>January 6, 2020 at 5:00 p.m. (Pacific Time)</u>** (the "**Opt Out Deadline**") electronically through the Solicitation Agent's website at or at one of the following addresses:

| By first class mail to: | Via overnight courier or hand delivery to: |
|---|---|
| **Insys Therapeutics, Inc., *et al*.** <br> Ballot Processing <br> c/o Epiq Corporate Restructuring, LLC <br> P.O. Box 4422 <br> Beaverton, OR 97076-4422 | **Insys Therapeutics, Inc., *et al*.** <br> Ballot Processing <br> c/o Epiq Corporate Restructuring, LLC <br> 10300 SW Allen Boulevard <br> Beaverton, OR 97005 |

**HOLDERS THAT WISH TO SUBMIT AN OPT OUT ELECTION FORM ARE STRONGLY ENCOURAGED TO DO SO ELECTRONICALLY.**

| <u>If Submitting Your Opt-Out Electronically</u> |
|---|
| **To submit your Opt Out Election Form electronically, visit https://dm.epiq11.com/Insys, click on the "Electronic Opt Out" section, and follow the instructions to submit your Opt Out Election Form.** <br><br> **In order to be valid, you must submit your Opt Out Election Form so that it is received by the Solicitation Agent on or before the Opt Out Deadline.** |

Except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Plan Documents, the injunction provisions set forth in <u>Section 10.4</u> of the Plan will be binding on all Entities.

RLF1 22537862V.1

**Release Opt Out Election**

> ☐      The undersigned elects to **Opt Out** of the releases in <u>Section 10.5(b)</u> of the Plan.

