## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-------------------------------------------------------x
          :

In re                  :        **Chapter 11**

          :

**INSYS THERAPEUTICS, INC.,** *et al.,*  :      **Case No. 19-11292 (KG)**

          :

      **Debtors.**[1]        :        **Jointly Administered**

          :

          :        **Re: D.I. 964**

-------------------------------------------------------x

### ORDER (1) APPROVING ASSET PURCHASE AGREEMENT AMONG THE DEBTORS AND THE BUYER, (2) APPROVING SALE OF THE TRANSFERRED ASSETS RELATING TO CERTAIN EQUIPMENT FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363(b), (f) AND (m), AND (3) GRANTING RELATED RELIEF

The Court having considered the *Motion of Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Scheduling Auction for and Hearing to Approve Sale of Debtors' Assets, (C) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, (D) Approving Assumption and Assignment Procedures, and (E) Granting Related Relief; and (II)(A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [ECF No. 32] (the "**Motion**"),[2] filed by Insys Therapeutics, Inc. and its affiliated debtors and debtors in possession (the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), seeking, among other things, one or more orders, (i)

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659); Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT 355, LLC (0155). The Debtors' mailing address is 410 South Benson Lane, Chandler, Arizona 85224.

[2] Capitalized terms used herein but not otherwise defined have the meanings given to them in the Motion or the Asset Purchase Agreement, as applicable.

authorizing and approving the sale of substantially all of the Debtors' assets (the "**Assets,**" and each sale a "**Transaction**"), free and clear of all liens, claims, interests, and encumbrances, except certain permitted encumbrances as determined by the Debtors and any purchaser of the Assets, with liens, if any, to attach to the proceeds of the applicable Transaction(s), (ii) authorizing and approving the assumption and assignment of proposed assumed executory contracts and unexpired personal property leases in connection with the Sale Transaction(s), and (iii) granting related relief, and having considered the Long Declaration and the Yearley Declaration (the "**Declarations**"); and the Court having entered this Court's prior order, dated July 2, 2019 (Docket No. 210) (the "**Bidding Procedures Order**"), approving competitive bidding procedures for the Assets (the "**Bidding Procedures**") and granting certain related relief; and Renaissance Lakewood, LLC (the "**Buyer**") having submitted the highest or otherwise best bid for certain equipment (the "**Transferred Assets**"), as reflected in the Asset Purchase Agreement (as defined below); and the Court having reviewed and considered (i) the Motion and the exhibits thereto, (ii) the Declarations, (iii) the Asset Purchase Agreement, dated as of December 2, 2019 by and among the Buyer and the Debtor party to the Asset Purchase Agreement (the "**Seller**") (the "**Asset Purchase Agreement**"), a copy of which is attached hereto as <u>**Exhibit A**</u>, whereby the Seller has agreed, subject to Court approval, among other things, to sell the Transferred Assets to the Buyer (the "**Sale Transaction**"), and (iv) the Bidding Procedures Order and the record of the hearing before the Court on July 2, 2019 at which the Bidding Procedures Order was approved; and it appearing that due and sufficient notice of the Motion, the Asset Purchase Agreement, the Bidding Procedures Order, and the form of this order (the "**Sale Order**") have been provided as set forth herein and in the notice of the Sale Transaction [D.I. 964] (the "**Notice**"); and no objections to the Sale Transaction having been filed; and, after due deliberation, it appearing that the relief granted

WEIL:\97249040\7\53602.0004

herein is in the best interests of the Debtors, their estates and creditors and all parties in interest in these Chapter 11 Cases; and good and sufficient cause appearing therefor;

**IT HEREBY IS FOUND AND DETERMINED THAT**:

A.      **Fed. R. Bankr. P. 7052**. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. This Sale Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

B.      **Jurisdiction and Venue**.  This Court has jurisdiction over the Motion, the Sale Transaction, and over the property of the Debtors and their respective bankruptcy estates, including the Transferred Assets, pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), and the *Amended Standing Order Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and other legal predicates for the relief sought in the Motion and granted herein are sections 105, 362, 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9008, 9014 and 9019, and Local Rules 2002-1, 6004-1, and 9006-1.

