# **EXHIBIT K**

VRT Asset Transfer Agreement

## ASSET TRANSFER AGREEMENT

THIS ASSET TRANSFER AGREEMENT (this "Agreement"), dated as of [●], is entered into by and among Insys Therapeutics, Inc., IC Operations, LLC, Insys Development Company, Inc., Insys Manufacturing, LLC, Insys Pharma, Inc., IPSC, LLC and IPT 355, LLC (each individually a "Debtor" and, collectively, the "Debtors", and all of the Debtors on and after the Effective Date, to be liquidated and dissolved upon the Dissolution Date, collectively, the "Liquidating Debtors"), on behalf of themselves and the Liquidating Debtors, and the Victims Restitution Trust. The Debtors and the Victims Restitution Trust are sometimes herein referred to collectively as the "Parties" and each individually as a "Party". Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the *Second Amended Joint Chapter 11 Plan of Liquidation of Insys Therapeutics, Inc. and Its Affiliated Debtors*, dated December 4, 2019 (ECF No. [●]), as confirmed by the Confirmation Order (including all exhibits thereto, as the same may be further amended, modified or supplemented from time to time, the "Plan").

WHEREAS, on June 10, 2019, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court" and such cases, the "Chapter 11 Cases");

WHEREAS, on December 4, 2019, in connection with the Chapter 11 Cases, the Debtors filed the Plan with the Bankruptcy Court;

WHEREAS, on [●], the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order");

WHEREAS, on the date hereof, the Effective Date of the Plan occurred and in connection therewith, the Victims Restitution Trust was established for the benefit of holders of Allowed Personal Injury Claims and the States, Municipalities, and Tribes for the purposes described in the Plan and any others more fully described in the VRT Agreement;

WHEREAS, the Victims Restitution Trust shall administer, process, resolve, and liquidate Personal Injury Claims, and make Distributions (from the designated funds therefor) to holders of Allowed Personal Injury Claims and to the ILT Recovery Fund to satisfy and pay Allowed State Claims and Allowed Municipality/Tribe Claims, subject to the terms of the VRT Agreement, the Plan, and the Confirmation Order;

WHEREAS, the Plan provides, among other things, that in furtherance of the purpose of the Victims Restitution Trust, on the Effective Date, the Liquidating Debtors shall irrevocably transfer, grant, and assign to the Victims Restitution Trust the VRT Assets (as defined below);

WHEREAS, the Plan further provides, among other things, that in furtherance of the purpose of the Victims Restitution Trust, and subject to the VRT Agreement, the Victims Restitution Trust shall expressly: (i) assume all responsibility and liability for all (A) Personal Injury Claims against the Debtors and the Liquidating Debtors and (B) VRT Operating Expenses (except as otherwise provided in the VRT Agreement), and (ii) undertake to administer and pay the foregoing with the funds designated to (A) the VRT Recovery Fund and (B) the VRT Operating Reserve, respectively; and

WHEREAS, this Agreement and that certain Equity and Asset Transfer Agreement, dated as of the date hereof, by and among the Debtors and the Insys Liquidation Trust collectively provide for the transfer of all assets and liabilities of the Debtors that have not been otherwise extinguished in connection with the Chapter 11 Cases to the Victims Restitution Trust or the Insys Liquidation Trust, as applicable.

NOW, THEREFORE, in consideration of the premises and the mutual covenants contained herein, and for other good and valuable consideration, the receipt, adequacy and legal sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

SECTION 1.  Transfer of Assets.  In accordance with and subject to the terms and conditions of the Plan and the VRT Agreement, and in consideration of the rights, powers, privileges and other benefits received by the Debtors pursuant to the Plan, the Liquidating Debtors hereby irrevocably transfer, grant, and assign to the Victims Restitution Trust, and the Victims Restitution Trust hereby receives and accepts, to the maximum extent possible under applicable law, the following (collectively, the "VRT Assets"):

(a) any and all of the Products Liability Insurance Rights and Products Liability Insurance Proceeds, including, to the extent any Products Liability Insurance Company is obligated to pay any Claim to or on behalf of one or more of the Debtors, the right to enforce such Products Liability Insurance Company's obligation, free and clear of all Claims, Interests, Liens, encumbrances, Causes of Action and liabilities of any nature whatsoever, subject to limits of liability for coverage of certain types of Claims under one or more Products Liability Insurance Policies that may have been reduced by certain prepetition payments made by a Products Liability Insurance Company to, or on behalf of, one or more of the Debtors;

(b) the VRT Operating Reserve, the VRT Recovery Fund and the Disputed Claims Reserves with respect to Disputed Personal Injury Claims, free and clear of all Claims, Interests, Liens, other encumbrances, and liabilities of any kind;

(c) all Claims, Causes of Action, rights of setoff or recoupment, cross-claims and other legal or equitable defenses regarding Personal Injury Claims and Claims classified in Class 8 of the Plan that the Debtors or the Liquidating Debtors have, or would have had, under applicable law, but solely to the extent consistent with the VRT Agreement and the Plan; *provided*, *however*, that no such claims or rights may be asserted against any Released Party;

(d) all Assumed and Assigned Contracts including or related to Products Liability Insurance Policies;

