# EXHIBIT A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **INSYS THERAPEUTICS, INC., *et al.*,** | : | **Case No. 19-11292 (KG)** |
| **Debtors.**[1] | : | **Jointly Administered** |
| | : | **Re: D.I. 515 & ______** |

**ORDER APPROVING STIPULATION BY AND AMONG THE DEBTORS, HIKMA PHARMACEUTICALS USA INC., AND IMA NORTH AMERICA, INC. REGARDING ASSUMPTION AND ASSIGNMENT OF A CONTRACT FOR PEELABLE TOOLING**

Upon consideration of the *Stipulation by and Among the Debtors, Hikma Pharmaceuticals USA Inc., and IMA North America, Inc. Regarding Assumption and Assignment of a Contract for Peelable Tooling* (the "**Stipulation**"),[2] a copy of which is attached hereto as **Exhibit 1**; and the Court having determined that the agreement set forth in the Stipulation is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Stipulation is hereby approved.

2. The Stipulation shall become effective immediately upon entry of this Order.

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659); Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT 355, LLC (0155). The Debtors' mailing address is 3100 West Ray Road, Ste. 201, Chandler, Arizona 85226.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Stipulation.

3. This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

# <u>EXHIBIT 1</u>

## Stipulation

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **INSYS THERAPEUTICS, INC., *et al.*,** | : | **Case No. 19-11292 (KG)** |
| **Debtors.**[1] | : | **Jointly Administered** |

**STIPULATION BY AND AMONG THE DEBTORS, HIKMA PHARMACEUTICALS USA INC., AND IMA NORTH AMERICA, INC. REGARDING ASSUMPTION AND ASSIGNMENT OF A CONTRACT FOR PEELABLE TOOLING**

This stipulation (the "**Stipulation**") is made and entered into by and between Insys Therapeutics, Inc. ("**Insys**") and its affiliated debtors, as debtors and debtors in possession (collectively, the "**Debtors**"), IMA North America, Inc. ("**IMA**"), and Hikma Pharmaceuticals USA Inc. (the "**Buyer**" and together with the Debtors and IMA, the "**Parties**"), by and through their respective undersigned counsel.

**RECITALS**

WHEREAS, Insys and IMA are parties to that certain Purchase Order No. PO5-002661-1 for Nasal Peelable Tooling dated January 30, 2019 (the "**Contract**").

WHEREAS, on June 10, 2019 (the "**Petition Date**"), the Debtors each commenced with the United States Bankruptcy Court for the District of Delaware (the "**Court**") a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**").

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659); Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT 355, LLC (0155). The Debtors' mailing address is 3100 West Ray Road Ste. 201, Chandler, Arizona 85226.

WHEREAS, on June 10, 2019, the Debtors filed the *Motion of Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Scheduling Auction for and Hearing to Approve Sale of Debtors' Assets, (C) Approving Form and Manner of Notice of Sale, Auction, and Sale Hearing, (D) Approving Assumption and Assignment Procedures, and (E) Granting Related Relief; and (II)(A) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [D.I. 32] (the "**Motion**");

WHEREAS, on July 2, 2019, the Court entered an order [D.I. 210] (the "**Bidding Procedures Order**") that, among other things, approved the Bidding Procedures (as defined in the Motion);

WHEREAS, on August 22, 2019, the Court entered the *Order (1) Approving Asset Purchase Agreement Between Insys Therapeutic, Inc. and Hikma Pharmaceuticals USA Inc., (2) Approving Sale of the Purchases Assets Relating to Naloxone 8mg Unit-Dose Nasal Spray and Epinephrine 7Mg and 8.5mg Unit-Dose Nasal Spray Product (All Strengths, Doses and Formulations) and Certain Related Equipment Free and Clear of all Liens, Claims Encumbrances and Other Interests and (3) Approving Assumption and Assignment of Certain Contracts and Leases (4) Determining The Amounts Necessary to cure such Executory Contracts and Unexpired Leases and other Liabilities and (5) Granting Related Relief* [D.I. 515] (the "**Sale Order**"),[2] pursuant to which the Court approved the Asset Purchase Agreement between Insys, as the Seller, and the Buyer, by which Insys sold the Purchased Assets, including certain Assumed Contracts, to the Buyer.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Sale Order.

WHEREAS, the Assumed Contracts did not include the Contract, but they did include other agreements with IMA (the "**Assumed IMA Contracts**").

WHEREAS, the Sale Transaction closed on August 29, 2019 (the "**Closing**").

