**Exhibit A**

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INSYS THERAPEUTICS, INC., *et al.*, | Case No. 19-11292 (JTD) |
| Liquidating Debtors.[1] | (Jointly Administered) |

**STIPULATION REGARDING CLAIMS OF
ASCENT HEALTH SERVICES LLC**

This stipulation (the "Stipulation") is made as of May 22, 2020, by and between Ascent Health Services LLC ("Ascent"), and William Henrich, in his capacity as liquidating trustee (the "Trustee") of the Insys Liquidating Trust (the "Liquidating Trust") operating under a Trust Agreement, as successor in interest to the above-captioned debtors and debtors in possession (collectively, the "Debtors" or the Liquidating Debtors" as appropriate).

WHEREAS, on June 10, 2019 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases");

WHEREAS, on January 9, 2020, Ascent filed its *Motion for Allowance and Payment of Administrative Claim* [D.I. 1081] (the "Ascent Motion") asserting an administrative claim in the amount of $170,175.24 (the "Claim");

WHEREAS, on January 16, 2020, the Bankruptcy Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Second Amended Joint Chapter 11 Plan of Liquidation of Insys Therapeutics, Inc. and Its Affiliated Debtors* [D.I. 1115] (the

---

[1] The Liquidating Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659); Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT 355, LLC (0155).

"Confirmation Order"), which, among other things, approved the form of Trust Agreement for the Liquidating Trust (the "Trust Agreement");

**WHEREAS**, pursuant to Section 1.3 of the Trust Agreement the Trustee has full authority, without additional approval of the Bankruptcy Court, to settle the Claim;

**WHEREAS**, Ascent and the Liquidating Trust entered into a Stipulation to establish procedures for resolution of the Claim, which was approved by the Bankruptcy Court on January 28, 2020 [D.I. 1152].

**NOW, THEREFORE**, in exchange for good and valuable mutual consideration, the sufficiency of which is hereby acknowledged, the Parties hereby STIPULATE AND AGREE AS FOLLOWS:

1. The Claim shall be reduced and allowed as an administrative claim against the estates, pursuant to Section 503 of the Bankruptcy Code, in the amount of $65,000.

2. Ascent has asserted no other claims against the estates, whether by proof of claim or otherwise.

3. Ascent acknowledges that other than pursuant to this Stipulation, it shall have no further allowed claim against any of the Liquidating Debtors or the Litigation Trust other than as provided above with respect to the Claim.

4. This Stipulation shall not be modified, altered, amended, or vacated except in a writing signed by a duly authorized representative of each of the Parties. Oral modification shall not be permitted.

5. Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation.

6. This Stipulation is binding on, and inures to the benefit of, each of the Parties, and any of their successors, and assigns.

7. This Stipulation may be executed in identical counterparts, each of which will be deemed an original, but all of which together will constitute one and the same agreement. Signatures to this Stipulation transmitted by facsimile transmission, by electronic mail in "portable document format" (".pdf") form, or other electronic means will have the same effect as physical delivery of the paper document bearing an original signature.

8. This Stipulation shall be exclusively governed by and construed and enforced in accordance with the laws of the state of Delaware, without regard to its conflicts of law principles. Each Party irrevocably submits to the exclusive jurisdiction of the Bankruptcy Court for any action to enforce or interpret this Stipulation.

| | |
|---|---|
| */s/ Garvan F. McDaniel* | */s/ Matthew O. Talmo* |
| **HOGAN MCDANIEL** | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP** |
| Garvan F. McDaniel (No. 4167) | Derek C. Abbott (No. 3376) |
| 1311 Delaware Ave. | Matthew O. Talmo (No. 5120) |
| Wilmington, DE 19806 | 1201 N. Market Street |
| | PO Box 1347 |
| -and- | Wilmington, DE 19899-1347 |
| | Telephone: (302) 658-9200 |
| HUSCH BLACKWELL LLP | Facsimile: (302) 658-3989 |
| Marshall C. Turner | E-mail: dabbott@mnat.com |
| Caleb T. Holzaepfel |         mtalmo@mnat.com |
| 190 Carondelet Plaza, Suite 600 | |
| St. Louis, MI 63105 | -and- |
| 736 Georgia Ave., Suite 300 | |
| Chattanooga, TN 37402 | **HALPERIN BATTAGLIA BENZIJA, LLP** |
| | Alan D. Halperin, Esq. |
| *Attorneys for Ascent Health Services LLC* | Julie Dyas Goldberg, Esq. |
| | 40 Wall Street, 37th Floor |
| | New York, NY 10005 |
| | Telephone: (212) 765-9100 |
| | Facsimile: (212)765-0964 |
| | E-mail: ahalperin@halperinlaw.net |
| |         jgoldberg@halperinlaw.net |
| | |
| | *Attorneys for the Liquidation Trustee* |