**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

-------------------------------------------------------x
                                                     :

In re                                        :              **Chapter 11**

                                                       :

**INSYS THERAPEUTICS, INC.,** *et al.,*   **:**      **Case No. 19-11292 (KG)**

                                                       :

                 **Debtors.**[1]       **:**      **Jointly Administered**

                                                           :
-------------------------------------------------------x

### FIFTH QUARTERLY REPORT OF THE VRT TRUSTEE

1.      Carmin C. Reiss, the court-appointed trustee (the "Trustee") of the Insys Victims Restitution Trust (the "VRT" or "Trust"), hereby respectfully submits her Fifth Quarterly Report (the "Report") pursuant to section 8.01 of the Insys Victims Restitution Trust Agreement (the "VRT Agreement").[2]  This Report provides certain financial information of the VRT and an overview of the Trustee's work from January 1, 2021 through March 31, 2021 (the "Reporting Period").  Interim financial statements covering the Reporting Report are attached at **Exhibit A**.

### I.     BACKGROUND

1.      The VRT was formally organized as a Delaware statutory trust on February 13, 2020.  The Effective Date of the Plan occurred on February 18, 2020. *See* D.I. 1202.

2.      The Debtors and the Trustee executed the VRT Asset Transfer Agreement, effective February 18, 2020. By executing the VRT Asset Transfer Agreement, the Debtors transferred the Product Liability Insurance Rights and Product Liability Insurance Proceeds to the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659); Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT 355, LLC (0155).

[2]    Capitalized terms used herein but otherwise not defined shall have the meanings ascribed to them in the *Second Amended Joint Chapter 11 Plan of Liquidation of Insys Therapeutics, Inc. and Its Affiliated Debtors* (the "Plan") [D.I. 1095].

VRT. As described in the Plan and the VRT Agreement, the Product Liability Insurance Rights

and Product Liability Insurance Proceeds comprise the principal assets of the Trust.

3.      Shortly following formation of the VRT, and in accordance with the Plan, the VRT

received a transfer of $1,000,000.00 from the Debtors to fund the VRT Operative Reserve. The

Trust has placed the VRT Operating Reserve in two accounts at Citizens Bank, N.A. Most of the

VRT Operating Reserve is invested in an FDIC-insured money market account, with the remainder

held in a checking account to fund short-term operating expenses. Further information on the

financial activity of the VRT Operative Reserve during the Reporting Period is reflected in **Exhibit**

**A**. As required by the VRT Agreement, selected financial reporting will also be posted on the

Trust's website.

## II.    ACTIVITIES IN THE REPORTING PERIOD

4.      As the Court is aware, the extent to which Trust claimants will receive recoveries

depends on the VRT's success in monetizing the Product Liability Insurance Policies—the Trust's

principal asset.  To that end, the Trustee, together with her professionals and the VRT Board, has

developed a comprehensive strategy for monetizing the VRT Product Liability Insurance Policies

in an expeditious yet prudent manner.

5.      During the Reporting Period, the Trustee has continued to implement the VRT's

strategy for monetizing the Product Liability Insurance Rights.  As previously reported, insurance

counsel, at the Trustee's direction, has delivered demand letters to multiple carriers, and has been

engaged in active negotiation with various of the carriers, in regular consultation with the Trustee

and the VRT Board.  Confidentiality-based restrictions prohibit the public disclosure of additional

detail at this juncture.  The Trustee will apprise the Court of any meaningful developments, to the extent permitted, at the earliest practicable time.

6.     The Trustee has convened multiple telephonic meetings with the VRT Board throughout the Reporting Period. The VRT Board, together with insurance counsel, have played an integral and most helpful role in, among other workstreams, the development and implementation of the Trust's monetization strategy for the Product Liability Insurance Rights. The VRT Board's willingness to meet telephonically and through other web-based platforms has minimized delay that may have otherwise occurred as a result of the COVID-19 pandemic.

7.     The Trustee has also convened a number of video conferences with counsel for putative personal injury and wrongful death claimants.  These video conferences are intended to keep claimants informed, to the extent permissible under governing confidentiality agreements, on the VRT's progress, specifically as it relates to the projected timeline for compensating eligible VRT claimants.  The Trustee is grateful to the VRT Board for their assistance in facilitating these communications.

8.     The Trustee continues to monitor closely the Insys bankruptcy docket, specifically with respect to relief sought that may affect the VRT.  While the Trustee has engaged with individuals who have indicated interest in filing late claims against the VRT, no such relief was formally sought with the Court during the Reporting Period.

9.     The Trustee has commenced a detailed review of the claims register, specifically as it relates to "Class 9" Personal Injury Claims (as defined in the Plan).  Allowed Class 9 Claims are eligible for compensation from the VRT.  An initial review of the claims register indicates that approximately 80% of the claims classified as Class 9 were submitted after the Bar Date.  The Trustee intends to file omnibus claim objections seeking the Court's disallowance of these claims.

The Trustee has also identified a number of other claims that will be the subject of other non-substantive omnibus objections.  The Trustee, in consultation with the VRT Board, intends to engage counsel for the limited purpose of preparing and prosecuting these non-substantive omnibus claim objections.

10.     Finally, the Trustee and the ILT Trustee continue to closely collaborate on various issues, including the appropriate classification of unsecured claims, and explore opportunities to realize efficiencies between the two trusts.

## CONCLUSION

11.     Subject to the matters referred to above, the Trustee will continue to perform her responsibilities and duties consistent with the Plan and VRT Agreement and all other directives of this Court.


Dated: April 27, 2021



                                        Respectfully submitted,


                                        Carmin C. Reiss, Trustee
                                        Victims Restitution Trust