# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| INSYS THERAPEUTICS, INC., *et al.*, | Case No. 19-11292 (JTD) |
| Liquidating Debtors.[1] | (Jointly Administered) |
| | **Hearing Date: May 19, 2021 at 11:00 a.m. (ET)**<br>**Objection Deadline: May 12, 2021 at 4:00 p.m. (ET)** |

**MOTION OF THE LIQUIDATING TRUSTEE OF THE INSYS LIQUIDATION TRUST FOR ENTRY OF AN ORDER EXTENDING THE TIME TO OBJECT TO ALL CLAIMS**

William Henrich, in his capacity as liquidating trustee (the "Trustee") of the Insys Liquidation Trust (the "Liquidation Trust"), as successor in interest to the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby moves this Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) of 11 U.S.C. §§ 101-1532 (as amended and applicable herein, the "Bankruptcy Code") and Rules 3007 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the Administrative Claims Objection Deadline and Non-Administrative Claims Objection Deadline (both defined below) through and including January 28, 2022. In support of the Motion, the Trustee respectfully represents as follows:

## BACKGROUND

1. On June 10, 2019 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

---

[1] The Liquidating Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659), Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT 355, LLC (0155).

2. On June 20, 2019, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors in these Chapter 11 Cases (the "Committee"). No trustee or examiner has been appointed in these Chapter 11 Cases.

3. On January 16, 2020, this Court entered an order [Docket No. 1115] (the "Confirmation Order") confirming the *Second Amended Joint Chapter 11 Plan of Liquidation of Insys Therapeutics, Inc. and Its Affiliated Debtors* (the "Plan") in the Chapter 11 Cases.

4. On February 18, 2020 (the "Effective Date"), the Plan became effective in accordance with its terms and, in accordance with the Plan, Confirmation Order and that certain *Trust Agreement for Insys Liquidation Trust* (the "Trust Agreement"), certain assets[2] of the Debtors existing as of such date were transferred to and became vested in the Liquidation Trust, and William Henrich was appointed the Trustee of the Liquidation Trust.

5. In accordance with the Plan and the Trust Agreement, from and after the Effective Date, objections to various claims[3] may be prosecuted by the Trustee. *See e.g.,* Section 7.1 of the Plan.

6. Pursuant to the Confirmation Order and the Plan, the deadline to object to claims (other than Administrative Claims) (the "Non-Administrative Claims") is one-hundred eighty (180) days following the later of the (a) Effective Date and (b) the date that a proof of claim is filed or amended or on such later date as fixed by this Court (the "Non-Administrative Claims Objection Deadline"). *See* Section 7.1 of the Plan. Upon motion, an order was entered

---

[2] These assets include all assets of the Debtors other than (i) the VRT Operating Reserve, (ii) the Products Liability Insurance Rights, and (iii) any Interests held by Liquidating Debtors in other Liquidating Debtors, as defined in the Plan.

[3] Other than Personal Injury Claims (as defined in the Plan).

extending the Non-Administrative Claims Objection Deadline to February 16, 2021 [Docket No. 1353]. Upon further order, the Non-Administrative Claims Objection Deadline was further extended to August 31, 2021 [Docket No. 1468].

7. Pursuant to the Confirmation Order and the Plan, the deadline to file for unpaid claims arising between the Petition Date and through and including the Effective Date (the "Administrative Claims", together with the Non-Administrative Claims, the "Claims") is April 20, 2020 (the "Administrative Bar Date"). Under the Plan, objections to Administrative Claims are to be filed no later than one hundred-twenty (120) days after the Effective Date, or such other date may be fixed by the Bankruptcy Court. *See* Section 2.2 of the Plan (the "Administrative Claims Objection Deadline"). Given the foregoing, the Trustee's initial deadline to file objections to Administrative Expense Claims (other than Professional Fee Claims) was June 17, 2020. Upon motion, an order was entered extending the Administrative Claims Objection Deadline through and including December 17, 2020 [Docket No. 1337]. Upon further order, the Administrative Claims Objection Deadline was further extended to June 17, 2021 [Docket No. 1446].

8. To date, the Trustee has filed eleven (11) omnibus claims objections and has expunged approximately seven hundred fifty (750) claims. [Docket Nos., 1396, 1147, 1448, 1449, 1450, 1451, 1452, 1453]. Most recently, the Trustee filed two (2) substantive omnibus claim objections seeking to expunge approximately three hundred (300) claims (the "Pending Claim Objections") [Docket Nos. 1589 and 1590]. The Trustee's review of claims is ongoing, and the Trustee expects to file more substantive omnibus claim objections in the next month. The Trustee continues to actively evaluate hundreds of other claims and anticipates that more

claim objections will be filed as a result of that review. The Trustee has also been in active discussions to try to resolve certain other claims.

9. In the recent couple of months, the Liquidation Trust has commenced eighty-six (86) avoidance actions under §§547(b) and 550 of the Bankruptcy Code (the "Avoidance Actions") and expects to file more. The Trustee is also working on myriad other tasks he is charged with by the Trust.

10. Given the foregoing, the volume of work the Trustee is undertaking to analyze the thousands of claims in this case as well as other tasks he is charged with, and the reasons set forth below, the Trustee seeks to extend the Non-Administrative Claims Objection Deadline and the Administrative Claims Objection Deadline (together, the Claims Objection Deadline") to a unified date of January 28, 2022.

