# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| INSYS THERAPEUTICS, INC., *et al.*, ) | Case No. 19-11292 (JTD) |
| ) | (Jointly Administered) |
| Liquidating Debtors. ) | |
| ) | |
| ) | |
| INSYS LIQUIDATION TRUST, by and through ) | |
| WILLIAM HENRICH, as LIQUIDATING ) | |
| TRUSTEE, ) | |
| ) | Adversary No. 21-50359 (JTD) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| QUINN EMANUEL URQUHART & ) | |
| SULLIVAN, LLP, ) | |
| Defendant. ) | **Re: D.I. 12** |

## OPINION AND ORDER

The Insys Liquidating Trustee (the **"Trustee"**) commenced this action to avoid and recover allegedly preferential and fraudulent transfers.[1] Defendant, Quinn Emanuel Urquhart & Sullivan, LLP (**"Quinn Emanuel"**), moved to dismiss[2] pursuant to Federal Rules of Civil Procedure 8 and 12, made applicable by Federal Rules of Bankruptcy Procedure 7008 and 7012. For the reasons set forth below, the Motion is denied in part and granted in part.

## BACKGROUND

Debtors were a specialty pharmaceutical company that developed and commercialized certain drugs and novel drug delivery systems for targeted therapies. The Debtors filed for Bankruptcy on June 10, 2019.[3] On April 20, 2021, the Trustee filed the Complaint asserting six

---

[1] Adv. D.I. 1 (**"Complaint"**).
[2] Adv. D.I. 12 (**"Motion"**); Adv. D.I. 13 (**"Opening Brief"**).
[3] D.I. 1

causes of action that seek to recover transfers made by debtor Insys Therapeutics, Inc. to Quinn Emanuel on March 22, 2019, and May 22, 2019, totaling $ 90,232.33.[4] Quinn Emanuel moved to dismiss all counts.  The Trustee consented to the dismissal of Counts III through VI.  I will therefore address only Counts I and II.

## LEGAL STANDARD

This Motion is brought under Rules 8(a) and 12(b)(6).  Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a).  This statement must provide defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 45 (1957).

A Rule 12(b)(6) motion challenges the sufficiency of the factual allegations in the complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The court must draw all reasonable inferences in favor of the plaintiff. *See, e.g., Alpizar-Fallas v. Favero,* 908 F.3d 910, 914 (3d Cir. 2018).  On a motion to dismiss, "[t]he defendant bears the burden to show that the plaintiff's claims are not plausible." *In re LSC Wind Down, LLC*, 610 B.R. 779, 783 (Bankr. D. Del. 2020).

---

[4] Preference Schedule, attached to Complaint at *11 (**"Preference Schedule"**).

In weighing a motion to dismiss, the court should undertake a three-part analysis. "First, the court must take note of the elements needed for a plaintiff to state a claim." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citing *Iqbal*, 556 U.S. at 675). Second, the court must separate the factual and legal elements of the claim, accepting all the complaint's well-pled facts as true and disregarding any legal conclusions. *Id.*; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 679). Third, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. *Santiago*, 629 F.3d at 130.

## DISCUSSION

I. **Count I: 11 U.S.C. § 547(b)**

The first cause of action seeks to avoid the Transfers as preferential under Section 547 of the Bankruptcy Code, which provides that the Trustee may avoid:

> Any transfer of an interest of the debtor in property –
>
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
>  (A) on or within 90 days before the date of the filing of the petition;
>  (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if –
>  (A) the case were a case under chapter 7 of this title
>  (B) the transfer had not been made; and
>  (C) such creditor received payment of such debt to the extent provided by the provisions of this title

11 U.S.C. § 547. Quinn Emanuel argues that the Complaint fails to state a claim under section 547 in several respects. First, it does not include facts that would identify what antecedent debt

was being satisfied or that it was even a creditor of the Debtor. Instead, Quinn Emanuel argues, the Complaint merely includes the generic conclusion that

> The transfers were made on account of the Transferring Debtor's purchases, on an unsecured basis, of services and/or goods from Defendant. Such goods and/or services were provided by Defendant to the Transferring Debtor on or before the invoice date indicated on the annexed exhibit, and before the corresponding Transfer was made.

Similarly, Quinn Emanuel argues the Complaint contains no facts demonstrating that it received more than it would have received in a chapter 7 liquidation. Instead, the Complaint merely quotes the statute.