Print or Type Name of Claimant: _____

Signature: _____

Name of Signatory
(if different than Claimant): _____

Relationship to Claimant: _____

Street Address: _____

City, State, and Zip Code: _____

Telephone Number: _____

E-mail Address: _____

Date Completed: _____

4

**<u>Exhibit 2-3</u>**

**Non-Voting Status Notice – Class 11**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
----------------------------------------------------x
                                              :
In re                                         :        Chapter 11
                                              :
INSYS THERAPEUTICS, INC., et al.,             :        Case No. 19-11292 (KG)
                                              :
            Debtors.¹                         :        Jointly Administered
                                              :
                                              :        Re: Docket No. ___
----------------------------------------------------x
```

## NOTICE OF (I) APPROVAL OF THE DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF SOLICITATION PROCEDURES, (III) SCHEDULING OF CONFIRMATION HEARING, (IV) ESTABLISHMENT OF NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE JOINT CHAPTER 11 PLAN OF LIQUIDATION OF INSYS THERAPEUTICS, INC. AND ITS AFFILIATED DEBTORS, (V) NON-VOTING STATUS TO HOLDERS OF CLAIMS IN CLASS 11, (VI) EQUITABLE SUBORDINATION OF CLAIM UNDER PLAN, AND (VII) ELECTION TO OPT OUT OF RELEASE OF CLAIMS

      **PLEASE TAKE NOTICE THAT** on November 29, 2019, Insys Therapeutics, Inc. and its affiliated debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), as debtors and debtors in possession (collectively, the "**Debtors**"), filed the *Second Amended Joint Chapter 11 Plan of Liquidation of Insys Therapeutics, Inc. and Its Affiliated Debtors* [Docket No. 928] (as may be amended, modified, or supplemented, the "**Plan**")² and the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Liquidation Proposed by Insys Therapeutics, Inc. and Its Affiliated Debtors* [Docket No. 929] (as may be amended, modified, or supplemented, the "**Disclosure Statement**"). On [●], 2019, the Bankruptcy Court entered an order [Docket No. [●]] (the "**Disclosure Statement Order**"): (i) approving the Disclosure Statement as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (ii) scheduling the Confirmation Hearing and other dates related thereto; (iii) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan and opting out of certain release provisions therein; and (iv) approving the manner and forms of certain notices.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Disclosure Statement Order, the Bankruptcy Court approved the following dates and deadlines:

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659); Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT 355, LLC (0155).  The Debtors' mailing address is 410 S. Benson Lane, Chandler, Arizona 85224.

² Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan or the Disclosure Statement Order.

| Event | Date |
|---|---|
| Voting Record Date | November 25, 2019 |
| Disclosure Statement Hearing | December 4, 2019 at 9:00 a.m. (Eastern Time) |
| Distribution of Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, and Assumption and Assignment Notices | Within three (3) business days following entry of the Disclosure Statement Order, expected to be December 9, 2019[3] |
| Deadline for Debtors and Other Parties in Interest to Object to Claims for Voting Purposes | December 20, 2019 at 4:00 p.m. (Eastern Time) |
| Deadline to File a Notice of Intent | December 20, 2019 |
| Rule 3018 Motion Filing Deadline | The fourteenth (14th) day after the later of service of notice of (i) the Confirmation Hearing and (ii) a Claim objection or request for estimation |
| Plan Supplement Filing Deadline | December 30, 2019 at 11:59 p.m. (Eastern Time) |
| Voting Deadline and Opt Out Deadline | January 6, 2020 at 5:00 p.m. (Pacific Time) |
| Plan Objection Deadline | January 6, 2020 at 4:00 p.m. (Eastern Time) |
| Deadline to File Objections to Assumption and Assignment | January 6, 2020 at 4:00 p.m. (Eastern Time) |
| Deadline to File (a) Confirmation Brief, (b) Replies to Plan Objections, (c) Declarations in Support of Confirmation, and (d) Voting Certification | January 13, 2020 at 4:00 p.m. (Eastern Time) |
| Confirmation Hearing | January 16-17, 2020 at 9:00 a.m. (Eastern Time) |

**PLEASE TAKE FURTHER NOTICE** that (i) a hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") will be held before the Honorable Kevin Gross, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), 824 North Market Street, 6th Floor, Courtroom 3, Wilmington, Delaware 19801, on **January 16-17, 2020 at 9:00 a.m. (Eastern Time)**, and (ii) the deadline for filing

---

[3] The Solicitation Agent (as defined herein) is using its best efforts to distribute Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, and Assumption and Assignment Notices by the date proposed herein.

objections to the confirmation of the Plan is **January 6, 2020 at 4:00 p.m. (Eastern Time)** (the "**Objection Deadline**").