C.      **Final Order**. This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).  The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the Sale Transaction as contemplated by the Asset Purchase Agreement. In the absence of a stay

pending appeal, Buyer, being a good faith purchaser under section 363(m) of the Bankruptcy Code, may close the sale contemplated by the Asset Purchase Agreement at any time after entry of this Sale Order, subject to the provisions of the Asset Purchase Agreement, and shall not be subject to any applicable stay, including any stay provided by Bankruptcy Rules 6004(h) and 6006(d).

D.    **Notice and Opportunity to Object.**  As evidenced by the affidavits of service on file with the Court, due, proper, timely, adequate, and sufficient notice and a reasonable opportunity to object or be heard with respect to the Motion has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Bidding Procedures Order, to all known interested parties, including to (a) all persons and entities known by the Debtors to have expressed an interest to the Debtors in a transaction with respect to the Transferred Assets during the past twelve (12) months; (b) all persons and entities known by the Debtors to have asserted any lien, claim, interest or encumbrance on the Transferred Assets; (c) the U.S. Trustee; (d) the Committee; (e) any governmental authority known to have a claim in the Chapter 11 Cases; (f) all applicable federal, state, and local taxing and regulatory authorities, including the Internal Revenue Service; (g) all environmental authorities having jurisdiction over any of the Assets, including the Environmental Protection Agency; (h) the Federal Trade Commission; (i) the Antitrust Division of the United States Department of Justice; (j) the United States Attorney General; (k) the Office of the Attorney General and Office of the Secretary of State in each state in which the Debtors operate; (l) the United States Attorney for the District of Delaware; (m) all other known creditors of the Debtors; (n) all of the persons and entities entitled to notice pursuant to Rule 2002 of the Bankruptcy Rules; and (o) all other persons as directed by the Court.  In addition, the Debtors caused the Sale Notice (as defined in the Bidding Procedures Order) to be published in *The New York Times* and *The Arizona Republic* on July 10, 2019.  Accordingly, except

as otherwise set forth herein, no other or further notice of the foregoing is necessary or required. The disclosures made by the Debtors concerning the Motion were complete and adequate.

As evidenced by the affidavits of service on file with the Court, and for the reasons set forth in the Notice, notwithstanding any other requirements in the Bidding Procedures Order, due, proper, timely, adequate, and sufficient notice and a reasonable opportunity to object or be heard with respect to the Sale Transaction, and the Asset Purchase Agreement has been provided to the following interested parties: (a) all persons and entities known by the Debtors to have asserted any lien, claim, interest or encumbrance on the Purchased Assets; (b) the U.S. Trustee; (c) the Committee; (d) all applicable federal, state, and local taxing and regulatory authorities, including the Internal Revenue Service; (e) all of the persons and entities entitled to notice pursuant to Rule 2002 of the Bankruptcy Rules; and (f) any other persons as may be directed by the Court for this Sale Transaction.  Accordingly, except as otherwise set forth herein, no other or further notice of the foregoing or this Sale Order is necessary or required.  The disclosures made by the Debtors concerning the Sale Transaction and the Asset Purchase Agreement were complete and adequate.

E.      **Marketing Process.**  (i) The Debtors and their advisors engaged in a robust and extensive marketing and sale process through the prepetition sale process and the postpetition sale process pursuant to the Bidding Procedures Order and the Bidding Procedures; (ii) the Debtors and their advisors conducted a fair and open sale process; (iii) the sale process and the Bidding Procedures were non-collusive and duly noticed and provided a full, fair and reasonable opportunity for any entity to make an offer to purchase the Transferred Assets; and (iv) the process conducted by the Debtors pursuant to the Bidding Procedures Order and the Bidding Procedures

obtained the highest or otherwise best value for the Transferred Assets for the Debtors and their

estates, and any other transaction would not have yielded as favorable an economic result..

F.    **Corporate Authority.**  The Debtors (i) have full corporate power and authority to

execute and deliver the Asset Purchase Agreement and all other documents contemplated thereby,

(ii) have all necessary power and authority to consummate the Sale Transaction, and (iii) have

taken all necessary action to authorize and approve the Asset Purchase Agreement and to

consummate the Sale Transaction.  No consents or approvals, other than those expressly provided

for in the Asset Purchase Agreement, are required for the Debtors to consummate the Sale

Transaction.