(e) (A) (i) a copy of a database or other information as reasonably required to assist the Victims Restitution Trust in identifying the Personal Injury Claims against the Victims Restitution Trust, (ii) copies of all Insurance Policies, (iii) information relating to all Claims previously noticed, tendered, or submitted under the Insurance Policies or paid by any Insurance Company, and (iv) any other information necessary to operate the Victims Restitution Trust and preserve, secure, or obtain the benefit of the Insurance Rights; (B) to the extent not assigned under (A), a common and joint legal interest in all of the books and records of the Debtors and the Liquidating Debtors, the custody of which will be maintained by the

2

Insys Liquidation Trust; and (C) all Privileges held by the Debtors and the Liquidating Debtors (including the board of directors or any committee of the board of directors of any of the Debtors or the Liquidating Debtors), in each case of (A), (B) and (C), to the extent related to the assets set forth in this Section 1; and

(f)    any and all other assets to be transferred to the Victims Restitution Trust pursuant to the Plan but not otherwise set forth in this Section 1, free and clear of all Claims, Interests, Liens, encumbrances, Causes of Action and liabilities of any nature whatsoever.

SECTION 2.  Vesting of Assets.  By this Agreement and as provided for in the Confirmation Order and the Plan, and if applicable, pursuant to sections 1141(b) and 1141(c) of the Bankruptcy Code, all of the VRT Assets are and shall be vested in the Victims Restitution Trust, and the Debtors shall have no interest in or with respect to the VRT Assets.

SECTION 3.  Assumption of Liabilities.  The Victims Restitution Trust hereby expressly: (i) unconditionally and irrevocably assumes all responsibility and liability for all (A) Personal Injury Claims against the Debtors and the Liquidating Debtors and (B) all VRT Operating Expenses (except as otherwise provided in the VRT Agreement), and (ii) undertakes to administer and pay the foregoing with the funds designated to (A) the VRT Recovery Fund and (B) the VRT Operating Reserve, respectively.

SECTION 4.  Setoff.  In accordance with the Plan, and notwithstanding anything to the contrary contained herein, for purposes of section 553 of the Bankruptcy Code, the transfer of the VRT Assets to the Victims Restitution Trust shall not affect the mutuality of obligations that otherwise may have existed prior to the effectuation of such transfer.

SECTION 5.  Taxes.  In accordance with the Plan, to the maximum extent permitted pursuant to section 1146(a) of the Bankruptcy Code, the assignment or surrender of any lease or sublease, or the delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any deeds, bills of sale, or assignments, or assignments executed in connection with any disposition of assets contemplated by the Plan (including transfers of assets to and by the Victims Restitution Trust) shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, real estate transfer tax, sales or use tax, mortgage recording tax, or other similar tax or governmental assessment.

SECTION 6.  Governing Law.  This Agreement and the rights, duties, and obligations arising hereunder shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, except as otherwise provided pursuant to Section 5.8(c)(vi) of the Plan with respect to transfers that shall be governed by the Bankruptcy Code and the other applicable laws governing the Products Liability Insurance Policies, in each case, without giving effect to the choice of law principles that would require or permit the application of the laws of another jurisdiction.

SECTION 7.  Headings.  The headings contained in this Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision of this Agreement.

SECTION 8.  <u>Controlling Document</u>.  In the event of any conflict between the terms and provisions in the Plan and the terms and provisions of this Agreement, the Plan shall govern and control.

SECTION 9.  <u>Entire Agreement</u>.  This Agreement (including the recitals), the Plan, the Confirmation Order and the VRT Agreement constitute the entire agreement by and among the Parties and supersede all prior and contemporaneous agreements or understandings by and among the Parties with respect to the subject matter of this Agreement.

SECTION 10. <u>Amendment and Waiver</u>.  This Agreement can be amended, supplemented or changed, and any provision hereof can be waived, only by written instrument making specific reference to this Agreement signed by the Party against whom enforcement of any such amendment, supplement, modification or waiver is sought; *provided*, *however*, that this Agreement cannot be amended in any way inconsistent with the Plan or the Confirmation Order without further order of the Bankruptcy Court.

SECTION 11. <u>Binding Effect</u>.  This Agreement is being executed by the Parties and shall be binding upon and inure to the benefit of the Parties for the uses and purposes set forth herein and shall be effective as of the Effective Date. Nothing in this Agreement shall create or be deemed to create any third party beneficiary rights in any person or entity not a Party.

SECTION 12. <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same instrument.  A facsimile or portable document file (PDF) signature of any Party shall be considered to have the same binding legal effect as an original signature.

[Signature pages follow]

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed and delivered by their duly authorized representatives, all as of the Effective Date.

**Victims Restitution Trust**

By: _____,
solely in its capacity as Liquidating Trustee

By: _____
Name: _____
Title: _____

**Insys Therapeutics, Inc.**

By: _____
Name: _____
Title: _____

**IC Operations, LLC**

By: _____
Name: _____
Title: _____

**Insys Development Company, Inc.**

By: _____
Name: _____
Title: _____

**Insys Manufacturing, LLC**

By: _____
Name: _____
Title: _____

[*Signature Page to Asset Transfer Agreement*]

**Insys Pharma, Inc.**

By: _____
     Name: _____
     Title: _____

**IPSC, LLC**

By: _____
     Name: _____
     Title: _____

**IPT 355, LLC**

By: _____
     Name: _____
     Title: _____

[*Signature Page to Asset Transfer Agreement*]