WHEREAS, any defaults existing under the Assumed IMA Contracts have been cured as of the Closing. Furthermore, Buyer and IMA have agreed that Buyer has overpaid the cure amounts for the Assumed IMA Contracts in the amount of $45,450.00 (the "**Overpayment**"), and IMA has agreed that the Overpayment will be credited to future purchases of goods and services by the Buyer.

WHEREAS, subsequent to the Closing and in connection with the Sale Transaction contemplated by the Asset Purchase Agreement, the Buyer informed the Debtors of its desire to acquire the Contract;

WHEREAS, IMA does not object to Insys assuming and assigning the Contract to the Buyer;

WHEREAS, no defaults exist in the Debtors' performance under the Contract; and

WHEREAS, to the extent required by section 365 of the Bankruptcy Code, the Parties agree that the Buyer has provided adequate assurance of future performance with respect to the Contract, and no further showing of adequate assurance of future performance is necessary.

**NOW THEREFORE, THE PARTIES, BY AND THROUGH THEIR RESPECTIVE UNDERSIGNED COUNSEL, HEREBY STIPULATE AND AGREE AS FOLLOWS:**

1. The above recitals are fully incorporated herein and made an express part of this Stipulation.

2. Upon approval of this Stipulation by the Court (the "**Effective Date**"), the Contract shall be assumed by Insys and assigned to the Buyer.

3. In connection with the assumption and the assignment of the Contract, no payments shall be required to be made by the Debtors or the Buyer to cure any defaults under section 365(b) of the Bankruptcy Code.

4. Upon the assumption and assignment of the Contract to the Buyer, the Debtors shall be relieved from any further liability with respect to the Contract. IMA shall be forever barred and permanently enjoined from asserting against the Debtors, their estates, the Buyer, and their respective successors and assigns, any default or unpaid obligation allegedly arising or occurring before the Effective Date of this Stipulation, any pecuniary loss resulting from such default, or any other claim or obligation under the Contracts arising or incurred prior to the Effective Date.

5. Upon the Debtors' assignment of the Contract to the Buyer, no default shall exist under the Contract, and IMA shall not be permitted to declare a default by any Debtor or the Buyer, or otherwise take action against the Buyer, as a result of any Debtor's financial condition, bankruptcy, or failure to perform any of its obligations under the Contract.

6. Upon the assignment of the Contract to the Buyer, the Contract shall be valid and binding, and in full force and effect in accordance with its terms, and the terms of the Contract continue in their entirety following the assumption and assignment of the Contract.

7. This Stipulation shall be, upon approval by the Court, binding in these chapter 11 cases.

8. This Stipulation constitutes the entire agreement between the Parties and supersedes all prior agreements and understandings, both written and oral, between the Parties

with respect to the subject matter hereof and, except as otherwise expressly provided herein, is not intended to confer upon any other person any rights or remedies hereunder.

9. Each of the Parties shall bear its own attorneys' fees and costs with respect to the execution and delivery of this Stipulation.

10. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

11. This Stipulation may not be amended without the express written consent of all Parties hereto and approval by the Court.

12. It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

13. The Court shall retain jurisdiction over any and all disputes or other matters arising under or otherwise relating to this Stipulation.

*[Signatures on the Following Page]*

Dated: January 23, 2020
Wilmington, Delaware

By: */s/ Christopher M. De Lillo*
John H. Knight (No. 3848)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Christopher M. De Lillo (No. 6355)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

WEIL, GOTSHAL & MANGES LLP
Gary T. Holtzer (admitted *pro hac vice*)
Ronit J. Berkovich (admitted *pro hac vice*)
Candace M. Arthur (admitted *pro hac vice*)
Olga F. Peshko (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for the Debtors and Debtors in Possession*

By: */s/ Andrew Baharlias*
Andrew Baharlias
Senior Counsel
Hikma Pharmaceuticals USA Inc.
246 Industrial Way West
Eatontown, New Jersey 07724-2206
Telephone: 1.732.720.2861

*Counsel for Hikma Pharmaceuticals USA Inc.*

By: */s/ Paul W. Carey*
Paul W. Carey, BBO #566865
MIRICK, O'CONNELL, DEMALLIE & LOUGEE, LLP
100 Front Street
Worcester, MA 01608-1477
Telephone: (508) 791-8500
Facsimile: (508) 791-8502
Email: pcarey@mirickoconnell.com

*Counsel for IMA North America, Inc.*