## JURISDICTION AND VENUE

11. The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and Sections VII and II of the Plan. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

12. The statutory predicate for the relief requested herein is Bankruptcy Code sections 105(a) and 502. Such relief is also warranted under Bankruptcy Rules 3007 and 9006 and Local Rule 9006-2.

13. The Trustee consents pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**RELIEF REQUESTED**

14.   By this Motion, the Trustee seeks entry of an order, substantially in the form attached hereto, pursuant to sections 102 and 105 of the Bankruptcy Code, Bankruptcy Rules 3007 and 9006 and Local Rule 9006-2, extending the Claims Objection Deadline through and including January 28, 2022.

15.   To date, over four thousand (4,000) proofs of claim aggregating approximately at least $10,800,000,000[4] have been filed. Since the Effective Date, the Trustee and his professionals have been diligently reconciling and reviewing claims, and have been in continuous discussions with claimants in an effort to consensually resolve such claims. Hundreds of claims have been resolved or expunged through the aforementioned omnibus motions and through discussions directly with claimants.

16.   Since the Trustee's last extension requests, the Trustee has reduced (or seeks to reduce) the number of asserted Administrative Claims by approximately seventy-five percent through settlement and the Pending Claim Objections. Specifically, through Pending Claim Objections, the Trustee and his professionals seek to disallow approximately: a) $20 million in asserted Administrative Claims, b) $20 million in asserted secured claims, c) $40 million in priority claims, and d) $1.4 million in general unsecured non-priority claims. Additionally, the Trustee and his professionals continue to discuss resolutions with certain holders of complex Administrative Claims and priority claims, and will only resort to filing formal objections if settlements cannot be achieved. The additional time will allow the parties to continue in these discussions and, hopefully, minimize or eliminate the need to waste judicial resources on claim objections.

---

[4] Upon information and belief, these figures do not include Personal Injury Claims and are subject to many unliquidated and contingent claims.

17. Due to the complexity of the claims and distribution processes in this case, the Trustee and his professionals have spent an extensive amount of time setting up and working on multiple tracks to review and reconcile certain classes of claims. As set forth under the Plan and related supplements, such processes require a comprehensive review of claims. The Trustee and his professionals have been and will continue to diligently and efficiently working through these processes.

18. In addition to the claims review process, the Trustee and his professionals have been working to liquidate and recover assets, including prosecuting the Avoidance Actions and evaluating other potential causes of action, liquidating assets, following-up on asset sales from the Chapter 11 cases, addressing lawsuits that continue to be filed across the country, responding to creditor inquiries, and attending to Trust administration, among other things.

19. Given the competing demands and the sheer volume of Claims filed in these cases, the Trustee believes he will require more time than he currently has in order to review, conduct due diligence and object, if necessary, to all Claims. Lastly, as expected, efforts to review and reconcile claims have been further complicated by the general business disruption caused by the Coronavirus pandemic that has, at times, effectively shut down large segments of the country and complicated work in general. Given the complexity of the Plan and Claims filed along with the unanticipated complications created by the current pandemic, the Trustee will require more time to review, analyze and if necessary, object to the Claims.

## APPLICABLE AUTHORITY

20. Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or order of the Court, except for time periods provided under certain Bankruptcy Rules that are not applicable here. *See* Fed. R. Bankr. P. 9006(b).

21.     Bankruptcy Code section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  In addition, it is generally recognized that "[s]ection 105(a) authorizes the bankruptcy court, or the district court sitting in bankruptcy, to fashion such orders as are required to further the substantive provisions of the Code." *See In re Morristown & E. R. Co.*, 885 F.2d 98, 100 (3d Cir. 1989) (citing COLLIER ON BANKRUPTCY, ¶ 105.04 at 105-15 & n. 5 (15th rev. ed. 1989)).  Moreover, the Confirmation Order provides that the Claims Objection Deadline may be extended to a date as designated in a final order of this Court.

22.     In this instance, sufficient cause exists to extend further the Non-Administrative Claims Objection Deadline and the Administrative Claims Objection Deadline.  The requested extension of time will provide the Trustee the opportunity to continue its claims review and analysis, object to Claims that are factually and legally unsupportable, and attempt to negotiate the resolution of such objections.  Creating a unified date for both the Non-Administrative Claims Objection Deadline and Administrative Claims Objection Deadline will streamline the process, lessen Trust's administrative burdens, and avoid multiple applications to the Court.

## **NOTICE**

23.     Notice of this Motion has been given to the Office of the United States Trustee and any other party entitled to notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Trustee submits that no further notice is required.

## **CONCLUSION**

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, extending the Claims Objection Deadline through and including January 28, 2022 and granting to the Trustee such other and further the relief as is just and proper.

Dated: May 3, 2021

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Matthew O. Talmo*
Derek C. Abbott (No. 3376)
Matthew O. Talmo (No. 6333)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
dabbott@morrisnichols.com
mtalmo@morrisnichols.com

-and-

**HALPERIN BATTAGLIA BENZIJA, LLP**
Alan D. Halperin
Scott A. Ziluck
Ligee Gu
40 Wall Street, 37th Floor
New York, NY 10005
Telephone: (212) 765-9100
Facsimile: (212) 765-0964
ahalperin@halperinlaw.com
sziluck@halperinlaw.com
lgu@halperinlaw.com

*Counsel to the Trustee of the Insys Liquidation Trust*