Last, Quinn Emanuel argues that the Complaint fails to include sufficient allegations to satisfy section 547's requirement that the trustee plead factual allegations that would support the conclusion that he conducted reasonable due diligence regarding the claims prior to filing the Complaint.

The Trustee responds that he has satisfied the pleading requirements for a claim under section 547 because the Preference Schedule attached to the Complaint provides the necessary details regarding the Transfers. He further argues that while section 547 may require him to plead due diligence, he is not required to plead around a defendant's possible defenses.

### A. The Traditional Elements of § 547

To survive a motion to dismiss, a claim for a preferential transfer under section 547 must include the following information: "(a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date, (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer." *In re MCG Limited P'ship*, 545 B.R. 74, 82 (Bankr. D. Del. 2016) confirming continued validity, post-*Twombly*, of *In re Valley Media, Inc.*, 288 B.R. 189 (Bankr. D. Del. 2003)).

Applying these standards, I find that the Complaint plausibly alleges a transfer from the debtor to a creditor on account of an antecedent debt. In support of its argument that the pleading requirements are not met, Quinn Emanuel relies on *In re Liquid Holdings Group*, in which the Court granted a motion to dismiss in part because it alleged the debt was for "supplying goods and/or services" without any further elaboration. *In re Liquid Holdings Group*, Case No. 16-10202, Adv. Pro. No. 18-50151, 2018 WL 6841351 at *3 (Bankr. D. Del. Nov. 14, 2018) (also dismissing for failure to plausibly allege that the return was greater than that in a hypothetical chapter 7).[5] While the text of the Complaint here is similarly bare, the annexed Preference Schedule identifies additional information including: payor and payee; payment amount; payment date; check number; as well as the date of; number of; and amount due on underlying invoices from Quinn Emanuel.[6] This is sufficient to satisfy the requirement to plead a transfer on account of an antecedent debt.

Next, I find that the Complaint also adequately alleges that Quinn Emanuel was a creditor of the Debtors. The Preference Schedule attached to the Complaint shows that debtor Insys Therapeutics, Inc. paid Quinn Emanuel in response to invoices they issued. This creates a plausible basis to conclude that Quinn Emanuel was a creditor.

I also find that the Complaint plausibly alleges that the transferee would have received less in a hypothetical chapter 7. This Court has previously noted that, regarding the pleading standard, this element "is perhaps the easiest to satisfy." *In re Anderson News, LLC*, Case No. 09-10695, Adv. No. 11-53979, 2012 WL 3638785 at *3 (Bankr. D. Del. Aug. 22, 2012). Here, the Trustee alleges that, absent the alleged preferential transfer, Defendant would have been an

---

[5] *Compare with* Complaint at ¶ 14.
[6] Preference Schedule.

unsecured creditor with claims based on the underlying invoices.[7] Particularly given that this is a case with a post-plan liquidating trust, it is plausible that, in a hypothetical chapter 7, general unsecured creditors would not have been paid in full.

### B. Due Diligence

In its most recent modification of § 547, in connection with The Small Business Reorganization Act of 2019, Pub. L. No. 116-54 § 3(a), Congress added the following underlined language into § 547(b):

> the trustee may, <u>based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c)</u>, avoid any transfer of an interest of the debtor in property—

11 U.S.C. § 547(b) (emphasis added). Quinn Emanuel asserts that this language creates a new element in a preference claim, relying on *In re ECS Refining, Inc.*, where the Bankruptcy Court for the Eastern District of California reached that conclusion. *See In re ECS Refining, Inc.*, 625 B.R. 425, 454 (Bankr. E.D. Cal. 2020) ("This court believes that this condition precedent, i.e., due diligence and consideration of affirmative defenses, is an element of the trustee's prima facie case"). While it is worth noting that others have suggested that a different conclusion than that reached by the *ECS Refining* Court may be warranted regarding due diligence constituting a new element of a section 547 claim,[8] because I find that the Trustee here has adequately pled due diligence, I do not need to rule on the issue to resolve the Motion and I decline to do so.

---

[7] Complaint ¶ 15."

[8] *See Sommers v. Anixter, Inc. (In re: Trailhead Engineering LLC)*, Case No. 18-32414, Adv. No. 20-3094, 2020 WL 7501938 at *6 (Bankr. S.D. Tex. Dec. 21, 2020) ("While the Court need not determine today whether 'reasonable due diligence' is an element of any preference claim, a plain reading of the statute references due diligence 'in the circumstances of the case' meaning that a level of discretion is involved."); 5 COLLIER ON BANKRUPTCY ¶ 547.02A (16th ed. 2020) ("[I]t is unclear whether the 'reasonable due diligence' requirement is an element of the preference claim.").