        **PLEASE TAKE FURTHER NOTICE** that, if a party in interest wishes to participate in the Confirmation Hearing to present evidence or contest any party's evidence, then such party in interest must file with the Bankruptcy Court a Notice of Intent by no later than **December 20, 2019**. Unless otherwise ordered by the Bankruptcy Court, only those Proposed Participants who timely file Notices of Intent may present evidence or examine evidence presented by other parties in person at the Confirmation Hearing.  Such Participating Parties must comply with all other dates and deadlines, including the Plan Objection Deadline, the Opt Out Deadline, and the Voting Deadline, if applicable. However, any party in interest with requisite standing may file an objection to confirmation of the Plan and prosecute that objection at the Confirmation Hearing regardless of whether such party timely files a Notice of Intent, but such party may not present evidence or contest any party's evidence at the Confirmation Hearing (other than legal argument related to that evidence) unless such party timely files a Notice of Intent.

        **PLEASE TAKE FURTHER NOTICE** that in accordance with the Disclosure Statement Order, only certain parties in interest are receiving copies of the Disclosure Statement and the Plan.  Any party in interest may review the Disclosure Statement and the Plan free of charge at https://dm.epiq11.com/Insys, the website maintained by Epiq Corporate Restructuring, LLC, the Debtors' claims and solicitation agent (the "**Solicitation Agent**") for these Chapter 11 Cases.  In addition, the Disclosure Statement and the Plan are on file with the Bankruptcy Court and may be reviewed by accessing the Bankruptcy Court's website: www.deb.uscourts.gov.  Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website.  A PACER password can be obtained at: www.pacer.psc.uscourts.gov.  Copies of the Disclosure Statement and the Plan may also be examined by interested parties during normal business hours at the office of the Clerk of the Bankruptcy Court.

        You are receiving this notice as you have been identified as a holder of a Claim in Class 11 (510(c) Subordinated Claims).

        **UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) ARE SUBJECT TO SUBORDINATION UNDER SECTION 510(C) OF THE BANKRUPTCY CODE AND YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF YOUR CLAIM(S) AGAINST THE DEBTORS.  THEREFORE, PURSUANT TO SECTION 1126(G) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (I) DEEMED TO HAVE REJECTED THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN.**

        **IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S), OR IF YOU WANT TO REQUEST A PAPER COPY OF THE DISCLOSURE STATEMENT ORDER, THE PLAN, OR THE DISCLOSURE STATEMENT, YOU SHOULD CONTACT THE SOLICITATION AGENT BY TELEPHONE AT 1-855-424-7683 (DOMESTIC) OR 1-503-520-4461 (INTERNATIONAL).  PLEASE BE ADVISED THAT THE SOLICITATION AGENT CANNOT PROVIDE LEGAL ADVICE.**

        **PLEASE TAKE FURTHER NOTICE THAT while you are not entitled to vote to accept or reject the Plan, the opt out election attached hereto as <u>Exhibit A</u> (the "Opt Out Election Form") provides you with the separate option to not grant the release of the Released Parties**

**contained in <u>Section 10.5(b)</u> of the Plan.  For your convenience, such release provision is set forth on the Opt Out Election Form.**

**PLEASE TAKE FURTHER NOTICE THAT** the Opt Out Election Form must be completed and returned to the Solicitation Agent in accordance with the instructions set forth thereon by **January 6, 2020 at 5:00 p.m. (Pacific Time)** (the "**Opt Out Deadline**") for your opt out to be valid.  If you fail to properly complete and submit the Opt Out Election Form prior to the Opt Out Deadline, you will be deemed to have consented to the release provisions in <u>Section 10.5(b)</u> of the Plan.

**<u>ARTICLE X</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS.  BELOW IS A SUMMARY OF THE THIRD-PARTY RELEASE PROVISIONS. FOR THE AVOIDANCE OF DOUBT, TO THE EXTENT ANY PROVISION OF THIS NOTICE CONFLICTS WITH THE TERMS OF THE PLAN, THE TERMS OF THE PLAN WILL CONTROL.**

**<u>SUMMARY OF RELEASE PROVISIONS:</u>**

**PURSUANT TO THE PLAN, CERTAIN PARTIES ARE RELEASING THE RELEASED PARTIES, WHICH INCLUDE THE DEBTORS AND CERTAIN THIRD PARTIES, FROM CERTAIN CLAIMS AND CAUSES OF ACTION.**

**AS SET FORTH IN THE PLAN, SUCH PARTIES RELEASING THE RELEASED PARTIES INCLUDE ALL PERSONS, INCLUDING ALL GOVERNMENTAL, TAX, AND REGULATORY AUTHORITIES, LENDERS, TRADE CREDITORS, DEALERS, CUSTOMERS, EMPLOYEES, LITIGATION CLAIMANTS, AND OTHER CREDITORS, HOLDING CLAIMS, LIENS, INTERESTS, CHARGES, ENCUMBRANCES, AND OTHER INTERESTS OF ANY KIND OR NATURE WHATSOEVER, INCLUDING RIGHTS OR CLAIMS BASED ON ANY SUCCESSOR OR TRANSFEREE LIABILITY, AGAINST OR IN A DEBTOR OR THE TRUST ASSETS (WHETHER LEGAL OR EQUITABLE, SECURED OR UNSECURED, MATURED OR UNMATURED, CONTINGENT OR NONCONTINGENT, KNOWN OR UNKNOWN), ARISING UNDER OR OUT OF, IN CONNECTION WITH, OR IN ANY WAY RELATING TO THE DEBTORS, THE TRUST ASSETS, THE OPERATION OF THE TRUST ASSETS PRIOR TO THE EFFECTIVE DATE, OR THE TRUST FORMATION TRANSACTIONS.**

**ACCORDINGLY, IF THE PLAN IS APPROVED, YOU WILL BE DEEMED TO GRANT THE THIRD-PARTY RELEASES PROVIDED FOR IN THE PLAN, (I) REGARDLESS OF WHETHER YOU ARE IMPAIRED UNDER THE PLAN AND (II) EVEN IF YOU OBJECT TO THE PLAN, UNLESS YOU OPT OUT OF THE THIRD-PARTY RELEASES BY COMPLETING AND SUBMITTING THE OPT OUT ELECTION FORM.