G.    **Business Justification.**  The Debtors have demonstrated good, sufficient, and

sound business purposes and justifications for approval of and entry into the Asset Purchase

Agreement and the other agreements, documents, and instruments deliverable thereunder, pursuant

to section 363(b) of the Bankruptcy Code.

H.    **Highest and Otherwise Best Offer.**  The consideration to be provided by the

Buyer pursuant to the Asset Purchase Agreement: (i) is fair and reasonable; (ii) is the highest and

otherwise best offer for the Transferred Assets; (iii) will provide a greater recovery to the Debtors'

creditors than would be provided by any other available alternative; (iv) will maximize the value

of the Debtors' estates; and (v) constitutes reasonably equivalent value and fair consideration for

the Transferred Assets.  No other person, entity, or group of entities has offered to purchase the

Transferred Assets for greater economic value to the Debtors than the Buyer has.  The Debtors'

determination that the Asset Purchase Agreement constitutes the highest and best offer for the

Transferred Assets was a valid, sound, and reasonable exercise of the Debtors' business judgment

consistent with their fiduciary duties.  The terms and conditions set forth in the Asset Purchase

WEIL:\97249040\7\53602.0004

Agreement are fair and reasonable under the circumstances.   The Asset Purchase Agreement was not entered into by the Buyer or the Debtors for the purpose of, nor does it have the effect of, hindering, delaying, or defrauding any creditor of the Debtors under any of the foregoing federal or state laws or any other applicable laws.

I.   **Good Faith Purchaser.**   The Asset Purchase Agreement and the Sale Transaction were proposed, negotiated, and entered into by and among the Debtors and the Buyer without collusion or fraud, in good faith, and at arm's length.   The Buyer is a good faith purchaser within the meaning of Bankruptcy Code section 363(m) and otherwise has proceeded in good faith in all respects in connection with this proceeding, and is therefore entitled to the full protection of that provision with respect to the Asset Purchase Agreement, the Sale Transaction, each term of the Asset Purchase Agreement (and any ancillary documents executed in connection therewith) and each term of this Sale Order.   The protections afforded by Bankruptcy Code section 363(m) are integral to the Sale Transaction and the Buyer would not consummate the Sale Transaction without such protections.   There has been no showing that the Debtors or the Buyer have engaged in any action or inaction that would cause or permit the Asset Purchase Agreement or the Sale Transaction to be avoided or any costs or damages to be imposed under Bankruptcy Code section 363(n).   Neither, the Buyer, nor any of its affiliates, members, partners, officers, directors, principals, or shareholders is an "insider" of the Debtors as that term is defined in Bankruptcy Code section 101(31).   No common identity of directors, managers, controlling shareholders, or members exists between the Debtors and the Buyer.

J.   **Validity of the Transfer**.   As of the Closing, the transfer of Transferred Assets to the Buyer will be a legal, valid, and effective transfer of such Transferred Assets, and will vest Buyer with all right, title, and interest of the Debtors in and to the Transferred Assets, free and

clear of all liens, claims, encumbrances, security interests and all other interests (collectively, the "**Interests**") under section 363 of the Bankruptcy Code, (other than those expressly assumed by the Buyer or permitted to survive under the Asset Purchase Agreement). The consummation of the Sale Transaction is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, sections 105(a), 363(b), 363(f), 363(h), 365(f), and 365(m), and all of the applicable requirements of such sections have been complied with in respect of the Sale Transaction.

K.    **Legal, Valid, and Binding Transfer.**  The Asset Purchase Agreement is a valid and binding contract between the Debtors and the Buyer and shall be enforceable pursuant to its terms. The Asset Purchase Agreement, the Sale Transaction, and the consummation thereof shall be specifically enforceable against and binding upon (without posting any bond) the Debtors and any chapter 7 or chapter 11 trustee appointed in these Chapter 11 Cases, and shall not be subject to rejection or avoidance by the foregoing parties or any other person.