The court in *ECS Refining* found a failure to plead due diligence on two grounds: (1) the trustee's complaint did not meet the pleading standard, generally; and (2) the trustee did not "recite the efforts she undertook to evaluate the merits" of the action and affirmative defenses. *Id.* at 458.  The facts in *ECS Refining* are distinguishable from those before me.  Here, unlike in *ECS Refining*, I find that the Complaint does meet the pleading standard, generally, as discussed above.  Moreover, the Trustee pleads sufficient facts regarding the due diligence he conducted.[9] While Quinn Emanuel may have preferred more, there is no requirement that a plaintiff plead around potential affirmative defenses. *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 277 (3d Cir. 2004) ("[A]n affirmative defense may not be used to dismiss a plaintiff's complaint under Rule 12(b)(6).").  For these reasons, the Motion is denied with respect to Count I.

## II. Count II: 11 U.S.C. § 548

The Complaint's second cause of action seeks to avoid the Transfers pursuant to Section 548 of the Bankruptcy Code, which provides:

> The trustee may avoid any transfer… of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily - -
>
> (A)  made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
>
> (B)
> > (i)   Received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> >
> > (ii)

---

[9] Complaint ¶¶ 16–17 (alleging that the Trustee sent a letter to Quinn Emanuel demanding return of the Transfers and inviting Quinn Emanuel to advise the Trustee of its defenses, and further alleging that to the extent any defenses were presented, they have been taken into account by the Trustee, in conjunction with the Trustee's review of the Debtors' books and records).

> (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or (IV) made such transfer to or for the benefit of an insider . . . .

11 U.S.C. § 548(a).  Defendants argue that the allegations related to this claim fail to meet the pleading requirements of Rule 8(a) because they merely parrot the elements of the statute and do not contain any factual allegations with respect to insolvency, reasonably equivalent value, unreasonably small capital, or the Debtors' intent to incur debts beyond their ability to pay.

In response, the Trustee argues that he has adequately pled the requirements for constructive fraud. In support of this position, he first points out that the Transfers were made within two years of the Petition Date.  He next points to allegations that reasonably equivalent value was not received because "the Transferring Debtor was not the Debtor who incurred the debt,"[10] and argues that the question of reasonably equivalent value is one for the discovery process, not a motion to dismiss, citing *In re FAH Liquidating Corp.*, 572 B.R. 117, 127 (Bankr. D. Del. 2017) ("the issue of 'reasonably equivalent value is a fact intensive determination that typically requires testing through the discovery process.'") (quoting *In re Charys Holding Co.*, 443 B.R. 628, 638 (Bankr. D. Del. 2010)).  I disagree with the Trustee's characterizations of the law.

Although the Trustee is correct that the question of whether reasonably equivalent value was received by a debtor in a particular transaction is one that cannot be resolved at the motion to dismiss stage, he still must allege some facts that would ultimately support a finding regarding

---

[10]  Complaint ¶ 31.

8

the lack of reasonably equivalent value. Though the Trustee states in conclusory fashion that the debtor who made the transfer here was not the same as the debtor who incurred the debt, there are no facts alleged in the Complaint that support that conclusion. The Complaint references only the "Transferring Debtor" generically. While the exhibit to the Complaint shows that Insys Therapeutics, Inc. made the transfer there is no mention anywhere of which debtor incurred the debt.

Further, the Trustee does not plausibly allege insolvency at the time of the Transfers. As Quinn Emanuel notes, unlike in § 547 there is no presumption of insolvency during the lookback period under § 548. Therefore, a plaintiff seeking to avoid transfers under § 548 must allege facts that would either support a finding that the debtor was insolvent at the time of the transfer or that it became insolvent on account of the transfer. *See In re Troll Commc'ns, LLC*, 385 B.R. 110, 123-24 (Bankr. D. Del. 2008) (finding that insolvency was adequately pled when the plaintiff alleged facts showing that debtors' liabilities exceeded their assets during the year before bankruptcy). Here, no such facts were alleged. Again, the complaint merely recites the language of the statute. This is not enough under Rule 8(a)(2).

For these reasons, Count II of the Complaint must be dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's motion to dismiss as to Count I of the Complaint is **DENIED**.

2. Defendant's motion to dismiss as to Count II of the Complaint is **GRANTED**, without prejudice and with leave to amend.

Dated: October 28, 2021

_____
JOHN T. DORSEY, U.S.B.J.