**

**PLEASE TAKE FURTHER NOTICE THAT** if you believe that you should be entitled to vote on the Plan, then you must serve on the Notice Parties (defined and identified below) and file with the Bankruptcy Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan (a "**Rule 3018 Motion**").  All Rule 3018 Motions must be filed no later than

**4:00 p.m. (Eastern Time) on the fourteenth (14th) day after the later of (i) service of this Non-Voting Status Notice and (ii) service of notice of an objection or request for estimation of a Claim** and served on the Debtors and any party in interest that has objected to the allowance of such Claim. Rule 3018 Motions that are not timely filed in the manner set forth above shall not be considered.

> **PLEASE TAKE FURTHER NOTICE THAT if you disagree with the Debtors' treatment of your Claim as subordinated under section 510(c) of the Bankruptcy Code for purposes other than entitlement to vote on the Plan, you must file an objection to the Plan by the Objection Deadline as described above. Unless an objection is timely filed, your Claim will be subordinated pursuant to section 510(c) of the Bankruptcy Code and you will not be entitled to Distributions under the Plan.**

> **PLEASE TAKE FURTHER NOTICE** that any objection to confirmation of the Plan or equitable subordination of your Claim must be filed with the Bankruptcy Court **by no later than the Objection Deadline**.

> **PLEASE TAKE FURTHER NOTICE THAT** registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses. All other parties in interest must file their objections and responses in writing with the United States Bankruptcy Court Clerk's Office, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, to the attention of the chambers of the Honorable Kevin Gross, United States Bankruptcy Judge.

> **PLEASE TAKE FURTHER NOTICE THAT** any objections or responses must be served on the following parties (collectively, the "**Notice Parties**"):

| | |
|---|---|
| *Counsel to the Debtors*<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York  10153<br>Attn:    Gary T. Holtzer<br>            Ronit J. Berkovich<br>            Candace M. Arthur<br>            Brenda L. Funk<br>            Olga F. Peshko | *Office of the U.S. Trustee*<br>Office of the U.S. Trustee for the District of Delaware<br>844 King Street, Suite 2207<br>Wilmington, Delaware  19899<br>Attn:    Jane Leamy, Esq. |
| | *Counsel to the Creditors' Committee*<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, New York 10036<br>Attn:    Arik Preis<br>            Mitchell Hurley<br>            Edan Lisovicz |
| *Co-Counsel to the Debtors*<br>Richards, Layton & Finger, P.A.<br>920 N. King Street<br>Wilmington, Delaware 19801<br>Attn:  John H. Knight<br>         Paul N. Heath<br>         Zachary Shapiro<br>         Christopher M. De Lillo | *Co-Counsel to the Creditors' Committee*<br>Bayard, P.A.<br>600 N. King Street, Suite 400<br>Wilmington, Delaware 19801<br>Attn:    Justin R. Alberto<br>            Erin R. Fay<br>            Daniel N. Brogan |

> **PLEASE TAKE FURTHER NOTICE THAT IF AN OBJECTION TO CONFIRMATION OF THE PLAN OR EQUITABLE SUBORDINATION UNDER THE PLAN**

**IS NOT FILED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Hearing may be adjourned from time to time without further notice to parties in interest other than by an announcement in the Bankruptcy Court of such adjournment on the date scheduled for the Confirmation Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.  The Debtors may modify the Plan, if necessary, prior to, during, or as a result of the Confirmation Hearing without further notice.

Dated:  _____, 2019
         Wilmington, Delaware

_____
RICHARDS, LAYTON & FINGER, P.A.
John H. Knight (No. 3848)
Paul N. Heath (No. 3704)
Zachary Shapiro (No. 5103)
Christopher M. De Lillo (No. 6355)
One Rodney Square
920 N. King Street
Wilmington, Delaware  19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

-and-

WEIL, GOTSHAL & MANGES LLP
Gary T. Holtzer (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Brenda L. Funk (admitted *pro hac vice*)
Olga F. Peshko (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for the Debtors*
*and Debtors in Possession*

6

**<u>Exhibit A</u>**

**Opt Out Election Form**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

-------------------------------------------------------x
                                          :
In re                                     :          **Chapter 11**
                                          :
**INSYS THERAPEUTICS, INC.,** *et al.,*   :          **Case No. 19-11292 (KG)**
                                          :
           **Debtors.**[1]                :          **Jointly Administered**
                                          :
-------------------------------------------------------x

## <u>OPT OUT ELECTION FORM</u>

        <u>Section 10.5(b)</u> of the *Second Amended Joint Chapter 11 Plan of Liquidation of Insys Therapeutics, Inc. and its Affiliated Debtors* filed November 29, 2019 [Docket No. 928] (together with all schedules and exhibits thereto, and as may be modified, amended or supplemented from time to time, the "**Plan**"),[2] contains the following provision:

**Section 10.5(b) Releases by Holders of Claims and Interests.**

        **As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including, without limitation, the service of the Released Parties[3] before and during the**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659); Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT 355, LLC (0155).  The Debtors' mailing address is 410 S. Benson Lane, Chandler, Arizona 85224.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

[3] **Released Parties** means, collectively, (i) the Debtors, (ii) the Creditors' Committee and its members, solely in their capacity as such, and (iii) with respect to each of the foregoing Persons in clauses (i) and (ii), such Persons' (a) predecessors, successors, permitted assigns, subsidiaries, and controlled affiliates, (b) officers and directors, principals, members, employees, financial advisors, attorneys, accountants, investment bankers, consultants, experts (for the avoidance of doubt, including but not limited to Nathan Associates, Inc. and its officers, directors, and employees), and other professionals; provided, however, that no such Person described in the foregoing clause (b) shall be a Released Party unless such Person was employed or engaged in such capacity on or after the Petition Date, or, in the case of any professional, was retained pursuant to sections 327 or 1102 of the Bankruptcy Code in these Chapter 11 Cases, and (c) respective heirs, executors, estates, and nominees, in each case solely in their capacity as such; provided, however, that no Person listed on the Non-Released Party Exhibit, to be filed as part of the Plan Supplement (no later than the Plan Supplement Filing Deadline) and as may be amended at the Confirmation Hearing pursuant to the process described in this "Released Parties" definition, shall be a Released Party. The Non-Released Party Exhibit shall include only those parties that the Debtors and the Creditors' Committee, in the exercise of their fiduciary duties, and the SMT Group Representatives mutually agree should be placed on such list. If at the time of filing of the Non-Released Party Exhibit, the Debtors, the Creditors' Committee, and the SMT Group Representatives do not agree as to who should be placed on the Non-Released Party Exhibit, the Plan Supplement shall contain two documents: first, the Non-Released Party Exhibit, and second, the Additional Party List, which will list any additional parties that the Creditors' Committee and/or the SMT Group Representatives believe should be on the Non-Released Party Exhibit. At the Confirmation Hearing, the Debtors shall be required to present argument as to why the parties on the "Additional Party List" should be exculpated and/or released, and the Creditors' Committee and/or the SMT Group Representatives (and any other party that would like) shall be required to present argument as to why such Party should be on the Non-Released Party Exhibit. The Bankruptcy Court shall make the decision, at the Confirmation

**Chapter 11 Cases to facilitate the liquidation of the Debtors and the implementation of the Trust Formation Transactions, and except as otherwise explicitly provided in the Plan or in the Confirmation Order, the Released Parties shall be deemed conclusively, absolutely, unconditionally, irrevocably and forever released, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, except as otherwise explicitly provided herein, by (i) the holders of all Claims who vote to accept the Plan, (ii) the holders of all Claims that are Unimpaired under the Plan, (iii) the holders of all Claims whose vote to accept or reject the Plan is solicited but who (a) do not vote either to accept or to reject the Plan and (b) do not opt out of granting the releases set forth herein, (iv) the holders of all Claims or Interests who vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth herein, and (v) all other holders of Claims and Interests to the maximum extent permitted by law, in each case from any and all Claims, counterclaims, disputes, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, Liens, remedies, losses, contributions, indemnities, costs, liabilities, attorneys' fees and expenses whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors or their Estates (including any Causes of Action arising under chapter 5 of the Bankruptcy Code), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, existing or hereinafter arising, whether in law or equity, whether sounding in tort or contract, whether arising under federal or state statutory or common law, or any other applicable international, foreign, or domestic law, rule, statute, regulation, treaty, right, duty, requirement or otherwise, that such holders or their estates, affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons or parties claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (as such entities existed prior to or after the Petition Date), their Estates, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements or interactions between any Debtor and any Released Party (including the exercise of any common law or contractual rights of setoff or recoupment by any