L.    **Free and Clear.**  The Buyer would not have entered into the Asset Purchase Agreement and would not consummate the Sale Transaction if the transfer of the Transferred Assets to the Buyer were not free and clear of all Interests, as provided for herein, or if the Buyer would, or in the future could, be liable for any such Interests. Subject to the provisions of this Sale Order and except as may be specifically provided in the Asset Purchase Agreement or this Sale Order, the Debtors may sell the Transferred Assets free and clear of any and all Interests, because, in each case, one or more of the standards set forth in sections 363(f)(1) through (5) of the Bankruptcy Code have been satisfied. Each entity with an Interest in the Transferred Assets to be transferred on the Closing Date: (i) has, subject to the terms and conditions of this Sale Order, consented to the Sale Transaction or is deemed to have consented; (ii) could be compelled in a

WEIL:\97249040\7\53602.0004

legal or equitable proceeding to accept money satisfaction of such lien, claim, interest, or encumbrance; or (iii) otherwise falls within the provisions of Bankruptcy Code section 363(f). Those holders of Interests that did not object to the Motion are deemed to have consented to the Sale Transaction and the relief provided for herein pursuant to Bankruptcy Code sections 363(f)(2). Except to the extent expressly set forth in the Asset Purchase Agreement, this Sale Order is and shall be effective on the Closing Date as a determination that all Interests of any kind or nature whatsoever existing as to the Transferred Assets prior to the Closing Date have been unconditionally released, discharged, and terminated, in each case to the fullest extent permitted by law, and that the conveyances described herein have been effected; provided that such Interests shall attach to the proceeds of the Sale Transaction in the order of their priority, with the same validity, force, and effect which they now have against the Transferred Assets. Except to the extent expressly set forth in the Asset Purchase Agreement, the Buyer shall not be responsible for any Interests, including any derivative, successor, transferee or, vicarious , assignee or other similar liability as a result of the transactions authorized herein, including liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of Debtors' businesses prior to the Closing or by reason of the transactions contemplated by this Sale Order. Upon the Closing Date, all persons having Interests of any kind or nature whatsoever against the Debtors or against the Transferred Assets arising prior to the Closing Date shall be forever barred, estopped, and permanently enjoined from pursuing or asserting such Interests against the Buyer or any of their respective assets, property, affiliates, successors, assigns, or the Transferred Assets.

M.      **Not a _Sub Rosa_ Plan.**  The Asset Purchase Agreement and Sale Transaction do not constitute an impermissible _sub rosa_ chapter 11 plan for which approval has been sought

WEIL:\97249040\7\53602.0004

without the protections that a disclosure statement would afford.  The Asset Purchase Agreement and the Sale Transaction neither impermissibly restructure the rights of the Debtors' creditors nor impermissibly dictate a liquidating plan for the Debtors.

N.      **No Successor, Derivative or Similar Liability.**  The Buyer (i) is not, and shall not be, considered a successor in interest to the Debtors, (ii) has not, *de facto* or otherwise, merged or consolidated with or into the Debtors, (iii) is not a continuation or substantial continuation of the Debtors or any enterprise of the Debtors, and (iv) is not holding itself out to the public as a continuation of the Debtors.  There is no continuity or common identity between the Buyer, any of its affiliates and any of the Debtors.  The sale and transfer of the Transferred Assets to the Buyer, and the Buyer's occupation and use of the Transferred Assets will not subject the Buyer to any liability (including any successor liability) with respect to the operation of any of the Debtors' businesses before Closing (as defined in the Asset Purchase Agreement) or by reason of such transfer, except that, upon the Closing, the Buyer shall become liable for the applicable Assumed Liabilities. Buyer shall have no obligations with respect to any liabilities of the Debtors or the Debtors' estates arising out of or related to the Transferred Assets, except as expressly provided in the Asset Purchase Agreement. The Sale Transaction contemplated under the Asset Purchase Agreement does not amount to a consolidation, merger or de facto merger of the Buyer and the Debtors and/or the Debtors' estates.  The Buyer would not have acquired the Transferred Assets if it were liable for claims based upon "successor liability" theories.

O.      **Prompt Consummation**.      The Sale Transaction must be approved and consummated promptly in order to maximize value for the Debtors' estates.  Time is of the essence in consummating the Sale Transaction.  The Debtors have demonstrated compelling circumstances and good and sufficient cause for the immediate approval and consummation of the transactions

contemplated by the Asset Purchase Agreement, including the Sale Transaction, prior to, and outside of, a chapter 11 plan. Accordingly, there is sufficient cause to lift the stay contemplated by Bankruptcy Rules 6004(h) and 6006(d) with regard to the transactions contemplated by this Sale Order.