Released Party at any time on or prior to the Effective Date), the Trust Formation Transactions, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Disclosure Statement, the Plan and related agreements, instruments, and other documents, and the negotiation, formulation, preparation or implementation thereof, the solicitation of votes with respect to the Plan, or any other act or omission, other than Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party that constitutes fraud, gross negligence or willful misconduct. For the avoidance of doubt, Claims or Causes of Action arising out of, or related to, any act or omission of a Released Party prior to the Effective Date that is later found to be a criminal act or to constitute fraud, gross negligence, or willful misconduct, including findings after the Effective Date, are not released pursuant to this Section 10.5(b) of the Plan.**

**Notwithstanding anything herein to the contrary, the Debtors shall not be released from liability for any Claim that is or may be covered by any Insurance Policies or Products Liability Insurance**

---

Hearing, with regard to which, if any, of the parties on the Additional Party List shall be added to the Non-Released Party Exhibit. Notwithstanding anything to the contrary contained herein, if no Cause of Action of the kind released or exculpated under Sections 10.5 or 10.6 hereof, respectively, has been instituted against a Person on the Non-Released Party Exhibit within one (1) year after the Effective Date, such Person's name shall be deemed automatically removed from such Non-Released Party Exhibit and such Person shall be entitled to the releases and exculpations set forth in the Plan as if such Person otherwise satisfies the definition of "Released Parties" or "Exculpated Parties."

Policies; **provided, however,** that any recovery for any such Claim, including by way of settlement or judgment, shall be limited to the available Insurance Proceeds and Products Liability Insurance Proceeds, and that no person or party shall execute, garnish, or otherwise attempt to collect any such recovery from any assets other than the available Insurance Proceeds and Products Liability Insurance Proceeds, except to the extent necessary to trigger any Insurance Company's or Products Liability Insurance Company's obligations to pay such Insurance Proceeds or Products Liability Insurance Proceeds. The Debtors shall be released automatically from a Claim described in this paragraph only upon the earlier of (i) the abandonment of such Claim, (ii) such a release being given as part of a settlement or other resolution of such Claim, or (iii) exhaustion of the available Insurance Proceeds or Products Liability Insurance Proceeds, as applicable.

**Binding Effect and Releases**

If the Plan is confirmed by the Bankruptcy Court, the Plan, including <u>Section 10.5(b)</u> thereof, will be binding on you, regardless of whether you are Impaired under the Plan and whether you have objected to the Plan.  Additionally, if the Plan is confirmed by the Bankruptcy Court, the releases set forth above will be binding on you and your estates, affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other Persons or parties claiming under or through you to have been legally entitled to assert in their own right (whether individually or collectively) or on your behalf, unless you complete and return this Opt Out Election Form to the Solicitation Agent by **<u>January 6, 2020 at 5:00 p.m. (Pacific Time)</u>** (the "**Opt Out Deadline**") electronically through the Solicitation Agent's website or at one of the following addresses:

| **By first class mail to:** | **Via overnight courier or hand delivery to:** |
|---|---|
| **Insys Therapeutics, Inc.,** *et al*. <br> Ballot Processing <br> c/o Epiq Corporate Restructuring, LLC <br> P.O. Box 4422 <br> Beaverton, OR 97076-4422 | **Insys Therapeutics, Inc.,** *et al*. <br> Ballot Processing <br> c/o Epiq Corporate Restructuring, LLC <br> 10300 SW Allen Boulevard <br> Beaverton, OR 97005 |

**HOLDERS THAT WISH TO SUBMIT AN OPT OUT ELECTION FORM ARE STRONGLY ENCOURAGED TO DO SO ELECTRONICALLY.**

| <u>**If Submitting Your Opt-Out Electronically**</u> |
|---|
| **To submit your Opt Out Election Form electronically, visit https://dm.epiq11.com/Insys, click on the "Electronic Opt Out" section, and follow the instructions to submit your Opt Out Election Form.** <br><br> **In order to be valid, you must submit your Opt Out Election Form so that it is received by the Solicitation Agent on or before the Opt Out Deadline.** |

**Except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Plan Documents, the injunction provisions set forth in <u>Section 10.4</u> of the Plan will be binding on all Entities.**

**<u>Release Opt Out Election</u>**

<div style="border:1px solid black; padding:10px">

☐      The undersigned elects to **Opt Out** of the releases in <u>Section 10.5(b)</u> of the Plan.

</div>

Print or Type Name of Claimant:     _____

Signature:     _____

Name of Signatory
(if different than Claimant):     _____

Relationship to Claimant:     _____

Street Address:     _____

City, State, and Zip Code:     _____

Telephone Number:     _____

E-mail Address:     _____

Date Completed:     _____