P.        **Legal and Factual Bases**. The legal and factual bases set forth in the Motion and herein establish just cause for the relief granted herein.

Q.        **Necessity of Sale Order**. The Buyer would not consummate the transactions without all of the relief provided for in this Sale Order.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT**:

1.        The Motion is GRANTED as set forth herein.

**Approval of the Asset Purchase Agreement**

2.        The Asset Purchase Agreement with the Buyer, including all of its terms and conditions, all ancillary documents, and all transactions contemplated therein, including, without limitation, the Sale Transaction, are hereby approved in all respects and authorized under section 363(b) of the Bankruptcy Code.

3.        Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Debtors and their respective officers, employees and agents are authorized and empowered to (i) execute, deliver, perform under, consummate, and implement the Asset Purchase Agreement and the Sale Transaction together with all additional documents as may be reasonably necessary or desirable to implement the Asset Purchase Agreement and the Sale Transaction, (ii) take any and all actions as they deem necessary, appropriate, or advisable for the purpose of assigning, transferring, granting, conveying, and conferring to the Buyer or reducing to possession the Transferred Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Asset Purchase Agreement and the Sale Transaction, including, without limitation, any and all

actions reasonably requested by the Buyer which are consistent with the Asset Purchase Agreement and the Sale Transaction, and (iii) pay, without further order of this Court, whether before, at or after the Closing Date, any expenses or costs that are required or reasonably contemplated to be paid by the Debtors in order to consummate the transactions contemplated by the Asset Purchase Agreement or perform their obligations under the Asset Purchase Agreement.

### Transfer of the Transferred Assets Free and Clear

4.        Pursuant to sections 105(a), 363(f), and 365(b) of the Bankruptcy Code, upon the Closing of the Sale Transaction:  (i) the transfer of the Transferred Assets to the Buyer pursuant to the Asset Purchase Agreement shall constitute a legal, valid, and effective transfer of the Transferred Assets and shall vest the Buyer with all right, title, and interest in and to the Transferred Assets; and (ii) the Transferred Assets shall be transferred to the Buyer free and clear of any and all Interests, including all liens, claims, and encumbrances, except those specifically assumed by the Buyer pursuant to the Asset Purchase Agreement, with any such liens, claims, encumbrances and other Interests of which the Transferred Assets are sold free and clear to attach to the proceeds of the Sale Transaction, in the order of their priority, with the same validity, force, and effect which they had against the Transferred Assets prior to the entry of this Sale Order, subject to any rights, claims, and defenses the Debtors, their estates, and all interested parties may possess with respect thereto; and all persons are forever prohibited and enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, against the Buyer with respect to any such liens, claims, encumbrances, and other Interests.  Accordingly, Buyer shall not have any derivative, successor, transferee or vicarious liability as a result of the transactions authorized herein, including liabilities on account of any taxes arising, accruing or

payable under, out of, in connection with, or in any way relating to the operation of the Debtors' businesses prior to the Closing or by reason of the transactions contemplated by this Sale Order.

5.      Notwithstanding anything herein or in the Asset Purchase Agreement to the contrary, in no instance shall the Buyer or its designee have any liability for, or be deemed to have assumed, any Excluded Liability.

6.      On the Closing Date, this Sale Order shall be construed and shall constitute for any and all purposes a legal, valid, binding, and effective, full and complete general assignment, conveyance, and transfer of the Debtors' interests in the Transferred Assets or a bill of sale transferring good and marketable title in the Transferred Assets.

7.      This Sale Order is and shall be effective as a determination that all Interests (other than those expressly assumed by the Buyer or permitted to survive under the Asset Purchase Agreement), attributable to any period ending on or before the Closing Date, shall be and are, without further action by any person or entity, unconditionally released, discharged, and terminated with respect to the Transferred Assets as of the Closing Date, except as may otherwise be set forth in the Asset Purchase Agreement or this Sale Order.  The provisions of this Sale Order authorizing the sale and assignment of the Transferred Assets free and clear of all Interests shall be self-executing, and notwithstanding the failure of the Debtors, the Buyer, or any other party to execute, file, or obtain releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and/or implement the provisions hereof, all Interests (other than those expressly assumed by the Buyer or permitted to survive under the Asset Purchase Agreement) on or against such Transferred Assets, if any, shall be deemed released, discharged, and terminated.

WEIL:\97249040\7\53602.0004

8.     All persons (and their respective successors and assigns) including all debt security holders, equity security holders, governmental tax and regulatory authorities, lenders, customers, vendors, employees, former employees, litigation claimants, trade creditors, and any other creditors who may or do hold claims against the Debtors, the Transferred Assets, and/or the Debtors' business, are hereby forever barred, estopped, and permanently enjoined from asserting or pursuing such claims against the Buyer, its affiliates, successors, assigns, its property or the Transferred Assets, including taking any of the following actions with respect to any such claims: (i) commencing or continuing in any manner any action, whether at law or in equity, in any judicial, administrative, arbitral, or any other proceeding, against the Buyer, its affiliates, successors, assigns, assets (including the Transferred Assets), or properties; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Buyer, its affiliates, successors, assigns, assets (including the Transferred Assets), or properties; (iii) creating, perfecting, or enforcing any claim against the Buyer, its successors, assigns, assets (including the Transferred Assets), or properties; (iv) asserting a claim as a setoff or right of subrogation against any obligation due to the Buyer or its successors or assigns; or (v) commencing or continuing any action in any manner or place that does not comply, or is inconsistent, with the provisions of this Sale Order or the agreements or actions contemplated or taken in respect thereof.  Following the Closing, no holder of any claim shall interfere with the Buyer's title to or use and enjoyment of the Transferred Assets based on or related to any such claim, or based on any action the Debtors may take in the Chapter 11 Cases.

9.     Except as otherwise provided herein or in the Asset Purchase Agreement, on the Closing Date, the Debtors and the Debtors' creditors are authorized to execute such documents and instruments and to take all other actions as may be reasonably necessary to document and

effectuate the release of their Interests in the Transferred Assets (other than those expressly assumed by the Buyer or permitted to survive under the Asset Purchase Agreement), if any, as such Interests may have been recorded or may otherwise exist.  If any such creditor fails to execute any such documents or instruments or take any such actions, the Buyer is authorized to execute such documents and instruments and to take such actions on behalf of the creditor so as to document the release of such Interests.

10.     To the maximum extent permitted under applicable law, the Buyer shall be authorized, as of the Closing Date, to operate under any license, permit, registration and governmental authorization or approval of the Debtors (to the extent of the Debtors' right, title and interest therein) with respect to the Transferred Assets, and all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to the Buyer with respect to the Transferred Assets as of the Closing Date.

11.     No governmental unit (as defined in Bankruptcy Code section 101(27)) or any representative thereof may deny, revoke, suspend or refuse to renew any right, license, copyright, patent, trademark, or other permission or similar grant relating to the operation of the Transferred Assets on account of the filing or pendency of the Chapter 11 Cases or the consummation of the Sale Transaction to the extent that any such action by a governmental unit or any representative thereof would violate Bankruptcy Code section 525.

### No Successor, Derivative, or Similar Liability

12.     The Buyer and its successors and assigns shall not be deemed, as a result of any action taken in connection with the transfer of the Transferred Assets, to (i) be a successor (including a successor employer) to the Debtors or their estates, (ii) have, *de facto* or otherwise, merged or consolidated with or into the Debtors or their estates, or (iii) be an alter ego or mere

continuation or substantial continuation of the Debtors or any enterprise of the Debtors, and the Buyer shall have no liability, whether successor, transferee, derivative, vicarious, assignee or other similar liability of any kind or character, including, but not limited to, under any theory of foreign, federal, state, or local antitrust, environmental, successor, tax, ERISA, assignee, or transferee liability, labor, product liability, employment, de facto merger, substantial continuity, or other law, rule, or regulation, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, liquidated or unliquidated, including liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the sale or marketing of product or material produced in operation of the Transferred Assets or the operation of the Transferred Assets prior to the Closing Date or any other obligations or liabilities of the Debtors arising prior to the Closing Date.  Except as otherwise provided herein or in the Asset Purchase Agreement, the transfer of the Transferred Assets to the Buyer pursuant to the Asset Purchase Agreement shall not result in the Buyer or the Transferred Assets having any liability or responsibility for, or being required to satisfy in any manner, whether in law or in equity, whether by payment, setoff, or otherwise, directly or indirectly, any claim against the Debtors or against any insider of the Debtors or any liens, claims, encumbrances, or other interests, including any derivative, successor, transferee, vicarious, assignee or other similar liability as a result of the transactions authorized herein, including liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of Debtors' businesses prior to the Closing or by reason of the transactions contemplated by this Sale Order.

13.    Without limiting the generality of the foregoing, except as otherwise expressly provided in the Asset Purchase Agreement with respect to Assumed Liabilities, the Buyer shall

not be liable for any claims against, and liabilities of, the Debtors or any of the Debtors' predecessors, insiders, affiliates, or their respective current and former directors, officers, employees, or agents or otherwise be required to satisfy in any manner any claims relating to the operation of the Debtors' businesses prior to the Closing or by reason of the transactions authorized hereunder.  Except as provided in the Asset Purchase Agreement, the consideration given by the Buyer shall constitute valid and valuable consideration for the release of any potential claims of successor, derivative, or similar liability against the Buyer, which release shall be deemed to have been given in favor of the Buyer by all holders of liens and/or claims against the Debtors or the Transferred Assets.

### Good Faith; Arm's-Length Sale

14.     The consideration provided by the Buyer under the Asset Purchase Agreement constitutes reasonably equivalent value, fair consideration and fair value for the Transferred Assets under the Asset Purchase Agreement and may not be avoided under section 363(n) of the Bankruptcy Code.  None of the Debtors or the Buyer has engaged in any conduct that would cause or permit the Asset Purchase Agreement or the Sale Transaction to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

15.     The Asset Purchase Agreement and the Sale Transaction are negotiated, proposed and entered into by the Debtors and the Buyer without collusion, from arm's length bargaining positions, and in good faith, as that term is used in section 363(m) of the Bankruptcy Code.  Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Asset Purchase Agreement and the Sale Transaction shall not affect the validity of the sale of the Transferred Assets to the Buyer, unless this Sale Order is duly stayed pending

such appeal.  The Buyer is a good faith Buyer of the Transferred Assets and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

## Related Relief

16.    All persons that are in possession of some or all of the Transferred Assets as of or after the Closing are hereby directed to surrender possession of such Transferred Assets to the Buyer as of the Closing or at such time thereafter as the Buyer may request.  All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Debtors to transfer the Transferred Assets to the Buyer.  The Debtors agree to exercise commercially reasonable efforts to assist the Buyer in assuring that all persons that are presently, or on the Closing Date may be, in possession of some or all of the Transferred Assets in which the Debtors hold an interest will surrender possession of the Transferred Assets either to (i) the Debtors before the Closing Date, or (ii) the Buyer on or after the Closing Date.

17.    This Sale Order is and shall be binding upon and shall govern acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of fees, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons, who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that the Buyer is the assignee and owner of the Transferred Assets free and clear of all liens, claims, encumbrances, and other interests (other than those expressly assumed by the Buyer or permitted to survive under the Asset Purchase Agreement) (all such entities being referred to. the "**Recording Officers**").  All Recording Officers are authorized to strike recorded liens, claims, interests, and encumbrances against the Transferred Assets recorded prior to the date of this Sale

WEIL:\97249040\7\53602.0004

Order unless the Asset Purchase Agreement expressly provides that the Buyer is acquiring the Transferred Assets subject to such liens, claims, encumbrances, and other interests.  A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any liens and other encumbrances of record, and this Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state or local government agency, department or office.  If any person or entity which has filed statements or other documents or agreements evidencing liens on, or other interests in, all or any portion of the Transferred Assets shall not have delivered to the Debtors prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens, and any other documents necessary for the purpose of documenting the release of all liens or other interests which the person or entity has or may assert with respect to all or any portion of the Assets, the Debtors are hereby authorized, and the Buyer is hereby authorized, on behalf of the Debtors and each of the Debtors' creditors, to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Transferred Assets, or take such other appropriate action, including seeking relief in this Court or any other court to compel appropriate parties to execute termination statements, instruments of satisfaction and releases of all such liens, claims, encumbrances, or interests with respect to the Transferred Assets.

18.    Each and every filing agent, filing officer, title agent, recording agency, governmental department, secretary of state, federal, state and local official, and any other person and entity who may be required by operation of law, the duties of its office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Transferred Assets, is hereby authorized and directed to

accept any and all documents and instruments necessary and appropriate to consummate the Sale Transaction contemplated by the Asset Purchase Agreement and approved by this Sale Order.

19.     Following the Closing, no holder of any liens, claims, encumbrances, or other interests with respect to the Transferred Assets (other than those expressly assumed by the Buyer or permitted to survive under the Asset Purchase Agreement) or other party in interest may interfere with the Buyer's use and enjoyment of the Transferred Assets based on or related to such liens, claims, encumbrances, or other interests, or any actions that the Debtors may take in their Chapter 11 Cases, and no party may take any action to prevent, interfere with, or otherwise enjoin consummation of the Sale Transaction.

20.     No "bulk sales," "bulk transfer" or similar laws (including those relating to taxes) of any state or other jurisdiction shall apply in any way to the transactions authorized herein, including the Asset Purchase Agreement and the Sale Transaction.

21.     Transferred Records will not include records related to the Debtors' sale, promotion, marketing, compliance, and reimbursement for, or payments made with respect to, the sale of SUBSYS and SYNDROS.

22.     The Buyer shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Asset Purchase Agreement or any other related document.  The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the preceding sentence.

23.     This Sale Order shall be binding in all respects upon, and the terms and provisions of the Asset Purchase Agreement and this Sale Order shall inure to the benefit of the Debtors, their estates, all creditors, all holders of equity interests in the Debtors, the official committee of unsecured creditors, any holders of liens, claims, encumbrances, or other interests against or on all

or any portion of the Transferred Assets, the Buyer and its affiliates, successors, and assigns, and any subsequently appointed estate representative or other fiduciary in the Chapter 11 Cases. The Asset Purchase Agreement, the Sale Transaction and this Sale Order shall be enforceable against and binding upon, and shall not be subject to rejection or avoidance by, any chapter 7 or chapter 11 trustee appointed in the Chapter 11 Cases. Further, nothing contained in any plan of reorganization (or liquidation) confirmed in these Chapter 11 Cases or any order confirming any plan of reorganization (or liquidation) or any other order entered in these Chapter 11 Cases shall conflict with or derogate from the provisions of the Asset Purchase Agreement or the terms of this Sale Order.

24.     The Asset Purchase Agreement and any related agreements, documents, or other instruments contemplated thereby may be waived, modified, amended, or supplemented by the Debtors and the Buyer in a writing signed by such parties without further order of the Court; provided that any such waiver, modification, amendment, or supplement does not have a material adverse effect on the Debtors or the Debtors' estates.

25.     The failure to include specifically any particular provision of the Asset Purchase Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Asset Purchase Agreement be authorized and approved in its entirety.

26.     To the extent of any inconsistency between the provisions of this Sale Order, the Asset Purchase Agreement, and any documents executed in connection therewith, the provisions contained in the Sale Order, the Asset Purchase Agreement, and any documents executed in connection therewith shall govern, in that order.

27.    Notwithstanding the provisions of Bankruptcy Rule 6004(h) and 6006(d) or any other applicable provision of the Bankruptcy Code or the Bankruptcy Rules that may stay the effectiveness of this Sale Order, this Sale Order shall be effective and enforceable immediately and shall not be stayed.

28.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Sale Order.

29.    Without further approval of this Court, the Debtors and Buyer are authorized to execute and deliver, and perform under, one or more amendments, waivers, consents or other modifications to and under the Asset Purchase Agreement and ancillary documents, in each case, in such form as the Debtors and Buyer may agree; provided that such amendment, waiver, consent, or modification does not materially modify, in a manner adverse to the Debtors, the terms of the Asset Purchase Agreement.

30.    This Court shall retain exclusive jurisdiction and power to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order, the Sale Transaction, and the Asset Purchase Agreement, all amendments thereto and any waivers and consents thereunder, and each of the agreements executed in connection therewith and the transactions contemplated thereby.

Dated: December 16th, 2019
Wilmington, Delaware

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

22